ORAL ARGUMENT NOT YET SCHEDULED

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| AMERICAN PUBLIC HEALTH ASSOCIATION, *et al*.,<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and LEE ZELDIN, Administrator, U.S. Environmental Protection Agency,<br><br>Respondents. | No. 26-1037 (and consolidated cases) |

**REPLY IN SUPPORT OF MOTION TO COMPLETE
THE ADMINISTRATIVE RECORD**

**INTRODUCTION AND SUMMARY OF ARGUMENT**

In its Opposition, EPA admits or fails to explain multiple irregularities in its certified Administrative Record, while asking the Court and litigants to trust that nothing needs correcting. EPA concedes its staff were working on the Response-to-Comments document after the Administrator's final decision, but insists, without evidence or elaboration, that "[n]othing here comes close to *post hoc* rationalization." EPA Opp. 11. EPA asserts it dropped major pieces of the proposed rule based on arguments included in September 2025 comments, but implausibly maintains that later comments bolstering those arguments with new revelations and evidence played no part in shaping the final rule.

EPA's arguments sideline foundational administrative law principles in favor of strained readings of the Clean Air Act and extra-record assurances about what it did, or did not, consider. But the task at hand is not to decide on the merits whether errors in the record—including the procedural irregularities they obscure—infect the final rule, but to ensure that the record contains the materials needed for the parties to brief, and the Court to decide, that question. And EPA's sideshow effort to paint Petitioners' motion as a delay tactic ignores Petitioners' diligent efforts both to resolve record disputes out of court, *see* Hoshijima Dec. ¶¶6-40, ECF No. 2174286 App. 1, and to prompt EPA action on long-pending

reconsideration petitions to promote efficient litigation, *see* Exhs. to ECF Nos. 2169080 & 2169572.

This Court should order completion of the record with the correct Response-to-Comments document and the supplemental comments so the matter can proceed to merits briefing on the full record central to this rulemaking.

## ARGUMENT

I. **EPA Must Recertify the Administrative Record with the Version of the Response-to-Comments Document that Was Before the Administrator at the Time of His Decision.**

"EPA made a final decision[,] then announced that decision and finished up the Response to Comments later that day." EPA Opp. 10-11. Making a decision and working on the explanation "later" is textbook post hoc rationalization. The agency must complete the record with the Response-to-Comments document in existence at the actual time—not *roughly* the time—of the Administrator's decision. Mot. 13-16.

EPA claims "[n]othing here comes close to *post hoc* rationalization" because it finalized the Response-to-Comments document "mere *hours* after the Rule was initially posted online." EPA Opp. 10-11; *see also* Intervenor Opp. 7. But the Administrator confirmed the Rule was signed well before it was posted. Mot. 1, 9. And hours after is still after. Indeed "mere hours" may be significant in this Administration, which boasts it can "[a]nalyze [and] respond to 100,000+

2

comments" in minutes. U.S. Dep't of Gov't Efficiency, *DOGE Deregulation Opportunity* 8 (July 1, 2025), *available at* https://tinyurl.com/bdzxemuf.

EPA staff may have made only nonsubstantive tweaks during that time, but the United States has repeatedly declined Petitioners' requests to so confirm. Hoshijima Decl. ¶¶15-18. The only way to be sure is for EPA to disclose the version that was current when the Administrator made his final decision. If the two versions are identical, disclosure cannot prejudice EPA; if they differ, EPA cannot rely on post-decisional responses to shore up its prior action.

None of EPA's authorities (Opp. 11) softens the general prohibition on post hoc rationalization or carves out a same-day grace period. In *Steel Point Solutions, LLC v. United States*, the court simply rejected the argument that a rationalization issued twelve days after a *draft* action, but on the same day as the final action, was post hoc. 180 Fed. Cl. 463 (2026). Here, EPA worked on the Response-to-Comments document after *final* action. And EPA's stance is harmed, not helped, by the Supreme Court's insistence that its review of agencies' reasoning be limited to "contemporaneous explanations for agency action." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.* 591 U.S. 1, 23 (2020). A "contemporaneous" explanation "exist[s] at the same time" as a final action. *Contemporaneous*, Black's Law Dictionary (12th ed. 2024). Here, EPA concedes that the certified Response-to-Comments document did not exist at the time of final action. As in

3

*Regents*, EPA's "problem is the timing," and there can be no "cutting corners." 591 U.S. at 23-24.

EPA argues that Clean Air Act Section 307(d)(6)(C) allows the agency to include post hoc rationalizations that it places in the rulemaking docket by the date, not the time, the rule is signed and announced.[1] Not so.

Section 307(d)(6)(C) does not speak to the contents of "[t]he record for judicial review." 42 U.S.C. § 7607(d)(7)(A). Instead, that section describes the independent requirement that a rule "may not be based" on material that "has not been placed" in the docket by the date of promulgation, thus *narrowing*, not expanding, the universe of record material on which EPA may rely. *Id.* § 7607(d)(6)(C). EPA reads Section 307(d)(6)(C) to say the inverse: that EPA's rule *may be based* on any material that *has been placed* in the docket by midnight on the relevant date. Opp. 7-8. But that is not what Congress said, nor does it follow from the statutory text. Indeed, the Clean Air Act only allows one version of the Response-to-Comments document in the "the record for judicial review," 42 U.S.C. § 7607(d)(7)(A)—the version that "accompanied" the Administrator's final

---

[1] Intervenors argue the relevant date is that of Federal Register publication. Opp. 4-7. But "'the date of such promulgation' in Section 307(d)(6)(C) means the date that the rule is signed and released to the public." *Am. Petroleum Inst. v. Costle*, 609 F.2d 20, 24 (D.C. Cir. 1979).

decision, *id.* § 7607(d)(6)(B); *see Accompany*, Am. Heritage Dict. 8 (1st ed. 1969) ("to coexist or occur with").

Nor does EPA's interpretation of Section 307(d)(6)(C) make sense. A final action cannot be "based on" comment responses that did not exist when the action occurred. Even a "lenient" reading of the phrase "based on" would mean that EPA's final action "would not have occurred in the absence of" these responses. *EPA v. Calumet Shreveport Refining, LLC*, 145 S.Ct. 1735, 1750 (2025) (cleaned up) (discussing "based on" in Section 307(b)(1)). Section 307(d)(6)(C) therefore confirms the record must be limited to "reasoning ... available to EPA at the time the decision was being made." *Am. Petroleum Inst. v. Costle*, 609 F.2d 20, 23 (D.C. Cir. 1979) (discussing purpose of Section 307(d)(6)(C)).

EPA thus lacks support for its claim that the Clean Air Act supersedes common law administrative law principles codified in the Administrative Procedure Act, *cf. Make the Road New York v. Mullin*, 2026 WL 1792978, at *10 (D.C. Cir. June 23, 2026), including requirements that fix "the cutoff for record documents" at the *time*, not the date, of final action. EPA Opp. 9. *See Walter O. Boswell Memorial Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984) ("To review more than the information before the Secretary at the time she made her decision risks...allowing them to take advantage of post hoc rationalizations.").

5

Finally, contrary to EPA's claim (Opp. 11), EPA's own record guidance affirms that the Clean Air Act does not cast aside those principles. Mot. 14. The guidance applies the same record-cutoff requirement to "all rules": both "rules under [Clean Air Act Section] 307(d)" *and* "other rules." *EPA's Action Development Process; Creating and Managing Dockets: Frequently Asked Questions* 20 (Oct. 2011), https://perma.cc/5RH9-4UM6. The Clean Air Act does not change the game.

Accordingly, the Court should compel EPA to disclose and complete the record with the Response-to-Comments document current at the time of Administrator Zeldin's final decision.

## II.    EPA Must Recertify the Administrative Record with Petitioners' Supplemental Comments.

As explained in Petitioners' motion—and as accepted by EPA, if not respondent-intervenors[2]—comments received after the comment period are part of the administrative record when EPA determines they are "of central relevance to the rulemaking." 42 U.S.C. § 7607(d)(4)(B)(i); *see also id*. § 7607(d)(7)(A). The record reflects that the supplemental comments submitted by both the Environmental Defense Fund and State and Local Governments so qualify.

---

[2] Intervenors' suggestion (Opp. 8-9) that late comments may never be included in the record contravenes the text of Section 307 and is inconsistent with EPA's position.

Turning first to Environmental Defense Fund, EPA claims the final rule does not rely on the Climate Working Group report, and therefore EPA is not bound by its statements in prior litigation. Opp. 18-19. But the final rule retains many of the same dubious scientific claims from the proposed rule that cited the report. Mot. 8. More fundamentally, the task at this stage of the case is not to decide whether EPA's claim is true, but to ensure that parties are able to fully brief the issues on the merits based on a complete record. EPA has failed to rebut its past representations that the Climate Working Group's legality is relevant to the present rulemaking, and EPA is estopped from arguing otherwise now. Mot. 18-21.[3]

The State and Local Governments' supplemental comment is also centrally relevant because it relates to EPA's abandonment of Appendix B of the Draft Regulatory Impact Analysis. Mot. 21-22. EPA's rebuttal rests on its assertion (Opp. 14-15) that the State and Local Governments' earlier comment raised the same issue, but that comment objected only to EPA outsourcing Appendix B to the Office of Management and Budget. The supplemental comment objected to Appendix B being authored by a *private citizen* in violation of federal law—a

---

[3] Intervenors argue (Opp. 13-15) that the criteria for *equitable* estoppel are not met, but Petitioners have invoked *judicial* estoppel, a separate doctrine. Mot. 19-20. There is no question that judicial estoppel runs against sovereigns, *see New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001), and the United States has not argued otherwise.

concern EPA conspicuously fails to dispute. *Compare* Supplemental Comments of Massachusetts et al., EPA-HQ-OAR-2025-0194-28396, at 3-6, *with* Vehicles Comments of California et al., EPA-HQ-OAR-2025-0194-2974, at 130. The supplemental comment also highlighted Appendix B's adoption of that private citizen's research and identified new legal and ethical concerns raised by Appendix B's reliance on that research. EPA-HQ-OAR-2025-0194-28396, at 3-6. Those flaws are far more specific and egregious than the irregularity suggested in the earlier comment. EPA's assertion that it abandoned Appendix B only because of the earlier comment is thus implausible.

EPA's effort to minimize the supplemental comments only underscores their central relevance to the rulemaking. EPA now admits it excised the Climate Working Group's report from the final rule "in light of" evidence that the Group violated federal law. *See* EPA Opp. 16; *compare* 91 Fed. Reg. 7686, 7691 n.8 (Feb. 18, 2026) (referencing unidentified "concerns" about the Group). Likewise, the final rule provided no explanation for dropping Appendix B, but EPA now acknowledges it did so "[b]ased on" allegations the Appendix was authored by "someone outside the agency." Opp. 14-15. Those are the very allegations raised in the supplemental comments of the Environmental Defense Fund and State and Local Governments, respectively.

8

To be clear, a party need not show a comment actually influenced the outcome of the final rule to show it is centrally relevant "to the rulemaking." 42 U.S.C. § 7607(d)(4)(B)(i); *see* Mot. 16 n.12. But here, Petitioners have made a prima facie case—through record citations and EPA's representations in federal court, not a "mish mash of vague words," EPA Opp. 16—that EPA not only treated the supplemental comments as centrally relevant but actually altered the final rule based on them. *See Bazzi v. Gacki*, 2020 WL 5653599, at *5 (D.D.C. Sep. 23, 2020); *cf. Estate of Insinga by Gilmore v. Comm'r of Internal Revenue,* 149 F.4th 709, 723 (D.C. Cir. 2025). EPA admitted it reviewed the supplemental comments. Mot. 22. The agency now admits it shaped the final rule based on the very objections that those supplemental comments discussed with new detail and evidence. Opp. 14. And the record provides no concrete, alternative explanation for dropping those sections of the proposal. *See* Mot. 22. In the absence of a contemporaneous counter-explanation, the presumption of regularity is no obstacle to finding that EPA did, in fact, consider the supplemental comments. *See Public Empls. for Env't Resp. v. EPA*, 2026 WL 571217, at *2-3 (D.D.C. Mar. 2, 2026) (presumption can be overcome by "concrete evidence" showing "reasonable, non-speculative grounds" to believe agency considered document (cleaned up)).[4]

---

[4] Because the supplemental comments meet the standard for a motion to complete the record, Intervenors' invocation (Opp. 11-12) of the separate standard for when

Also unavailing is EPA's claim (Opp. 12) that Section 307 gives the agency "discretion" to determine whether a late comment is centrally relevant. Well and good, but that determination need not be a formal written finding.[5] When EPA *does* so determine—here, by dropping major analyses from the rule in response to significant flaws raised in supplemental comments—it must include those supplemental comments in the record. EPA points to no evidence indicating Congress intended Section 307 to give the agency unreviewable authority to unilaterally shield probative material from judicial review. *See Public Empls. for Env't Resp.*, 2026 WL 571217, at *2-3; *Bazzi,* 2020 WL 5653599, at *5.

Nor do Petitioners rely on any hypothesized "secret" relevance determination (*contra* EPA Opp. 12), but on EPA's actions and statements about how it conducted the rulemaking. Petitioners have made out a prima facie case that EPA reshaped the rule based at least in part on the supplemental comments. Far

---

a court may supplement the record and consider extra-record materials is, again, inapposite.

[5] EPA does not point to—and Petitioners are unaware of—any past practice of making formal findings before including materials that postdate the comment period in the record, including for the multiple post-comment-period documents in the certified record for this case. *E.g*., EPA-HQ-OAR-2025-0194-31062; EPA-HQ-OAR-2025-0194-31075; *see generally* 42 U.S.C. § 7607(d)(4)(B)(i) (subjecting late comments and other late documents to same central-relevance standard).

from rebutting that inference, EPA simply insists—based on post hoc representations—that Petitioners are wrong.

Also flawed is EPA's attempt (Opp. 19-20) to take refuge in the harmless error merits standard by claiming Petitioners already "got what they wanted" when EPA cut Appendix B and references to the Climate Working Group report in the final rule. EPA is incorrect. Petitioners' goal is the judicial proceeding to which the Clean Air Act entitles them: one in which the parties and the Court may draw on all materials that comprise the record when briefing and resolving the case—including comments that speak to serious procedural errors that may infect the final rule. The Court thus should order EPA to recertify the record to include the supplemental comments.[6]

---

[6] At minimum, this Court should lodge the supplemental comments as part of the judicial docket and permit the parties to cite them in briefing, as it has done in past Section 307 cases where late-emerging materials may be relevant to judicial review. *See Sierra Club v. Costle*, 657 F.2d 298, 389 n.450 (D.C. Cir. 1981); *Lead Indus. Ass'n v. EPA*, 647 F.2d 1130, 1183 (D.C. Cir. 1980).

**CONCLUSION**

For the foregoing reasons, the Court should order EPA to complete the administrative record to include the correct Response-to-Comments document and the supplemental comments no later than seven days before proposed briefing schedule and format orders are due.

Dated: June 29, 2026                                     Respectfully Submitted,

**COMMONWEALTH OF**                          **STATE OF CALIFORNIA**
  **MASSACHUSETTS**                                ROB BONTA
ANDREA JOY CAMPBELL                          ATTORNEY GENERAL
ATTORNEY GENERAL

*/s/ Turner H. Smith*                                     */s/ Theodore McCombs*
TURNER H. SMITH                                 NATALIE COLLINS
Deputy Bureau Chief                              MICAELA HARMS
JULIA JONAS-DAY                                 MADISON LANE
NATHANIEL HAVILAND-                        THEODORE MCCOMBS
  MARKOWITZ                                         CAITLAN MCLOON
Assistant Attorneys General                    Deputy Attorneys General
HANNAH PERLS                                    600 W. Broadway, Ste. 1800
Special Assistant Attorney General         San Diego, CA 92101
Energy and Environment Bureau            (619) 738-9000
Office of the Massachusetts Attorney     Natalie.Collins@doj.ca.gov
  General                                                  Micaela.Harms@doj.ca.gov
One Ashburton Place, 18th Fl.                Madison.Lane@doj.ca.gov
Boston, MA 02108                                 Theodore.McCombs@doj.ca.gov
(617) 963-2782                                       Caitlan.McLoon@doj.ca.gov
Turner.Smith@mass.gov
Julia.Jonas-Day@mass.gov
Nathaniel.Haviland-
Markowitz@mass.gov
Hannah.Perls@mass.gov

**STATE OF NEW YORK**
LETITIA JAMES
ATTORNEY GENERAL

*/s/ Morgan A. Costello*
MORGAN A. COSTELLO
Deputy Bureau Chief
YUEH-RU CHU
Chief, Affirmative Litigation Section
ASHLEY M. GREGOR
NATHAN B. SHULOCK
Assistant Attorneys General
Environmental Protection Bureau
ANTHONY R. RADUAZO
Assistant Solicitor General
NYS Office of the Attorney General
The Capitol
Albany, NY 12224
(518) 776-2392
Morgan.Costello@ag.ny.gov
Yueh-ru.Chu@ag.ny.gov
Ashley.Gregor@ag.ny.gov
Nathan.Shulock@ag.ny.gov
Anthony.Raduazo@ag.ny.gov

**STATE OF CONNECTICUT**
WILLIAM TONG
ATTORNEY GENERAL

*/s/ Matthew I. Levine*
MATTHEW I. LEVINE
Deputy Associate Attorney General
SCOTT N. KOSCHWITZ
WILLIAM E. DORNBOS
Assistant Attorneys General
JESSICA GIBREE
Special Assistant Attorney General
Office of the Attorney General
165 Capitol Avenue
Hartford, CT 06106
(860) 808-5250
Matthew.Levine@ct.gov
Scott.Koschwitz@ct.gov
William.Dornbos@ct.gov
Jessica.Gibree@ct.gov

*Additional counsel for State and Local Government Petitioners in Case Nos. 26-1061 & 26-1090 are listed below*

13

/s/ *Chloe H. Kolman*
CHLOE H. KOLMAN
MEGAN M. HERZOG
SEAN H. DONAHUE
KERI R. DAVIDSON
Donahue, Goldberg, Herzog &
  Davidson
1008 Pennsylvania Ave., SE
Washington, D.C.  20003
(202) 372-5270 (Kolman)
chloe@donahuegoldberg.com
megan@donahuegoldberg.com
sean@donahuegoldberg.com
keri@donahuegoldberg.com

VICKIE L. PATTON
PETER ZALZAL
ALICE HENDERSON
STEPHANIE JONES
RYLAND SHENGZHI LI
Environmental Defense Fund
2060 Broadway St., Ste. 300
Boulder, Colorado 80302
(303) 447-7214
vpatton@edf.org
pzalzal@edf.org
ahenderson@edf.org
sjones@edf.org
ryli@edf.org

*Counsel for Petitioner Environmental
  Defense Fund*

/s/ *Rachel Heron*
RACHEL HERON
JOSEPH BRAU
DAVID DONIGER
JULIA FORGIE
MEREDITH HANKINS
ATID KIMELMAN
GAVIN MCCABE
GLENDA VALDEZ
ABIRAMI VIJAYAN
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, D.C. 20005
(202) 836-9329 (Heron)
rheron@nrdc.org
jbrau@nrdc.org
ddoniger@nrdc.org
jforgie@nrdc.org
mhankins@nrdc.org
akimelman@nrdc.org
gmccabe@nrdc.org
gvaldez@nrdc.org
avijayan@nrdc.org

*Counsel for Petitioner Natural
  Resources Defense Council*

*Additional counsel for Petitioners in Case No. 26-1037 are listed below*

14

*/s/ Tsuki Hoshijima*
TSUKI HOSHIJIMA
ELENA S. GOLDSTEIN
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
thoshijima@democracyforward.org

*Counsel for Petitioner Service*
  *Employees International Union*

*/s/ Meghan E. Greenfield*
MEGHAN E. GREENFIELD
ELIZABETH B. DEUTSCH
ELIZABETH H. STARR
MAURA E. SMYLES
Jenner & Block LLP
1099 New York Ave., NW, Suite 900
Washington, DC 20001
(202) 639-6000
mgreenfield@jenner.com
edeutsch@jenner.com
estarr@jenner.com
msmyles@jenner.com

*Counsel for Petitioner Zero Emission*
  *Transportation Association*

**STATE OF ARIZONA**
KRISTIN K. MAYES
ATTORNEY GENERAL

*/s/ Kirsten Engel*
KIRSTEN ENGEL
Special Attorney General
MARY M. CURTIN
Senior Litigation Counsel
Arizona Attorney General's Office
2005 N. Central Avenue
Phoenix, AZ 85004
(602) 542-3333
Kirsten.Engel@azag.gov
Mary.Curtin@azag.gov

**STATE OF COLORADO**
PHILIP J. WEISER
ATTORNEY GENERAL

*/s/ Carrie Noteboom*
CARRIE NOTEBOOM
Assistant Deputy Attorney General
PHALEN KOHLRUSS-REUMAN
Assistant Attorney General
Colorado Department of Law
1300 Broadway, 10th Fl.
Denver, CO 80203
(720) 508-6285
Carrie.Noteboom@coag.gov
Phalen.Kohlruss@coag.gov

**STATE OF DELAWARE**
KATHLEEN JENNINGS
ATTORNEY GENERAL

*/s/ Vanessa L. Kassab*
IAN LISTON
Director of Impact Litigation
RALPH K. DURSTEIN III
VANESSA L. KASSAB
Deputy Attorneys General
Department of Justice
State Office Building
820 North French Street
Wilmington, DE 19801
(302) 683-8899
Vanessa.Kassab@delaware.gov

**STATE OF HAWAI'I**
ANNE E. LOPEZ
ATTORNEY GENERAL

*/s/ Lyle T. Leonard*
LYLE T. LEONARD
Deputy Attorney General
Department of the Attorney General
465 S. King Street, #200
Honolulu, HI 96813
(808) 587-3052
Lyle.T.Leonard@hawaii.gov

**STATE OF ILLINOIS**
KWAME RAOUL
ATTORNEY GENERAL

*/s/ Jason E. James*
JASON E. JAMES
Assistant Attorney General
MATTHEW J. DUNN
Chief
Environmental Enforcement/
  Asbestos Litigation Division
JOANNA BRINKMAN
Complex Litigation Counsel
Illinois Attorney General's Office
201 W. Pointe Drive, Ste. 7
Belleville, IL 62226
(217) 843-0322
Jason.James@ilag.gov
Matthew.Dunn@ilag.gov
Joanna.Brinkman@ilag.gov

**STATE OF MAINE**
AARON M. FREY
ATTORNEY GENERAL

*/s/ Emma Akrawi*
EMMA AKRAWI
Assistant Attorney General
Natural Resources Division
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333
(207) 626-8800
Emma.Akrawi@maine.gov

**STATE OF MARYLAND**
ANTHONY G. BROWN
ATTORNEY GENERAL

*/s/ Steven J. Goldstein*
STEVEN J. GOLDSTEIN
Assistant Attorney General
Office of the Attorney General of
  Maryland
200 Saint Paul Place, 20th Fl.
Baltimore, MD 21202
(410) 576-6414
SGoldstein@oag.state.md.us

**STATE OF MICHIGAN**
DANA NESSEL
ATTORNEY GENERAL

*/s/ Hadley E. Tuthill*
HADLEY E. TUTHILL
NEIL GIOVANATTI
Assistant Attorneys General
Michigan Department of Attorney
  General
525 W. Ottawa Street
Lansing, MI 48909
(517) 335-7664
TuthillH@michigan.gov
GiovanattiN@michigan.gov

**STATE OF MINNESOTA**
KEITH ELLISON
ATTORNEY GENERAL

*/s/ Catherine Rios-Keating*
PETER N. SURDO
CATHERINE RIOS-KEATING
Special Assistant Attorneys General
Minnesota Attorney General's Office
445 Minnesota Street
Town Square Tower Ste. 600
Saint Paul, MN 55101
(651) 300-7302
Peter.Surdo@ag.state.mn.us
Catherine.Rios-
  Keating@ag.state.mn.us

**STATE OF NEVADA**
AARON D. FORD
ATTORNEY GENERAL

*/s/ K. Brunetti Ireland*
K. BRUNETTI IRELAND
Chief of Special Litigation
Office of the Nevada Attorney
  General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
KIreland@ag.nv.gov

**STATE OF NEW JERSEY**
JENNIFER DAVENPORT
ATTORNEY GENERAL

*/s/ Lisa J. Morelli*
LISA J. MORELLI
Deputy Attorney General
Division of Law
New Jersey Attorney General's Office
25 Market Street
Trenton, NJ 08625
(609) 900-0782
Lisa.Morelli@law.njoag.gov

**STATE OF NEW MEXICO**
RAÚL TORREZ
ATTORNEY GENERAL

*/s/ Esther Jamison*
ESTHER JAMISON
WILLIAM GRANTHAM
SPENSER LOTZ
Assistant Attorneys General
New Mexico Department of Justice
408 Galisteo Street
Santa Fe, NM 87501
(505) 627-3474
EJamison@nmdoj.gov
WGrantham@nmdoj.gov
SLotz@nmdoj.gov

18

**STATE OF NORTH CAROLINA**
JEFF JACKSON
ATTORNEY GENERAL

*/s/ Asher P. Spiller*
ASHER P. SPILLER
Senior Deputy Attorney General
RACHEL POSEY
Special Deputy Attorney General
North Carolina Department of Justice
P.O. Box 629
Raleigh, NC 27602
(919) 716-6600
ASpiller@ncdoj.gov
RPosey@ncdoj.gov

**GOVERNOR OF THE COMMONWEALTH OF PENNSYLVANIA**
JOSH SHAPIRO

JENNIFER SELBER
GENERAL COUNSEL

*/s/ Robert A. Reiley*
ROBERT A. REILEY
Deputy Chief Counsel
The Pennsylvania Governor's Office of General Counsel
Office of Chief Counsel, Department of Environmental Protection
RCSOB, 400 Market Street, 9th Fl.
Harrisburg, PA 17105-8464
(717) 787-0478
RReiley@pa.gov

**STATE OF OREGON**
DAN RAYFIELD
ATTORNEY GENERAL

*/s/ Paul Garrahan*
PAUL GARRAHAN
Attorney-in-Charge, Natural Resources Section
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4540
Paul.Garrahan@doj.oregon.gov

**STATE OF RHODE ISLAND**
PETER F. NERONHA
ATTORNEY GENERAL

/s/ *Nicholas M. Vaz*
NICHOLAS M. VAZ
Assistant Attorney General
Environment and Energy Unit Chief
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400
nvaz@riag.ri.gov

19

**STATE OF VERMONT**
CHARITY R. CLARK
ATTORNEY GENERAL

*/s/ Hannah Yindra*
HANNAH YINDRA
SAM STRATTON
Assistant Attorneys General
Office of the Attorney General
109 State Street
Montpelier, VT 05609
(802) 828-3186
Hannah.Yindra@vermont.gov
Sam.Stratton@vermont.gov

**COMMONWEALTH OF
  VIRGINIA**
JAY JONES
ATTORNEY GENERAL

*/s/ Tillman J. Breckenridge*
TILLMAN J. BRECKENRIDGE
Solicitor General
202 N. 9th Street
Office of the Attorney General of
  Virginia
Richmond, VA 23219
(804) 786-2071
SolicitorGeneral@oag.state.va.us

**STATE OF WASHINGTON**
NICHOLAS W. BROWN
ATTORNEY GENERAL

*/s/ Christopher H. Reitz*
CHRISTOPHER H. REITZ
ALEXANDRIA K. DOOLITTLE
SARAH M. REYNEVELD
Assistant Attorneys General
Office of the Washington Attorney
  General
P.O. Box 40117
Olympia, WA 98504-0117
(360) 586-6769
Chris.Reitz@atg.wa.gov
Alex.Doolittle@atg.wa.gov
Sarah.Reyneveld@atg.wa.gov

**STATE OF WISCONSIN**
JOSHUA L. KAUL
ATTORNEY GENERAL

*/s/ Gabe Johnson-Karp*
GABE JOHNSON-KARP
Assistant Attorney General
Wisconsin Department of Justice
17 West Main Street
Post Office Box 7857
Madison, WI 53707-7857
(608) 267-8904
Gabe.Johnson-Karp@wisdoj.gov

**DISTRICT OF COLUMBIA**
BRIAN L. SCHWALB
ATTORNEY GENERAL

*/s/ Caroline Van Zile*
CAROLINE VAN ZILE
Solicitor General
Office of the Attorney General for the
  District of Columbia
400 6th Street, NW, Ste. 8100
Washington, D.C. 20001
(202) 727-3400
Caroline.Vanzile@dc.gov


**CITY OF ALBUQUERQUE, NEW
  MEXICO**
LAUREN KEEFE
CITY ATTORNEY

*/s/ Devon P. King*
DEVON P. KING
Deputy City Attorney
One Civic Plaza NW
PO Box 2248
Albuquerque, NM 87103
(720) 933-6720
LKeefe@cabq.gov
DKing@cabq.gov

**UNITED STATES VIRGIN
  ISLANDS**
GORDON C. RHEA
ATTORNEY GENERAL

*/s/ Gordon C. Rhea*
Virgin Islands Department of Justice
Office of the Attorney General
3438 Kronprindsens Gade
GERS Complex, 2nd Fl.
St. Thomas, VI 00802-5749
(340) 774-5666


**BAY AREA AIR QUALITY
  MANAGEMENT DISTRICT**
ALEXANDER G. CROCKETT
GENERAL COUNCEL

*/s/ Jamie Jefferson*
CARRIE SCHILLING
Senior Assistant Counsel
JAMIE JEFFERSON
Assistant Counsel
375 Beale Street, Suite 600
San Francisco, CA 94105
JJefferson@baaqmd.gov
ACrockett@baaqmd.gov
CSchilling@baaqmd.gov

*Counsel for Petitioner Bay Area Air
  Quality Management District*

21

**CITY OF BOSTON,**
  **MASSACHUSETTS**
MICHAEL FIRESTONE
CORPORATION COUNSEL

*/s/ Megan Corrigan*
MEGAN CORRIGAN
Assistant Corporation Counsel
City of Boston Law Department
SAMUEL B. DINNING
Senior Assistant Corporation Counsel
One City Hall Plaza, Room 615
Boston, MA 02201
(617) 635-4034
Megan.Corrigan@boston.gov
Samuel.Dinning@boston.gov

**CITY OF CHICAGO, ILLINOIS**
MARY B. RICHARDSON-LOWRY
CORPORATION COUNSEL

*/s/ Myriam Zreczny Kasper*
MYRIAM ZRECZNY KASPER
Deputy Corporation Counsel
GABRIELLE SIGEL
Assistant Corporation Counsel
  Supervisor
BRADLEY R. RYBA
Assistant Corporation Counsel
City of Chicago Department of Law
2 North LaSalle Street, Ste. 580
Chicago, IL 60602
(312) 744-3564
Myriam.Kasper@cityofchicago.org
Gabrielle.Sigel@cityofchicago.org
Bradley.Ryba@cityofchicago.org

**CITY OF CLEVELAND, OHIO**
MARK GRIFFIN
DIRECTOR OF LAW

*/s/ Shirley A. Tomasello*
SHIRLEY A. TOMASELLO
Assistant Director of Law
City of Cleveland Department of Law
601 Lakeside Avenue, Room 106
Cleveland, OH 44114-1077
(216) 664-3776
MGriffin@clevelandohio.gov
STomasello@clevelandohio.gov

**CITY OF COLUMBUS, OHIO**
ZACH KLEIN
CITY ATTORNEY

*/s/ Richard N. Coglianese*
RICHARD N. COGLIANESE
Assistant City Attorney
City of Columbus Department of Law
77 N. Front Street, 4th Fl.
Columbus, OH 43215
(614) 645-0818
RNCoglianese@columbus.gov

**CITY AND COUNTY OF
  DENVER, COLORADO**
MIKO ANDO BROWN
CITY ATTORNEY

*/s/ Kristin Brainerd*
KRISTIN BRAINERD
Assistant City Attorney
Denver City Attorney's Office
201 W. Colfax Avenue, Dept. 1207
Denver, CO 80202
(720) 913-8050
Kristin.Brainerd@denvergov.org

**HARRIS COUNTY, TEXAS**
JONATHAN G.C. FOMBONNE
COUNTY ATTORNEY

*/s/ Sarah Utley*
JONATHAN G.C. FOMBONNE
County Attorney
SARAH JANE UTLEY
Managing Counsel
Affirmative and Environmental
  Divisions
Harris County Attorney's Office
1010 Lamar, 11th Fl.
Houston, TX 77002
(832) 596-9786
Sarah.Utley@harriscountytx.gov

**CITY OF LOS ANGELES,
  CALIFORNIA**
HYDEE FELDSTEIN SOTO
CITY ATTORNEY

*/s/ Jessica B. Brown*
JESSICA B. BROWN
Assistant City Attorney
201 N. Figueroa St., 13th Floor
Los Angeles, CA 90012
(213) 978-1864
Jessica.Brown@lacity.org

**MARTIN LUTHER KING, JR.,
  COUNTY, WASHINGTON**
LEESA MANION
PROSECUTING ATTORNEY

*/s/ Christopher Sanders*
CHRISTOPHER SANDERS
General Counsel & Chief Legal
  Advisor to King County Executive
  Girmay Zahilay
ERIN KING-CLANCY
Senior Deputy Prosecuting Attorney
Office of King County Prosecuting
  Attorney Leesa Manion
401 5th Avenue, Ste. 800
Seattle, WA 98104
(206) 477-9483
ChrSanders@kingcounty.gov
EClancy@kingcounty.gov

23

**CITY OF NEW YORK, NEW YORK**
STEVEN BANKS
CORPORATION COUNSEL

/s/ *Alice R. Baker*
ALICE R. BAKER
Senior Counsel
LEIA SEEREERAM
Assistant Corporation Counsel
TESS DERNBACH
Senior Counsel
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-2314
LSeereer@law.nyc.gov
TDernbac@law.nyc.gov
AlBaker@law.nyc.gov

**SANTA CLARA COUNTY, CALIFORNIA**
TONY LOPRESTI
COUNTY COUNSEL

/s/ *Cristina Stella*
CRISTINA STELLA
Deputy County Counsel
KAVITA NARAYAN
Chief Assistant County Counsel
MEREDITH A. JOHNSON
Lead Deputy County Counsel
Office of the County Counsel
County of Santa Clara
70 West Hedding Street, East Wing, 9th Fl.
San José, CA 95110
(408) 299-5900
Cristina.Stella@cco.sccgov.org

**CITY AND COUNTY OF SAN FRANCISCO, CALIFORNIA**
DAVID CHIU
CITY ATTORNEY

/s/ *Robb Kapla*
ROBB KAPLA
SOPHIA L. CAI
Deputy City Attorneys
City Hall, Room 234
1 Dr. Conrad B. Goodlett Place
San Francisco, CA 94102
(415) 554-4647
Robb.Kapla@sfcityatty.org
Sophia.Cai@sfcityatty.org

24

JASON RYLANDER
DAVID PETTIT
LAUREN PARKER
Center for Biological Diversity
1411 K Street NW, Suite 1300
Washington, D.C.  20005
(510) 844-7100 (Pettit)
dpettit@biologicaldiversity.org

*Counsel for Petitioner Center
for Biological Diversity*


JAMES CROWLEY
Conservation Law Foundation
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI  02908
(401) 228-1905
jcrowley@clf.org

*Counsel for Petitioner
Conservation Law Foundation*

VERONICA SALTZMAN
FRANCIS W. STURGES, JR.
SHAUN A. GOHO
Clean Air Task Force
114 State Street, 6th Floor
Boston, MA  02109
(617) 624-0234
vsaltzman@catf.us

*Counsel for Petitioners American
Public Health Association, Alliance of
Nurses for Healthy Environments,
American Lung Association, and Clean
Wisconsin*


HANA V. VIZCARRA
MARVIN C. BROWN IV
Earthjustice
1250 I Street NW, 4th Floor
Washington, D.C.  20005
(202) 667-4500
hvizcarra@earthjustice.org
mcbrown@earthjustice.org

*Counsel for Petitioners Center for
Community Action and Environmental
Justice, Clean Air Council, Friends of
the Earth, Physicians for Social
Responsibility, Rio Grande
International Study Center, and Union
of Concerned Scientists*

25

BRIAN H. LYNK
Environmental Law & Policy
  Center
740 15th Street NW, Suite 700
Washington, D.C.  20005
(240) 461-4241
blynk@elpc.org

*Counsel for Petitioner*
*Environmental Law & Policy Center*


ANDRES RESTREPO
JOSHUA BERMAN
Sierra Club
50 F Street NW, Eighth Floor
Washington, D.C.  20001
(856) 240-0964 (Restrepo)
andres.restrepo@sierraclub.org
josh.berman@sierraclub.org

VERA PARDEE
726 Euclid Avenue
Berkeley, CA  94708
(858) 717-1448
pardeelaw@gmail.com

*Counsel for Petitioner Sierra Club*

ADINA H. ROSENBAUM
ALLISON M. ZIEVE
Public Citizen Litigation Group
1600 20th Street NW
Washington, D.C.  20009
(202) 588-1000
arosenbaum@citizen.org

*Counsel for Petitioner Public Citizen*

26

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Appellate Procedure 27(d) and D.C. Circuit Rule 27(a)(2), I hereby certify that the foregoing complies with all applicable format and length requirements, and contains 2523 words as calculated by Microsoft Word, exclusive of the caption, signature block, and certificates of counsel.

*/s/ Turner H. Smith*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Appellate Procedure 25(c), I hereby certify that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which automatically sends a notification to the attorneys of record in this matter, who are registered with the Court's CM/ECF system.

*/s/ Turner H. Smith*