# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| American Public Health Association, et al., <br><br> Petitioners, <br><br> v. <br><br> U.S. Environmental Protection Agency and Lee M. Zeldin, Administrator, U.S. Environmental Protection Agency, <br><br> Respondents. | Case No. 26-1037 (consol.) |

**EPA's Opposition to John Worthington's Intervention Motion**

EPA opposes Mr. Worthington's motion to intervene. The motion is premised on an interest in maritime "shipping emissions." Mot. (Mar. 3, 2026) at 2; Suppl. Mot. (Mar. 6, 2026) at 2. But the challenged rule addresses emissions from cars, trucks, and other motor vehicles—not emissions from ships or anything else nautical. Because Mr. Worthington's interests are unmoored from the rule, the Court should deny his motion.

At dispute is a Clean Air Act rule, promulgated under Section 202, that rescinds (1) a finding as to greenhouse-gas emissions from "motor vehicles" and (2) standards regulating greenhouse-gas emissions from "motor vehicles." 91 Fed.

1

Reg. 7686, 7686/1, 7702/1 (Feb. 18, 2026); 42 U.S.C. § 7521. The Act defines a "motor vehicle" as any self-propelled vehicle designed to transport people or property "on a street or highway." 42 U.S.C. § 7550(2). Mr. Worthington professes interest only in "shipping emissions" and other shipping-related concerns. *E.g.*, Mot. at 2, 4-5; Suppl. Mot. at 2, 3-5. But ships, which cannot operate on streets or highways, are not motor vehicles. And EPA does not regulate ship emissions under Section 202. That disconnect—between what the challenged rule does and Mr. Worthington's interest—sinks his intervention motion twice over.

First, he cannot intervene because his asserted interest will not be impaired or impeded by this case. Fed. R. Civ. P. 24(a)(2); *Mass. Sch. of Law at Andover, Inc. v. United States*, 118 F.3d 776, 779 (D.C. Cir. 1997) (applying same intervention standard as in district court). Indeed, his shipping claims have nothing in common, legally or factually, with the challenged rule. Fed. R. Civ. P. 24(b)(1)(B).

Second, Mr. Worthington lacks standing. *See IGas Holdings, Inc. v. EPA*, 146 F.4th 1126, 1135 n.2 (D.C. Cir. 2025) ("Article III standing is a prerequisite to intervention, even as a respondent."); *NRDC v. EPA*, 896 F.3d 459, 462-63 (D.C. Cir. 2018) (denying respondent-intervenor status for lack of standing). The challenged rule does not touch on emissions from oceangoing ships. So any injury

2

Mr. Worthington might suffer is neither traceable to the rule nor redressable by a favorable ruling. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).[1]  His invocation of the National Environmental Policy Act, also based on concerns about "shipping emissions," suffers from the same defect.  Mot. at 5; Suppl. Mot. at 5; *see also* 15 U.S.C. § 793(c)(1) (exempting Clean Air Act actions like the challenged rule from the Policy Act).

      Because Mr. Worthington seeks to raise issues unrelated to the challenged rule and because he lacks standing, this Court should deny his intervention motion. EPA consents to his participation as amicus.

Dated: March 12, 2026

                                Adam R.F. Gustafson
                                *Principal Deputy Assistant Attorney General*

                                */s/ Robert N. Stander*
                                Robert N. Stander
                                *Deputy Assistant Attorney General*

                                Riley Walters
                                Sue Chen
                                Daniel J. Martin
                                U.S. Department of Justice
                                Environment & Natural Resources Division
                                P.O. Box 7611

---

[1] An intervenor may not need to show standing if he seeks the same relief as an existing party.  *See Inst. S'holder Servs. v. SEC*, 142 F.4th 757, 768 n.3 (D.C. Cir. 2025) (citing *Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 591 U.S. 657 (2020)).  But Mr. Worthington has notified the parties that he is moving for summary disposition.  No party has sought that relief.  In fact, EPA (along with every petitioner who has responded so far) opposes it.

Washington, D.C. 20044
(202) 717-7067 (Stander)
(202) 718-3109 (Walters)
(202) 598-5334 (Chen)
(202) 598-1869 (Martin)
robert.stander@usdoj.gov
riley.walters@usdoj.gov
sue.chen@usdoj.gov
daniel.martin3@usdoj.gov

**Certificates of Compliance and Service**

I certify that this filing complies with Fed. R. App. P. 27(d)(1)(E) because it uses 14-point Times New Roman, a proportionally spaced font.

I also certify that this filing complies with Fed. R. App. P. 27(d)(2)(A), because by Microsoft Word's count, it has 523 words, excluding the parts exempted under Fed. R. App. P. 32(f).

Finally, I certify that on March 12, 2026, I filed the foregoing with the Court's CMS/ECF system to notify each CMS/ECF-registered party and electronically mailed the foregoing to Mr. Worthington at worthingtonjw2u@hotmail.com.  Doc. No. 2162370.

*/s/ Riley Walters*
Riley Walters
