**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS FOR
THE DISTRICT OF COLUMBIA CIRCUIT**

_____

AMERICAN PUBLIC HEALTH
ASSOCIATION, et al.,

      Petitioners,

      v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY and LEE
ZELDIN, Administrator, U.S.
Environmental Protection Agency,

      Respondents.
_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case Nos. 26-1037 and
consolidated cases

**MOTION TO EXTEND AND ALIGN MOTIONS DEADLINES**

On February 18, 2026, Petitioners American Public Health Association,
Alliance of Nurses for Healthy Environments, American Lung Association, Center
for Biological Diversity, Center for Community Action and Environmental Justice,
Clean Air Council, Clean Wisconsin, Conservation Law Foundation,
Environmental Defense Fund, Environmental Law & Policy Center, Friends of the
Earth, Natural Resources Defense Council, Inc., Physicians for Social
Responsibility, Public Citizen, Rio Grande International Study Center, Sierra Club,
and Union of Concerned Scientists ("Public Health and Environmental Petitioners"

or "Movants") filed this petition for review challenging a final action of the U.S. Environmental Protection Agency ("EPA") entitled "Rescission of the Greenhouse Gas Endangerment Finding and Motor Vehicle Greenhouse Gas Emission Standards Under the Clean Air Act." 91 Fed. Reg. 7686 (Feb. 18, 2026). That petition was docketed as Case No. 26-1037. ECF #2159562. That same day, the Court issued its initial scheduling order, requiring Movants to file procedural motions – as well as their initial submissions – by March 20, 2026, and dispositive motions by April 6, 2026. ECF #2159568. Movants hereby respectfully request that the Court extend their procedural motions and dispositive motions deadlines to 30 and 45 days, respectively, from the close of the period for filing petitions for review of EPA's rule, so that Movants' deadlines align with those applicable to petitioners filing at the end of that period. *See* D.C. Cir. Rule 27(f)(1); Handbook of Practice and Internal Procedures Section VII.A (explaining that procedural motions are due "30 days from docketing" and dispositive motions are due "45 days from docketing"). Because the statutory period for filing petitions for review closes April 20, 2026, Movants respectfully request that their procedural motions deadline be reset to May 20, 2026, and their dispositive motions deadline be reset to June 4, 2026.

Petitioners in Case Nos. 26-1039, 26-1043, and 26-1051 state that they consent to this motion and request that any realignment of deadlines apply to their

petitions as well. Respondents EPA, et al., state that they oppose this motion and reserve the right to file a response once they see the motion. Undersigned counsel was unable to secure a position from Petitioners in Case No. 26-1038.

Extension and realignment of Movants' motions deadlines in this case is necessitated by the timeline for filing petitions for review on EPA's action. In the time since Movants' petition was filed, four other petitions for review of EPA's action were filed and consolidated with Movants' petition. *See* Consolidation Orders, ECF ## 2160048, 2160363, 2161343, 2163389. Under the Clean Air Act's provision governing the timing of petitions for review of final agency action, 42 U.S.C. § 7607(b)(1), additional petitions may be filed until April 20, 2026 – 60 days after the challenged final rule was published in the Federal Register (plus one additional day, as April 19th falls on a Sunday). *See* 91 Fed. Reg. at 7688 (stating the petition deadline). As would be typical in multi-party challenges to major EPA actions, Movants anticipate that those later-filed petitions will also be consolidated with the above-captioned case, with all parties expected to coordinate on case management matters and a schedule and format for merits briefing. Extending and realigning Movants' motions deadlines – and those of Petitioners in Case Nos. 26-1039, 26-1043, and 26-1051, who requested that any realignment of deadlines encompass their petitions as well – ensures that Movants are not compelled to file

3

motions concerning the shape of or issues in this case before the identity of all parties is known.

Already, the last-filed petition in this case would be entitled, under the Court's procedures, to file motions 22 days after Movants must file their own. *See* ECF #2163389; Handbook Section VII.A. Should additional petitioners join this case, as is expected[1], Movants' deadlines will fall increasingly out of sync with timelines governing other petitioners in this case. Extending Movants' deadlines to align with those applicable to any petitioners filing at the end of the statutory filing period thus prevents prejudice to petitioners who filed early in the briefing window. And it specifically ensures that Movants will have a fair and equal opportunity to address procedural and dispositive questions in this case on the basis of the full scope of participating parties and issues or interests introduced by those parties.

Movants' request is in the interest of judicial economy and is not prejudicial to any party. Although Respondents EPA, et al., oppose this request, they cannot claim to be prejudiced by deadlines that fall 30 and 45 days after the close of the

---

[1] *See* https://www.mass.gov/news/ag-campbell-condemns-illegal-repeal-of-epas-landmark-2009-greenhouse-gas-endangerment-finding (confirming intent of the Commonwealth of Massachusetts to challenge EPA's final rule); https://oag.ca.gov/news/press-releases/california-attorney-general-rob-bonta-denounces-epa%E2%80%99s-rescission-greenhouse-0 (confirming intent of California to do the same).

filing period, as those dates conform to the timelines that would apply to a party exercising its right to join the case as late as April 20, 2026. Nor is this request unusual in a case of this character; EPA itself has filed or consented to numerous such "alignment" motions in other D.C. Circuit challenges to significant rulemakings. *See, e.g.*, ECF ## 1865750 (EPA joint motion to align initial motions deadlines); 1630686 (EPA motion to align deadlines); 1817810 (EPA consent to aligning deadlines); 1584760 (EPA non-opposition to aligning deadlines). Moreover, Respondents' resources, and the Court's, would be conserved by aligning deadlines, which will allow parties to join or coordinate filings that might otherwise be filed and responded to piecemeal. Movants' request thus promotes the efficient administration of this case and does so without extending the overall schedule for disposition of these challenges – where no briefing deadlines have yet been set and where Movants' request accords to the timelines that would be afforded other parties.

For the foregoing reasons, Public Health and Environmental Petitioners in Case No. 26-1037 respectfully request that the Court extend their procedural motions deadline to May 20, 2026, and their dispositive motions deadlines to June 4, 2026. Public Health and Environmental Petitioners still intend to file their initial submissions on March 20, 2026, as ordered.

DATED:  March 13, 2026

Rachel Heron
Abirami Vijayan
David Doniger
Julia Forgie
Meredith Hankins
Natural Resources Defense
Council
1152 15th Street NW, Suite 300
Washington, D.C.  20005
(202) 836-9329 (Heron)
rheron@nrdc.org
avijayan@nrdc.org
ddoniger@nrdc.org
jforgie@nrdc.org
mhankins@nrdc.org

*Counsel for Petitioner Natural
Resources Defense Council*

Respectfully submitted,

/s/ *Chloe H. Kolman*
Chloe H. Kolman
Megan M. Herzog
Sean H. Donahue
Keri R. Davidson
Donahue, Goldberg & Herzog
1008 Pennsylvania Ave., SE
Washington, D.C.  20003
(202) 372-5270 (Kolman)
chloe@donahuegoldberg.com
megan@donahuegoldberg.com
sean@donahuegoldberg.com
keri@donahuegoldberg.com

Vickie L. Patton
Peter Zalzal
Alice Henderson
Stephanie Jones
Ryland Shengzhi Li
Environmental Defense Fund
2060 Broadway St., Ste. 300
Boulder, Colorado 80302
(303) 447-7214
vpatton@edf.org
pzalzal@edf.org
ahenderson@edf.org
sjones@edf.org
ryli@edf.org

*Counsel for Petitioner Environmental
Defense Fund*

Jason Rylander
David Pettit
Lauren Parker
Center for Biological Diversity
1411 K Street NW, Suite 1300

Veronica Saltzman (D.C. Cir. Bar 64096)
Francis W. Sturges, Jr. (D.C. Cir. Bar 64964)
Shaun A. Goho (D.C. Cir. Bar 54655)
Clean Air Task Force
114 State Street, 6th Floor

Washington, D.C.  20005
(510) 844-7100 (Pettit)
dpettit@biologicaldiversity.org

*Counsel for Petitioner Center
for Biological Diversity*

James Crowley
Conservation Law Foundation
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI  02908
(401) 228-1905
jcrowley@clf.org

*Counsel for Petitioner
Conservation Law Foundation*

Brian H. Lynk
(D.C. Bar No. 459525)
Environmental Law & Policy
Center
740 15th Street NW, Suite 700
Washington, D.C.  20005
(240) 461-4241
blynk@elpc.org

*Counsel for Petitioner
Environmental Law & Policy Center*

Boston, MA  02109
(617) 624-0234
vsaltzman@catf.us

*Counsel for Petitioners American Public
Health Association, Alliance of Nurses for
Healthy Environments, American Lung
Association, and Clean Wisconsin*

Hana V. Vizcarra
Marvin C. Brown IV
Earthjustice
1250 I Street NW, 4th Floor
Washington, D.C.  20005
(202) 667-4500
hvizcarra@earthjustice.org
mcbrown@earthjustice.org

*Counsel for Petitioners Center for
Community Action and Environmental
Justice, Clean Air Council, Friends of the
Earth, Physicians for Social Responsibility,
Rio Grande International Study Center, and
Union of Concerned Scientists*

Adina H. Rosenbaum
Allison M. Zieve
Public Citizen Litigation Group
1600 20th Street NW
Washington, D.C.  20009
(202) 588-1000
arosenbaum@citizen.org

*Counsel for Petitioner Public Citizen*

Andres Restrepo
Joshua Berman
Sierra Club
50 F Street NW, Eighth Floor
Washington, D.C.  20001
(856) 240-0964 (Restrepo)
andres.restrepo@sierraclub.org
josh.berman@sierraclub.org

Vera Pardee
726 Euclid Avenue
Berkeley, CA  94708
(858) 717-1448
pardeelaw@gmail.com

*Counsel for Petitioner Sierra Club*

## CERTIFICATE OF COMPLIANCE

I hereby certify on this 13th day of March, 2026, that the foregoing Motion complies with the word limits of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 984 words, excluding parts of the document exempted by Federal Rule of Appellate Procedure 32(f). I further certify that this document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) & (6) because this document has been prepared in 14-point Time New Roman font, a proportionally spaced typeface, using Microsoft Word.

/s/ *Chloe H. Kolman*
Chloe H. Kolman

## CERTIFICATE OF SERVICE

I hereby certify on this 13th day of March, 2026, that the foregoing Motion has been filed with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit, using the CM/ECF System. The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system, save for Mr. Worthington, who will be served by email per his request in ECF No. 2162370.

/s/ *Chloe H. Kolman*
Chloe H. Kolman