March 10, 2026





Clerk of the Court
United States Court of Appeals
for the District of Columbia Circuit
E. Barrett Prettyman United States Courthouse
333 Constitution Avenue, N.W., Room 5205
Washington, D.C. 20001

RE: American Public Health Association, et al. v. United States Environmental Protection Agency and Lee Zeldin, Administrator, U.S. Environmental Protection Agency USCA Case No. 26-1037 (and any consolidated cases)

Dear Clerk of the Court:

I am a pro se litigant who previously mailed (on February 19, 2026) a Motion for Leave to Intervene as Respondent-Intervenor in the above-captioned case, which remains pending before the Court.

Enclosed for **lodging** with the Court, please find the following documents submitted by Proposed Intervenor-Respondent / Proposed Amicus Curiae John Worthington:

1. Proposed Motion for Summary Disposition (In Support of Respondents);

2. Proposed Motion for Judicial Notice;

3. Declaration of John Worthington in Support of Motions and Standing;

4. Index of Exhibits and Exhibits A through E [and F, if including the jet stream map];

5. Proposed Amicus Curiae Brief in Support of Respondents (including: Interest of Amicus Curiae; Authorship and Monetary Contributions Pursuant to FRAP 29(a)(4)(E); Question Presented; Summary of Argument; Argument Sections I–VI; Conclusion);

6. Certificate of Service.

As my Motion for Leave to Intervene is currently pending, and Respondents (the United States on behalf of EPA and Administrator Zeldin) agreed on March 6, 2026, to allow me to file as amicus curiae, I respectfully request that these documents be **lodged** in the record to preserve my unique perspective on the regulatory deficiencies of the 2009 Greenhouse Gas Endangerment Finding before the April 4, 2026, dispositive motion deadline. This includes specialized evidence on transboundary air pollution impacts via the "Pacific Transport Highway," the resulting trade and emissions imbalance, territorial limits under the Clean Air Act, the need for Congressional action over agency overreach, and disproportionate burdens—including on my health and that of others similarly situated in coastal areas like Sequim, Washington, near the Strait of Juan de Fuca.

1

I understand that lodging does not constitute formal filing or automatic acceptance into the record unless and until the Court grants intervention, leave to file the amicus brief, or otherwise directs. These lodgings are submitted timely to ensure my arguments (e.g., the 2009 Finding's failure to account for international maritime emissions transported via the mid-latitude jet stream, creating localized health and economic injuries; statutory NEPA exemption under 15 U.S.C. § 793(c)(1); and application of Seven County Infrastructure Coalition v. Eagle County, 605 U.S. 168 (2025), limiting analysis of indirect/offshoring effects) are available for the Court's consideration.

I have served copies of this letter and the enclosed documents on all parties via [first-class mail / certified mail] to their counsel of record as listed in the docket and petition for review.

Thank you for your attention. Please contact me at the above address/phone if additional information, copies, or clarification is required.

Sincerely,


/s/ John Worthington

John Worthington, Pro Se