# UNITED STATES COURT OF APPEALS
## DISTRICT OF COLUMBIA CIRCUIT

**333 Constitution Avenue, NW**
**Washington, DC 20001-2866**
**Phone: 202-216-7000 | Facsimile: 202-219-8530**

## DOCKETING STATEMENT
*Administrative Agency Review Proceedings (To be completed by appellant/petitioner)*

1. CASE NO. _26-1037_    2. DATE DOCKETED: _2/18/2026_

3. CASE NAME (lead parties only) _Am. Public Health Ass'n_ v. _Environmental Protection Agency_

4. TYPE OF CASE: ☒ Review ☐ Appeal ☐ Enforcement ☐ Complaint ☐ Tax Court

5. IS THIS CASE REQUIRED BY STATUTE TO BE EXPEDITED? ○ Yes ⦿ No
   If YES, cite statute _____

6. CASE INFORMATION:
   a. Identify agency whose order is to be reviewed: _Environmental Protection Agency_
   b. Give agency docket or order number(s): _EPA-HQ-OAR-2025-0194, rule pub'd at 91Fed. Reg. 7686_
   c. Give date(s) of order(s) _2/18/2026_

   d. Has a request for rehearing or reconsideration been filed at the agency? ○ Yes ⦿ No
      If so, when was it filled? _____ By whom? _____
      Has the agency acted? ○ Yes ○ No   If so, when? _____

   e. Identify the basis of appellant's/petitioner's claim of standing. <u>See</u> D.C. Cir. Rule 15(c)(2):
      _See attached._ _____

   f. Are any other cases involving the same underlying agency order pending in this Court or any other?
      ⦿ Yes ○ No   If YES, identify case name(s), docket number(s), and court(s)
      _See attached._

   g. Are any other caess, to counsel's knowledge, pending before the agency, this Court, another Circuit Court, or the Supreme Court which involve *substantially the same issues* as the instant case presents?
      ○ Yes ⦿ No   If YES, give case name(s) and number(s) of these cases and identify court/agency:
      _____

   h. Have the parties attempted to resolve the issues in this case through arbitration, mediation, or any other alternative for dispute resolution? ○ Yes ⦿ No  If YES, provide program name and participation dates.
      _____
      _____

Signature _/s/ Chloe H. Kolman_    Date _3/20/2026_
Name of Party (Print) _Am. Pub. Health Ass'n, et al._
Name of Counsel for Appellant/Petitioner (Print) _Chloe H. Kolman_
Address _1008 Pennsylvania Ave., SE, Washington, D.C.  20003_
E-Mail _chloe@donahuegoldberg.com_    Phone (_202_) _372-5270_    Fax (___) _____

### ATTACH A CERTIFICATE OF SERVICE

**Note:** If counsel for any other party believes that the information submitted is inaccurate or incomplete, counsel may so advise the Clerk within 7 calendar days by letter, with copies to all other parties, specifically referring to the challenged statement. An original and three copies of such letter should be submitted.

USCA Form 41
August 2009 (REVISED)

**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS FOR
THE DISTRICT OF COLUMBIA CIRCUIT**

_____

|  |  |  |
|---|---|---|
| AMERICAN PUBLIC HEALTH ASSOCIATION, et al., | ) ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Case No. 26-1037 and consolidated cases |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and LEE ZELDIN, Administrator, U.S. Environmental Protection Agency, | ) ) ) ) ) ) | |
| Respondents. | ) ) | |

_____ )

**ATTACHMENT TO DOCKETING STATEMENT**

Petitioners in Case No. 26-1037 include this attachment in response to questions 6(e) and 6(f) of the Docketing Statement.

**Response to Question 6(e), identify the basis of Petitioners' claim of standing:**

Petitioners seek review of the U.S. Environmental Protection Agency's ("EPA") final rule entitled "Rescission of the Greenhouse Gas Endangerment Finding and Motor Vehicle Greenhouse Gas Emission Standards Under the Clean Air Act," and published in the Federal Register at 91 Fed. Reg.

7686 (Feb. 18, 2026) (the "Repeal Rule"). Petitioners are non-governmental organizations whose core organizational missions include the protection of public health and the environment, including by reducing the emission of climate-altering pollutants. Petitioners have standing on behalf of their members to challenge the Repeal Rule.

Petitioners' members are suffering cognizable injuries caused by the Repeal Rule, because that rule repeals all federal limits on the emission of greenhouse gases from motor vehicles in the United States and purports to bar EPA from imposing any such limits in the future. As Petitioners will each demonstrate through declarations and/or other evidence to be submitted in this case, their members are presently experiencing particularized physical, financial, and other harm caused by greenhouse-gas pollution. For example, among other harms, member declarants have experienced and face growing threats of property damage, increased insurance premiums, and threats to their livelihood and physical health from wildfires, drought, extreme heat, pests, coastal flooding, and hurricanes attributable to greenhouse-gas pollution. The Repeal Rule's abandonment of greenhouse-gas emission standards for vehicles will increase greenhouse-gas pollution, exacerbating adverse impacts on the climate and the environment and increasing health hazards, economic impacts, and other adverse effects to Petitioners' members.

In addition, the Repeal Rule will also cause increased emissions of other pollutants, harming Petitioners' members' health and worsening air quality. Increasing emissions of those other pollutants and/or greenhouse gases also impacts members' opportunities for recreational and scientific enjoyment of species threatened by those emissions. Eliminating greenhouse-gas emission standards for vehicles will also reduce the availability of lower-polluting, cheaper-to-operate motor vehicles, harming Petitioners' members by restricting their access to such vehicles. EPA's failure to follow procedural requirements in reaching a decision that adversely affects Petitioners' concrete interests further supports their standing to challenge the Repeal Rule. These and the other injuries noted above would be redressed by a favorable ruling vacating the Repeal Rule.

For the reasons stated, Petitioners' members would have standing in their own right to challenge the Repeal Rule. Moreover, Petitioners' members' interests are germane to Petitioners' organizational purposes. And neither the claims that Petitioners assert, nor the requested relief requires the participation of individual members in the litigation. Petitioners therefore have associational standing to challenge the Repeal Rule on their members' behalf.

**Response to Question 6(e), are any other cases involving the same underlying agency order pending in this Court or any other?**

3

The following docketed cases challenge the same underlying agency rule:

*Venner, et al. v. EPA, et al.*, D.C. Cir. No. 26-1038; *Business Climate Initiative Action v. EPA, et al.*, D.C. Cir. No. 26-1039; *Metropolitan Congregations United for St. Louis, et al. v. EPA, et al.*, D.C. Cir. No. 26-1043; *Service Employees International Union v. EPA, et al.*, D.C. Cir. No. 26-1051; and *Commonwealth of Massachusetts, et al. v. EPA, et al.*, D.C. Cir. No. 26-1061.

DATED:  March 20, 2026

Rachel Heron
Abirami Vijayan
David Doniger
Julia Forgie
Meredith Hankins
Atid Kimelman
Gavin G. McCabe
Glenda Valdez
Natural Resources Defense
Council
1152 15th Street NW, Suite 300
Washington, D.C.  20005
(202) 836-9329 (Heron)
rheron@nrdc.org
avijayan@nrdc.org
ddoniger@nrdc.org
jforgie@nrdc.org
mhankins@nrdc.org
akimelman@nrdc.org
gmccabe@nrdc.org
gvaldez@nrdc.org

*Counsel for Petitioner Natural Resources Defense Council*

Respectfully submitted,

/s/ *Chloe H. Kolman*

Chloe H. Kolman
Megan M. Herzog
Sean H. Donahue
Keri R. Davidson
Donahue, Goldberg & Herzog
1008 Pennsylvania Ave., SE
Washington, D.C.  20003
(202) 372-5270 (Kolman)
chloe@donahuegoldberg.com
megan@donahuegoldberg.com
sean@donahuegoldberg.com
keri@donahuegoldberg.com

Vickie L. Patton
Peter Zalzal
Alice Henderson
Stephanie Jones
Ryland Shengzhi Li
Environmental Defense Fund
2060 Broadway St., Ste. 300
Boulder, Colorado 80302
(303) 447-7214
vpatton@edf.org
pzalzal@edf.org
ahenderson@edf.org

sjones@edf.org
ryli@edf.org

*Counsel for Petitioner Environmental Defense Fund*

Jason Rylander
David Pettit
Lauren Parker
Center for Biological Diversity
1411 K Street NW, Suite 1300
Washington, D.C.  20005
(510) 844-7100 (Pettit)
dpettit@biologicaldiversity.org

*Counsel for Petitioner Center for Biological Diversity*

Veronica Saltzman (D.C. Cir. Bar 64096)
Francis W. Sturges, Jr. (D.C. Cir. Bar 64964)
Shaun A. Goho (D.C. Cir. Bar 54655)
Clean Air Task Force
114 State Street, 6th Floor
Boston, MA  02109
(617) 624-0234
vsaltzman@catf.us

*Counsel for Petitioners American Public Health Association, Alliance of Nurses for Healthy Environments, American Lung Association, and Clean Wisconsin*

James Crowley
Conservation Law Foundation
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI  02908
(401) 228-1905
jcrowley@clf.org

*Counsel for Petitioner Conservation Law Foundation*

Hana V. Vizcarra
Marvin C. Brown IV
Earthjustice
1250 I Street NW, 4th Floor
Washington, D.C.  20005
(202) 667-4500
hvizcarra@earthjustice.org
mcbrown@earthjustice.org

*Counsel for Petitioners Center for Community Action and Environmental Justice, Clean Air Council, Friends of the Earth, Physicians for Social Responsibility, Rio Grande International Study Center, and Union of Concerned Scientists*

Brian H. Lynk

Adina H. Rosenbaum

5

(D.C. Bar No. 459525)
Environmental Law & Policy
Center
740 15th Street NW, Suite 700
Washington, D.C.  20005
(240) 461-4241
blynk@elpc.org

*Counsel for Petitioner
Environmental Law & Policy Center*


Andres Restrepo
Joshua Berman
Sierra Club
50 F Street NW, Eighth Floor
Washington, D.C.  20001
(856) 240-0964 (Restrepo)
andres.restrepo@sierraclub.org
josh.berman@sierraclub.org

Vera Pardee
726 Euclid Avenue
Berkeley, CA  94708
(858) 717-1448
pardeelaw@gmail.com

*Counsel for Petitioner Sierra Club*

Allison M. Zieve
Public Citizen Litigation Group
1600 20th Street NW
Washington, D.C.  20009
(202) 588-1000
arosenbaum@citizen.org

*Counsel for Petitioner Public Citizen*

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2026, the foregoing Statement has been filed with the Clerk of the Court through this Court's CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system, save for Mr. Worthington, who will be served by email per his request in ECF No. 216370.

Respectfully submitted,

/s/ *Chloe H. Kolman*
Chloe H. Kolman