**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS FOR
THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| _____ ) | |
| AMERICAN PUBLIC HEALTH ASSOCIATION, et al.,  ) ) ) | |
| Petitioners,  ) ) | |
| v.  ) ) | Case No. 26-1037 and consolidated cases |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and LEE ZELDIN, Administrator, U.S. Environmental Protection Agency,  ) ) ) ) ) | |
| Respondents.  ) _____ ) | |

**NON-BINDING STATEMENT OF ISSUES**

Pursuant to the Court's Order of February 18, 2026, Petitioners in Case No. 26-1037 (collectively, "American Public Health Association") submit the following non-binding statement of issues to be raised in this proceeding concerning the U.S. Environmental Protection Agency's ("EPA") final rule entitled "Rescission of the Greenhouse Gas Endangerment Finding and Motor Vehicle Greenhouse Gas Emission Standards Under the Clean Air Act," and published in the Federal Register at 91 Fed. Reg. 7686 (Feb. 18, 2026) (the "Repeal Rule").

1. Whether the Repeal Rule is arbitrary, capricious, and/or contrary to law because it is foreclosed by binding Supreme Court and D.C. Circuit precedent.

2. Whether the Repeal Rule is arbitrary, capricious, and/or contrary to law because it repeals a final rule, "Endangerment and Cause or Contribute Findings for Greenhouse Gases Under Section 202(a) of the Clean Air Act," published at 74 Fed. Reg. 66496 (Dec. 15, 2009) (the "2009 Endangerment Finding"), and all final rules establishing federal emission standards for greenhouse gases from U.S. motor vehicles (collectively, "vehicle greenhouse-gas standards") based on an interpretation of Section 202(a)(1) of the Clean Air Act, 42 U.S.C. § 7521(a)(1), that is inconsistent with the best reading of the statute.

3. Whether the Repeal Rule's conclusion that the 2009 Endangerment Finding erred in "severing" certain findings and in considering the full scope of "pollution" to which greenhouse-gas emissions from vehicles "contribute," is arbitrary, capricious, and/or contrary to law, and whether the Repeal Rule erred in any event because it failed to establish that greenhouse-gas emissions cannot be regulated under EPA's new, preferred construction of the required findings.

4. Whether the Repeal Rule is arbitrary, capricious, and/or contrary to law because it deems the major questions doctrine applicable to EPA's settled authority to regulate greenhouse gases under Section 202(a)(1), and because it fails

to recognize that the clear Congressional authorization to regulate required when that doctrine is applicable is present in any event.

5. Whether the Repeal Rule's conclusion that it lacks authority to regulate pollutants where EPA believes regulation would be "futile" is arbitrary, capricious, and/or contrary to law.

6. Whether the Repeal Rule's conclusions that any federal regulation of greenhouse-gas emissions from motor vehicles would have "de minimis" impacts on global climate change and that such regulation would be "futile" are arbitrary, capricious, and/or otherwise unsupported, where that conclusion is contrary to the record and where EPA has failed entirely to consider important aspects of the problem.

7. Whether the Repeal Rule's conclusion that maintaining vehicle greenhouse-gas standards would be "unreasonable" is arbitrary, capricious, and/or otherwise unsupported, and not a valid statutory basis for declining to regulate in any event.

8. Whether the Repeal Rule violates Clean Air Act Section 307, 42 U.S.C. §7607, and/or principles of administrative law because the final rule failed to follow required administrative procedures and is not a logical outgrowth of the proposed rule.

9. Whether the Repeal Rule is arbitrary, capricious, and/or contrary to law because its scientific judgments are unsupported, contradict the record and EPA's past findings, fail to take proper account of the views of the National Academy of Sciences, and are the product of unlawful conduct.

10. Whether the Repeal Rule is pretextual or the product of unlawful prejudgment.

11. Whether the Repeal Rule is arbitrary, capricious, and/or contrary to law because it fails to adequately consider reliance interests.

12. Whether the Repeal Rule is arbitrary, capricious, and/or contrary to law because it fails to adequately or reasonably explain the bases for EPA's decision, including the ways the Repeal Rule departs from long-standing agency practice, and because it fails to adequately or reasonably respond to material public comments.

DATED:  March 20, 2026

Respectfully submitted,

/s/ *Chloe H. Kolman*

| | |
|---|---|
| Rachel Heron | Chloe H. Kolman |
| Abirami Vijayan | Megan M. Herzog |
| David Doniger | Sean H. Donahue |
| Julia Forgie | Keri R. Davidson |
| Meredith Hankins | Donahue, Goldberg & Herzog |
| Atid Kimelman | 1008 Pennsylvania Ave., SE |
| Gavin G. McCabe | Washington, D.C.  20003 |
| Glenda Valdez | (202) 372-5270 (Kolman) |
| Natural Resources Defense | chloe@donahuegoldberg.com |
| Council | megan@donahuegoldberg.com |
| 1152 15th Street NW, Suite 300 | sean@donahuegoldberg.com |
| Washington, D.C.  20005 | keri@donahuegoldberg.com |
| (202) 836-9329 (Heron) | |
| rheron@nrdc.org | Vickie L. Patton |
| avijayan@nrdc.org | Peter Zalzal |
| ddoniger@nrdc.org | Alice Henderson |
| jforgie@nrdc.org | Stephanie Jones |
| mhankins@nrdc.org | Ryland Shengzhi Li |
| akimelman@nrdc.org | Environmental Defense Fund |
| gmccabe@nrdc.org | 2060 Broadway St., Ste. 300 |
| gvaldez@nrdc.org | Boulder, Colorado 80302 |
| | (303) 447-7214 |
| *Counsel for Petitioner Natural* | vpatton@edf.org |
| *Resources Defense Council* | pzalzal@edf.org |
| | ahenderson@edf.org |
| | sjones@edf.org |
| | ryli@edf.org |

*Counsel for Petitioner Environmental Defense Fund*

| | |
|---|---|
| Jason Rylander | Veronica Saltzman (D.C. Cir. Bar 64096) |
| David Pettit | Francis W. Sturges, Jr. (D.C. Cir. Bar 64964) |
| Lauren Parker | Shaun A. Goho (D.C. Cir. Bar 54655) |
| Center for Biological Diversity | Clean Air Task Force |
| 1411 K Street NW, Suite 1300 | 114 State Street, 6th Floor |

5

Washington, D.C.  20005
(510) 844-7100 (Pettit)
dpettit@biologicaldiversity.org

*Counsel for Petitioner Center
for Biological Diversity*

James Crowley
Conservation Law Foundation
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI  02908
(401) 228-1905
jcrowley@clf.org

*Counsel for Petitioner
Conservation Law Foundation*

Brian H. Lynk
(D.C. Bar No. 459525)
Environmental Law & Policy
Center
740 15th Street NW, Suite 700
Washington, D.C.  20005
(240) 461-4241
blynk@elpc.org

*Counsel for Petitioner
Environmental Law & Policy Center*

Boston, MA  02109
(617) 624-0234
vsaltzman@catf.us

*Counsel for Petitioners American Public
Health Association, Alliance of Nurses for
Healthy Environments, American Lung
Association, and Clean Wisconsin*

Hana V. Vizcarra
Marvin C. Brown IV
Earthjustice
1250 I Street NW, 4th Floor
Washington, D.C.  20005
(202) 667-4500
hvizcarra@earthjustice.org
mcbrown@earthjustice.org

*Counsel for Petitioners Center for
Community Action and Environmental
Justice, Clean Air Council, Friends of the
Earth, Physicians for Social Responsibility,
Rio Grande International Study Center, and
Union of Concerned Scientists*

Adina H. Rosenbaum
Allison M. Zieve
Public Citizen Litigation Group
1600 20th Street NW
Washington, D.C.  20009
(202) 588-1000
arosenbaum@citizen.org

*Counsel for Petitioner Public Citizen*

6

Andres Restrepo
Joshua Berman
Sierra Club
50 F Street NW, Eighth Floor
Washington, D.C.  20001
(856) 240-0964 (Restrepo)
andres.restrepo@sierraclub.org
josh.berman@sierraclub.org

Vera Pardee
726 Euclid Avenue
Berkeley, CA  94708
(858) 717-1448
pardeelaw@gmail.com

*Counsel for Petitioner Sierra Club*

# CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2026, the foregoing Statement has been filed with the Clerk of the Court through this Court's CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system, save for Mr. Worthington, who will be served by email per his request in ECF No. 216370.

Respectfully submitted,

/s/ *Chloe H. Kolman*
Chloe H. Kolman