ORAL ARGUMENT NOT YET SCHEDULED

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| American Public Health Association, et al., <br><br> Petitioners, <br><br> v. <br><br> U.S. Environmental Protection Agency and Lee M. Zeldin, Administrator, U.S. Environmental Protection Agency, <br><br> Respondents. | Case No. 26-1037 and consolidated cases |

**EPA's Opposition to Extension Motion**

This Court should deny petitioners' motion to extend the procedural- and dispositive-motions deadlines.[1]  That request is built on speculation about what hypothetical future petitioners may or may not do.  It asks the Court to extricate

---

[1] Movants are the American Public Health Association, Alliance of Nurses for Healthy Environments, American Lung Association, Center for Biological Diversity, Center for Community Action and Environmental Justice, Clean Air Council, Clean Wisconsin, Conservation Law Foundation, Environmental Defense Fund, Environmental Law & Policy Center, Friends of the Earth, Natural Resources Defense Council, Inc., Physicians for Social Responsibility, Public Citizen, Rio Grande International Study Center, Sierra Club, and Union of Concerned Scientists.

movants from a predicament of their own making.  And it unnecessarily delays prompt resolution of this important dispute.

Under review is a Clean Air Act rule that rescinds a finding as to greenhouse-gas emissions from motor vehicles and repeals standards regulating those emissions.  91 Fed. Reg. 7686 (Feb. 18, 2026).  To great public fanfare, movants sued EPA on the day that rule was published in the Federal Register.  Petition for Review (Feb. 18, 2026).[2]  They did so even though the Act gives them 60 days from publication to file their petition.  42 U.S.C. § 7607(b)(1).  That choice of timing had consequences:  It started the clock for movants to file procedural and dispositive motions.  Order (Feb. 18, 2026) (ordering procedural motions by March 20, 2026, and dispositive motions by April 6, 2026).

Movants now want to extend each motions deadline by two months.  Mot. 2.  They feel that there could be petitioners who may want to join the case later and file motions.  *Id.* at 3-4.  In effect, movants seek to reset the motions deadlines as if someone will petition for review on the last day of the 60-day period for doing so.  *Id.* at 2.

That request assumes too much.  Movants offer no basis to think that a last-day petitioner will emerge.  They cite press releases from Massachusetts and

---

[2] *See* https://www.nrdc.org/press-releases/nrdc-coalition-sue-endangerment-rollback-climate-protections (last visited Mar. 23, 2026).

California vowing to sue EPA. *Id.* at 4 n.1. But both states have since filed a petition, now consolidated with this case. *Massachusetts v. EPA*, Case No. 26-1061 (Mar. 19, 2026); Order (Mar. 20, 2026). The idea that someone will file a petition, and do it on day 60 but no earlier, is pure speculation.

It is also speculative to think that the imaginary last-day petitioner will want to engage in motions practice. Reality has shown that in many cases, including challenges to the last three sets of EPA's greenhouse-gas rules for motor vehicles, parties choose to proceed promptly to merits briefing with no motions detours. *See, e.g.*, *Texas v. EPA*, Case No. 22-1031 (D.C. Cir.); *Kentucky v. EPA*, Case No. 24-1087 (D.C. Cir.); *Nebraska v. EPA*, Case No. 24-1129 (D.C. Cir.). Who is to say what any future petitioner might or might not want here? Surely not movants.

Nor do they explain why they must know the identity of all the parties and their "issues or interests" to have a "fair and equal opportunity" to file motions of their own. Mot. 4. They have that opportunity now: Movants are free to file their own motions, supported by their own arguments. And they can, on reply, address all issues raised in any opposition. They can also respond to any motions filed by other parties.

Leaving the current deadlines in place, moreover, would not harm movants. They do not suggest that they are seriously considering filing any motion that would be due under either deadline. So it is hard to see why they need to consult

and coordinate with any future petitioners.  If anything, movants' actions belie their professed preference for coordination:  On the one issue where it might actually make sense to wait until all parties appear—whether to use a deferred joint appendix—movants went ahead and announced the (existing) parties' intent. Petitioners' Statement of Intent to Use Deferred Joint Appendix (Mar. 20, 2026).

More to the point, movants put themselves in the position that they now complain about.  They chose to file their petition on day 1.  And they knew—from having litigated lots of complex, multi-party petitions in this Circuit—that doing so would mean that their "deadlines will fall increasingly out of sync with timelines" for later petitioners.  Mot. 4; *see, e.g.*, *Texas*, Case No. 22-1031; *Kentucky*, Case No. 24-1087; *West Virginia v. EPA*, Case No. 24-1120 (D.C. Cir.).  The fallout from their choice cannot count as "prejudice" to them.  Mot. 4.

Extending the motions deadlines, however, would prejudice EPA.  *Contra id.* at 4-5.  An extension could potentially delay merits briefing by two months and deny EPA and the American people a prompt resolution and the certainty it would bring.  That outcome is unwarranted when there is no sign that *any* petitioner (real or imagined) wants to engage in motions practice.

Finally, EPA's consent elsewhere to extend motions deadlines does not help movants.  The examples they cite all come from motions in which EPA also requested more time for its certified index.  *See id.* at 5 (citing ECF Nos. 1865750,

1630686, 1817810, 1584760).  Here, by contrast, EPA already filed the certified index.  EPA's Notice of Filing of Certified Index to the Administrative Record (Mar. 11, 2026).

The Court should thus deny the extension request.  But if it were to grant that request, EPA asks that the Court also set a deadline now of April 27, 2026, for the parties to propose the briefing schedule and format.  *See* Mot. 3 (expecting coordination on case management).  That deadline would encourage the parties to promptly discuss the timing of forthcoming filings and avoid unnecessary delays in briefing this case.  *See* Order, *Kentucky*, Case No. 24-1087 (June 5, 2024) (issuing order, during 60-day review period, that sets the deadline to propose briefing schedule and format at less than a month from date of the order).

Dated: March 23, 2026

Adam R.F. Gustafson
*Principal Deputy Assistant Attorney General*

*/s/ Robert N. Stander*
Robert N. Stander
*Deputy Assistant Attorney General*

Riley Walters
Sue Chen
Daniel J. Martin
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
(202) 717-7067 (Stander)

(202) 718-3109 (Walters)
(202) 598-5334 (Chen)
(202) 598-1869 (Martin)
robert.stander@usdoj.gov
riley.walters@usdoj.gov
sue.chen@usdoj.gov
daniel.martin3@usdoj.gov

## Certificates of Compliance and Service

I certify that this filing complies with Fed. R. App. P. 27(d)(1)(E) because it uses 14-point Times New Roman, a proportionally spaced font.

I also certify that this filing complies with Fed. R. App. P. 27(d)(2)(A), because by Microsoft Word's count, it has 976 words, excluding the parts exempted under Fed. R. App. P. 32(f).

Finally, I certify that on March 23, 2026, I filed the foregoing with the Court's CMS/ECF system to notify each CMS/ECF-registered party electronically mailed the foregoing to John Worthington at worthingtonjw2u@hotmail.com.

/s/ Sue Chen