**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

|  |  |
|---|---|
| ZERO EMISSION TRANSPORTATION ASSOCIATION, INC., <br><br> *Petitioner*, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and LEE M. ZELDIN, in his official capacity as Administrator of the United States Environmental Protection Agency, <br><br> *Respondents*. | Case No. 26-1039 <br> Lead Case No. 26-1037 <br> (and consolidated cases) |

**PETITIONER ZERO EMISSION TRANSPORTATION ASSOCIATION'S
NON-BINDING STATEMENT OF ISSUES**

Pursuant to the Court's Order of February 23, 2026, petitioner in Case No. 26-1039, the Zero Emission Transportation Association, Inc. (ZETA), submits the following non-binding statement of issues to be raised in this proceeding concerning the final rule of the U.S. Environmental Protection Agency (EPA) entitled "Rescission of the Greenhouse Gas Endangerment Finding and Motor Vehicle Greenhouse Gas Emission Standards Under the Clean Air Act," and published in the Federal Register at 91 Fed. Reg. 7686 (Feb. 18, 2026) (Repeal Rule).

1. Whether the Repeal Rule is arbitrary, capricious, and/or contrary to law because it is foreclosed by binding Supreme Court and D.C. Circuit precedent.

2. Whether the Repeal Rule is arbitrary, capricious, and/or contrary to law because it rests on an incorrect interpretation of Section 202(a)(1) of the Clean Air Act, 42 U.S.C. § 7521(a)(1), and erroneously invokes the major questions doctrine to negate EPA's settled authority to regulate greenhouse gas emissions from motor vehicles.

3. Whether the Repeal Rule is arbitrary, capricious, and/or contrary to law because it erroneously rejects EPA's previous approach to making the endangerment and contribution findings required under Section 202(a)(1) of the Clean Air Act, 42 U.S.C. § 7521(a)(1).

4. Whether the Repeal Rule is arbitrary, capricious, contrary to law, contrary to the record, and/or otherwise unsupported because it rests on the erroneous conclusions that EPA may decline to regulate pollutants on grounds of "futility," and that regulating greenhouse gas emissions from motor vehicles is futile.

5. Whether the Repeal Rule is arbitrary, capricious, and/or contrary to law because EPA failed to adequately consider reliance interests, failed to adequately respond to material public comments, and otherwise failed to provide a reasoned explanation for its decision.

Petitioner reserves the right to refine or supplement these issues in subsequent submissions, including to present and argue any other issues that have been preserved for judicial review.

Dated: March 25, 2026

Respectfully submitted,

*/s/ Meghan E. Greenfield*
Meghan E. Greenfield
Elizabeth B. Deutsch
Elizabeth H. Starr
Maura E. Smyles
Jenner & Block LLP
1099 New York Ave., NW, Suite 900
Washington, DC 20001
(202) 639-6000
mgreenfield@jenner.com
edeutsch@jenner.com
estarr@jenner.com
msmyles@jenner.com

*Counsel for Petitioner Zero Emission Transportation Association*

## CERTIFICATE OF SERVICE

Pursuant to Rule 25 of the Federal Rules of Appellate Procedure and Circuit Rule 25(c), I hereby certify that, on this 25th day of March 2026, I caused the foregoing to be electronically filed with the Clerk of the Court through the Court's CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system, save for Mr. Worthington, who will be served by email per his request.

Dated: March 25, 2026                     Respectfully submitted,

                                          /s/ *Meghan E. Greenfield*
                                          Meghan E. Greenfield