**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS FOR
THE DISTRICT OF COLUMBIA CIRCUIT**

_____
                                     )

AMERICAN PUBLIC HEALTH        )
ASSOCIATION, et al.,               )
                                     )

        Petitioners,            )
                                     )

        v.                   )      Case Nos. 26-1037 and
                                     )      consolidated cases

UNITED STATES ENVIRONMENTAL )
PROTECTION AGENCY and LEE     )
ZELDIN, Administrator, U.S.         )
Environmental Protection Agency,   )
                                     )

        Respondents.           )
_____)

**REPLY IN SUPPORT OF MOTION TO EXTEND
AND ALIGN MOTIONS DEADLINES**

On March 13, 2026, Petitioners in Case No. 26-1037 ("Public Health and

Environmental Petitioners" or "Movants") moved the Court to extend their

procedural and dispositive motions deadlines so that they align with those

applicable to other petitioners who may challenge the EPA rulemaking at issue

here. *See* ECF 2163614 ("Motion"). When providing their positions on that

motion, Petitioners in Case Nos. 26-1039, 26-1043, and 26-1051 requested that any

realignment of deadlines apply to their petitions as well.[1]  The opposition of

Respondents EPA, et al., ECF 2165141 ("Opposition"), raises no reasonable

objection to those alignment requests, which are commonplace, commonsense, and

without prejudice to any party in this case.

*First,* Movants' request is commonplace.  As the Motion shows, aligning

deadlines among petitioners in challenges to a Clean Air Act rulemaking is routine

practice given that statute's unique judicial review provisions and this Court's

procedures for consolidating Clean Air Act petitions for review.  EPA claims the

Court should disregard that longstanding practice because EPA has not requested a

parallel extension of its administrative record deadline here.  *See* Opp. at 4-5.  But

the fact that EPA is opposing this routine request does not change the underlying

logic: alignment of deadlines is commonly requested and granted because it is

reasonable and efficient in multi-petition cases like this.  Notably, EPA does not

cite any instance where the Court has denied such a request – despite the fact that

such alignment motions often depend on assumptions about "hypothetical future

petitioners."  *See id.* at 1.

---

[1] Counsel were unable to secure a position from petitioners in Case No. 26-1038 and Case No. 26-1061 had not yet been filed.  Those petitioners now state that they consent to this motion and request that any realignment of deadlines apply to their petition as well.

*Second,* Movants' request reflects common sense. Aligning deadlines of parties who might wish to address the same (or related) procedural or dispositive questions is plainly in the interest of judicial efficiency. It ensures motions on those common issues can be filed together, responded to together, and decided together. Holding early parties to earlier deadlines does not change the timeline for when the last motion may be filed, but it does raise the prospect that the Court will be presented with questions seriatim that would more reasonably be considered together.[2]

EPA advances no plausible arguments to the contrary. EPA claims Movants do not explain why the identity of later-filing parties would be significant to them. *Id.* at 3. But the interests of co-petitioners in a consolidated case are evidently relevant: aligning deadlines ensures all parties have an opportunity to confer regarding any motions they intend to file, to assess how those motions may affect

---

[2] EPA suggests Movants cannot claim an interest in aligning with later petitioners when they timely submitted their statement of intent to use a deferred joint appendix. But use of a deferred appendix is conventional in large rulemaking challenges like this, and any disagreement raised by a later-filing party could be easily addressed by the Court. Divergence in the content of early- and late-filed motions, however, or changes to the scope of the case that might alter the premises of those motions, presents a problem different in both kind and scope.

the scope of the issues before the Court and, to adjust, in turn, the appropriate scope and/or sequencing of their own requests.[3]

EPA also cannot plausibly assert that Movants' request should be denied because there is no evidence that additional parties will join the case, or, if they do, that they will present any motions to the Court. As support for the former claim, EPA improbably cites the fact that the Motion *already* correctly forecast one such group of later-filing parties. *See id.* at 2-3. It is not unduly speculative to forecast that other parties may yet join the case when the period for filing petitions extends for several more weeks and late-filing parties are a relatively routine occurrence in these large cases. *See, e.g., Utah v. EPA*, D.C. Cir. No. 23-1157, et al. (10 petitions filed on 59th and 60th days); *Union of Concerned Scientists v. EPA*, D.C. Cir. No. 19-1230, et al. (7 petitions filed in last 11 days, with 3 petitions filed on 59th day); *Am. Lung Ass'n v. EPA*, D.C. Cir. No. 19-1140, et al. (8 petitions filed on 59th and 60th days); *North Dakota v. EPA*, D.C. Cir. No. 15-1381, et al. (8 petitions filed in last week).

---

[3] The current non-alignment of the motions deadlines is not a "predicament of [Movants'] own making," Opp. at 2, so much as the natural consequence of individual and distinct parties exercising their statutory rights. Congress chose to give all would-be petitioners 60 days to decide whether to file a challenge. Any misalignments created by the overlap of that 60-day window and this Court's scheduling practices can be – and in the normal course, is – resolved by a commonplace alignment motion like the one Movants filed.

EPA's assertion that it is speculative to imagine later petitioners will have an interest in motions practice is equally strained. *See* Opp. at 3. There is no logical reason why later-filing parties would have a lesser interest in motions practice than earlier-filing parties, which is why each is afforded an opportunity to raise such motions as it sees fit. Nor is the lack of motions practice in past cases cited by Respondents, *see id.* at 3, evidence of what motions parties might find appropriate in this case, which addresses a new rule from a new Administration advancing new legal theories.

EPA is similarly off-base in claiming the requested relief is unwarranted because Movants have not identified the motions they plan to file – not least because the point of this request is to ensure that Movants, and the other petitioners in this matter, have the ability to file motions that may not be foreseeable at this juncture. But in any event, EPA is incorrect to assume away motions practice in this case. Several petitioners have, this afternoon, submitted a letter to EPA identifying, among other issues, concerns with the certified administrative record, which will need to be resolved in motions practice if EPA does not voluntarily address those errors as requested.

*Third,* the relief requested in the Motion is not prejudicial to Respondents or any other party. Respondents claim this request will "unnecessarily delay[]" resolution of the case, *id.* at 2, but Movants' request is not to extend deadlines

beyond those afforded by the local rules but simply to align deadlines consistent with those rules. Indeed, while Respondents suggest that Movants' request "could potentially delay merits briefing by two months," *id.* at 4, Respondents themselves acknowledge, *see id.* at 2-3, that an additional petition was recently filed by a group of more than forty states and local governments, and consolidated with this case on March 20th. ECF 2164588. Those petitioners' motions deadlines already stretch into early May – half the supposed two-month "delay" to which Respondents object.

Finally, Respondents request, if the Motion is granted, that the Court also require submission of briefing proposals on April 27th. Opp. at 5. That request deviates from this Court's typical practice and should be rejected. First, Respondents' proposal would require that the parties negotiate merits briefing schedules before *existing* deadlines for pre-merits motions have run. But this Court's resolution of even procedural pre-merits motions may inform the proper timing and scope of the merits case, to say nothing of possible dispositive pre-merits motions. Proposals submitted on Respondents' timeline would therefore necessarily be premature.

Second, Respondents' proposal is unworkable. This Court has typically given parties in complex cases 30 days to negotiate merits briefing proposals, presumably in recognition of the fact that such a period increases the likelihood

that the parties can craft a joint proposal that avoids the need for the Court to resolve disputes. *See, e.g.*, *Utah v. EPA*, D.C. Cir. No. 23-1157, et al. (filing period closed August 4th; October 11th order requested briefing proposals 30 days later); *Union of Concerned Scientists v. EPA*, D.C. Cir. No. 19-1230, et al. (filing period closed November 26th; February 4th order requested briefing proposals 29 days later); *Am. Lung Ass'n v. EPA*, D.C. Cir. No. 19-1140, et al. (filing period closed September 6th; November 22nd order requested briefing proposals 31 days later). With parties joining this case as late as April 20th, requiring briefing proposals by April 27th would leave the parties only a week after the universe of parties is determined to negotiate the timing, size, and division of briefing.[4] A single week would be an impracticable interval for reaching consensus here given the large number of parties already in the case – at present, over 120 distinct entities or individuals – and the likelihood that consensus will require the exchange of iterative proposals and counterproposals from the diverse interests represented in this matter. Neither the parties nor the Court is served by a premature deadline for briefing proposals that is almost certain to promote chaos, rather than consensus.

---

[4] And that is assuming the identity of all parties is known on April 20th. Docketing of petitions filed at the end of a briefing period is sometimes delayed, so the full list of parties with equities in the briefing proposal may not even be known to the parties until days later.

For the foregoing reasons, Public Health and Environmental Petitioners in Case No. 26-1037 respectfully request that the Court extend their procedural motions deadline to May 20, 2026, and their dispositive motions deadlines to June 4, 2026; reset the deadlines for other petitioners as they have requested; and deny EPA's request for premature briefing proposals.

DATED:  March 30, 2026

Rachel Heron
Abirami Vijayan
David Doniger
Julia Forgie
Meredith Hankins
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, D.C.  20005
(202) 836-9329 (Heron)
rheron@nrdc.org
avijayan@nrdc.org
ddoniger@nrdc.org
jforgie@nrdc.org
mhankins@nrdc.org

*Counsel for Petitioner Natural Resources Defense Council*

Respectfully submitted,

/s/ *Chloe H. Kolman*
Chloe H. Kolman
Megan M. Herzog
Sean H. Donahue
Keri R. Davidson
Donahue, Goldberg & Herzog
1008 Pennsylvania Ave., SE
Washington, D.C.  20003
(202) 372-5270 (Kolman)
chloe@donahuegoldberg.com
megan@donahuegoldberg.com
sean@donahuegoldberg.com
keri@donahuegoldberg.com

Vickie L. Patton
Peter Zalzal
Alice Henderson
Stephanie Jones
Ryland Shengzhi Li
Environmental Defense Fund
2060 Broadway St., Ste. 300
Boulder, Colorado 80302
(303) 447-7214
vpatton@edf.org
pzalzal@edf.org
ahenderson@edf.org
sjones@edf.org

8

ryli@edf.org

*Counsel for Petitioner Environmental
Defense Fund*

Jason Rylander
David Pettit
Lauren Parker
Center for Biological Diversity
1411 K Street NW, Suite 1300
Washington, D.C.  20005
(510) 844-7100 (Pettit)
dpettit@biologicaldiversity.org

*Counsel for Petitioner Center
for Biological Diversity*

Veronica Saltzman (D.C. Cir. Bar 64096)
Francis W. Sturges, Jr. (D.C. Cir. Bar 64964)
Shaun A. Goho (D.C. Cir. Bar 54655)
Clean Air Task Force
114 State Street, 6th Floor
Boston, MA  02109
(617) 624-0234
vsaltzman@catf.us

*Counsel for Petitioners American Public
Health Association, Alliance of Nurses for
Healthy Environments, American Lung
Association, and Clean Wisconsin*

James Crowley
Conservation Law Foundation
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI  02908
(401) 228-1905
jcrowley@clf.org

*Counsel for Petitioner
Conservation Law Foundation*

Hana V. Vizcarra
Marvin C. Brown IV
Earthjustice
1250 I Street NW, 4th Floor
Washington, D.C.  20005
(202) 667-4500
hvizcarra@earthjustice.org
mcbrown@earthjustice.org

*Counsel for Petitioners Center for
Community Action and Environmental
Justice, Clean Air Council, Friends of the
Earth, Physicians for Social Responsibility,
Rio Grande International Study Center, and
Union of Concerned Scientists*

Brian H. Lynk
(D.C. Bar No. 459525)

Adina H. Rosenbaum
Allison M. Zieve

9

Environmental Law & Policy Center
740 15th Street NW, Suite 700
Washington, D.C. 20005
(240) 461-4241
blynk@elpc.org

*Counsel for Petitioner*
*Environmental Law & Policy Center*

Public Citizen Litigation Group
1600 20th Street NW
Washington, D.C. 20009
(202) 588-1000
arosenbaum@citizen.org

*Counsel for Petitioner Public Citizen*

Andres Restrepo
Joshua Berman
Sierra Club
50 F Street NW, Eighth Floor
Washington, D.C. 20001
(856) 240-0964 (Restrepo)
andres.restrepo@sierraclub.org
josh.berman@sierraclub.org

Vera Pardee
726 Euclid Avenue
Berkeley, CA 94708
(858) 717-1448
pardeelaw@gmail.com

*Counsel for Petitioner Sierra Club*

**CERTIFICATE OF COMPLIANCE**

I hereby certify on this 30th day of March, 2026, that the foregoing Motion complies with the word limits of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,598 words, excluding parts of the document exempted by Federal Rule of Appellate Procedure 32(f). I further certify that this document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) & (6) because this document has been prepared in 14-point Time New Roman font, a proportionally spaced typeface, using Microsoft Word.

/s/ *Chloe H. Kolman*
Chloe H. Kolman

**CERTIFICATE OF SERVICE**

I hereby certify on this 30th day of March, 2026, that the foregoing Motion has been filed with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit, using the CM/ECF System. The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system, save for Mr. Worthington, who will be served by email per his request in ECF No. 2162370.

/s/ *Chloe H. Kolman*
Chloe H. Kolman