RECEIVED
MAR 31 2026
UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

**ORAL ARGUMENT NOT YET SCHEDULED**

**UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| AMERICAN PUBLIC HEALTH ASSOCIATION, WASHINGTON STATE, KING COUNTY et al.,<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and LEE ZELDIN, Administrator, U.S. Environmental Protection Agency,<br><br>Respondents,<br><br>JOHN WORTHINGTON,<br><br>Proposed Intervenor/Amicus. | Case No. 26-1037, 26-1038, 26-1039, 26-1043, 26-1051<br><br>**MOTION FOR SUMMARY DISPOSITION**<br><br>**(Affirming the Substantive Rescission While Remanding or Limited NEPA Review in the Alternative)** |

Pursuant to Federal Rule of Appellate Procedure 27 and D.C. Circuit Rule 27, John Worthington, Proposed Intervenor and Amicus ("Movant"), respectfully moves for summary disposition of this petition for review.

Movant previously filed a document styled as a "Motion for Summary Judgment" on March 26, 2026. Movant now files this Motion for Summary Disposition using the proper terminology for petitions for review in this

1

Court while preserving the identical substantive arguments and requested relief.

Movant supports the **substantive policy** of the EPA's 2026 Rescission of the 2009 Greenhouse Gas Endangerment Finding (91 Fed. Reg. 7686) as a proper realignment with the best reading of the Clean Air Act and the Major Questions Doctrine. However, the EPA committed a fatal procedural error by relying on a de facto "functional equivalence" exemption to bypass review under the National Environmental Policy Act (NEPA). Because the EPA has admitted in its Opposition to Movant's intervention that it lacks "statutory purview" over the international/transboundary "American-to-global shipping emissions shuffle" triggered by the original Finding and its rescission, the Clean Air Act cannot serve as a functional equivalent to NEPA in this case.

## Relief Sought

Movant respectfully requests that the Court:

1. Grant summary disposition affirming the substantive decision to rescind the 2009 Endangerment Finding and related motor vehicle greenhouse gas standards; and

2. In the alternative, remand the matter to the EPA without vacatur with instructions to conduct a full Environmental Impact Statement (EIS)

2

under NEPA focused on transboundary and international shipping emissions impacts; or

3. In the further alternative, stay the Rescission pending Congressional clarification of the Agency's authority to consider global environmental consequences of its policy shifts.

## I. Introduction and Grounds for Summary Disposition

The merits of the core legal question are whether the EPA properly rescinded the 2009 Endangerment Finding under the Clean Air Act in light of *West Virginia v. EPA*, 597 U.S. 697 (2022), and *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024), and are sufficiently clear that full briefing and oral argument would add little value. However, the procedural path taken by the EPA is not. The Agency's own admission in its March 12, 2026 Opposition to Intervention creates an irreconcilable tension with any claim of "functional equivalence" to NEPA review under *Portland Cement Ass'n v. Ruckelshaus*, 486 F.2d 375 (D.C. Cir. 1973), and *Environmental Defense Fund, Inc. v. EPA*, 489 F.2d 1247 (D.C. Cir. 1973).

This case has particular significance to the State of Washington and King County, Washington, both of which have joined the petitioners in challenging the rescission. As a resident of Sequim, Washington, located on the Strait of Juan de Fuca with direct exposure to Pacific Ocean and

3

international shipping traffic, Movant brings a distinct coastal perspective on the transboundary emissions impacts that Washington and King County entities are actively litigating. The EPA's admission that these international shipping effects fall outside its statutory purview makes a targeted NEPA review especially warranted to protect local coastal environments without undermining the substantive rescission.

## II. Statement of Undisputed Material Facts

1. On February 12, 2026, the EPA finalized its rescission of the 2009 Greenhouse Gas Endangerment Finding and repealed related federal greenhouse gas standards for motor vehicles.

2. The EPA conducted no NEPA analysis, claiming a categorical "functional equivalence" exemption based on the Clean Air Act.

3. In opposing Movant's intervention, the EPA expressly stated that international shipping emissions triggered by the "American-to-global shipping emissions shuffle" are "outside of the Agency's statutory purview." EPA Resp. in Opp. at 2–3, ECF No. 2163207 (Mar. 12, 2026).

4. Washington State (through Attorney General Nick Brown) and King County, Washington, have joined the petitioners' coalition challenging the rescission.

## II. Argument

The EPA's admission that it lacks statutory purview over key global impacts destroys the premise of the functional equivalence doctrine. That doctrine, first articulated in *Portland Cement Ass'n v. Ruckelshaus*, 486 F.2d 375 (D.C. Cir. 1973), and applied in *Environmental Defense Fund, Inc. v. EPA*, 489 F.2d 1247 (D.C. Cir. 1973), applies only when the agency's organic statute requires a process that is the "functional equivalent" of NEPA's "hard look," including substantive and procedural standards that ensure full and adequate consideration of environmental issues and public participation. If the Clean Air Act renders the Agency "blind" to transboundary shipping consequences — as the EPA itself asserts — then the statute cannot substitute for NEPA.

This procedural failure renders the rescission arbitrary and capricious under *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29 (1983), because the Agency "entirely failed to consider an important aspect of the problem." The involvement of Washington State and King County as petitioners further underscores the local importance of ensuring a

5

complete environmental review of transboundary effects on Puget Sound and coastal communities such as Sequim.

The Court can efficiently resolve the clear substantive legal issues while correcting this narrow procedural defect through a limited remand **without vacatur**, a remedy routinely employed by this Court in EPA rulemaking cases to avoid unnecessary disruption while the agency addresses discrete deficiencies (see, e.g., *North Carolina v. EPA*, 550 F.3d 1176 (D.C. Cir. 2008) (modifying judgment to remand without vacatur)). In the alternative, if the Court determines that the EPA's lack of purview creates an irreconcilable statutory gap, the proper course is a stay to permit Congressional clarification.

### III.  Conclusion

For the foregoing reasons, Movant respectfully requests that the Court grant this Motion for Summary Disposition and provide the relief outlined above.

Respectfully Submitted this 27th day of March 2026.

/s/ John Worthington
John Worthington
303 S. 5TH Ave. G-53
Sequim WA. 98382

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), I hereby certify that this brief complies with the type-volume limitation because it contains 908 words excluding the parts exempted by Fed. R. App. P. 32(a)(7)(B)(iii) and Cir. R. 32(a)(1). I further certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typeface style requirements of Fed. R. App. P. 32(a)(6) because the brief was prepared in 14-point Times New Roman font using Microsoft Word.

Dated: March 27, 2026,

Respectfully submitted,

/s/ John Worthington
John Worthington
303 S. 5TH Ave. G-53
Sequim WA. 98382

## CERTIFICATE OF SERVICE

I certify that on March 26, 2026, I caused a copy of the foregoing to be filed and served by e-mail to counsel of record. Participants in the case who are registered CM/ECF users will also be served by the CM/ECF system.

Respectfully submitted, this 26th day of March 2026.

Respectfully submitted,

/s/ John Worthington
John Worthington
303 S. 5TH Ave. G-53
Sequim WA. 98382

J. WORTHINGTON
303 S. 5TH AVE G-53
SEQUIM WA. 98382



U.S. COURT OF APPEALS
FOR THE D.C. CIRCUIT
333 CONSTITUTION AVE NW 5205
WASHINGTON DC 20001

20001-286699