# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 26-1037**                                    **September Term, 2025**

**EPA-91FR7686**

**Filed On: April 22, 2026** [2169888]

American Public Health Association, et al.,

        Petitioners

        v.

Environmental Protection Agency and Lee
M. Zeldin, Administrator, U.S.
Environmental Protection Agency,

        Respondents

------------------------------

American Free Enterprise Chamber of
Commerce, et al.,
        Intervenors
------------------------------

Consolidated with 26-1038, 26-1039,
26-1043, 26-1051, 26-1061, 26-1083,
26-1090

## O R D E R

Upon consideration of the motions for leave to intervene filed by:

Nuckles Oil Company, Inc., Liberty Packing Company, LLC., Western States Trucking Association, Inc., Construction Industry Air Quality Coalition, Inc., State of Mississippi, State of Missouri, State of Alabama, State of Georgia, State of Tennessee, State of Ohio, State of Louisiana, Commonwealth of Kentucky, State of Idaho, State of Utah, State of Oklahoma, State of Arkansas, State of Alaska, State of Iowa, State of South Dakota, State of Montana, State of West Virginia, State of Kansas, State of North Dakota, State of Florida, State of Wyoming, State of Texas, State of Indiana, State of South Carolina, State of Nebraska, National Federation of Independent Business, Illinois Corn Growers Association, Kentucky Corn Growers Association, Missouri Corn Growers Association, American Free Enterprise Chamber of Commerce, Iowa Corn Growers Association, Tennessee Corn Growers Association, North Dakota Corn Growers Associations, NACCO Natural Resources Corporation, Truck and Engine Manufacturers Association, CO2 Coalition, American Petroleum Institute, Domestic

# United States Court of Appeals
## For The District of Columbia Circuit
_____

**No. 26-1037**　　　　　　　　　　　　**September Term, 2025**

Energy Producers Alliance, John Worthington,

it is **ORDERED** that the motions be granted.

Circuit Rules 28(d) and 32(e)(2) govern the filing of briefs by intervenors. A schedule for the filing of briefs will be established by future order. That order will automatically provide briefing only for intervenors on the side of respondents. Any intervenor(s) intending to participate in support of petitioners must so notify the court, in writing, within 14 days of the date of this order. Such notification must include a statement of the issues to be raised by the intervenor(s). This notification will allow tailoring of the briefing schedule to provide time for a brief as intervenor on the side of petitioners. Failure to submit notification could result in an intervenor being denied leave to file a brief.

Intervenors supporting the same party are reminded that they **must** file a joint brief or certify to the court why a separate brief is necessary. Intervenors' attention is particularly directed to D.C. Circuit Handbook of Practice and Internal Procedures 39 (2025), which describes "unacceptable" grounds for filing separate briefs. Failure to comply with this order may result in the imposition of sanctions. See D.C. Cir. Rule 39.

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:　　/s/
　　　　Francis A. Walter
　　　　Deputy Clerk