**UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| AMERICAN PUBLIC HEALTH ASSOCIATION, WASHINGTON STATE, KING COUNTY et al., | Case No. 26-1037, 26-1038, 26-1039, 26-1043, 26-1051, 26-1083 |
| Petitioners, | |
| v. | OPPOSITION OF PROPOSED INTERVENOR-RESPONDENT / PROPOSED AMICUS JOHN WORTHINGTON TO PETITIONERS' JOINT MOTION TO DEFER MERITS BRIEFING |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and LEE ZELDIN, Administrator, U.S. Environmental Protection Agency, | |
| Respondents, | UNITED STATES COURT OF APPEALS FOR DISTRICT OF COLUMBIA CIRCUIT |
| JOHN WORTHINGTON, | APR 24 2026 |
| Proposed Intervenor/Amicus. | **RECEIVED** |

Proposed Intervenor-Respondent / Proposed Amicus John Worthington respectfully opposes Petitioners' joint motion to defer entry of an order calling for merits briefing proposals until at least June 4, 2026.

## I. Introduction

The requested deferral is unnecessary and would cause unwarranted delay in this early-stage case. Petitioners' motion rests on the claim that EPA introduced "new methodology" after the comment period. Even

1

assuming that claim has merit, it is a substantive issue that can and should be addressed during normal merits briefing. A multi-month pause is not required for judicial economy.

## II. Petitioners' Alleged Irreparable Harm Is Largely Self-Inflicted

Petitioners assert that the rescission causes irreparable injury to public health and the environment in Washington and the globe. This claim overlooks a critical reality that any increased pollution burden in the Pacific Northwest or the globe, particularly in Clallam County and Sequim, stems in significant part from Petitioners' own policy choices.

Under RCW 36.70A.070(7) and parallel local planning frameworks, Washington State, King County, Clallam County, the City of Sequim and most if not the rest of the "coalition" have prioritized residential development in the "UGA", "open spaces" where farms used to be and international trade expansion. These decisions have directly increased reliance on trucking emissions related to international maritime and air shipping through port infrastructure, trade zones, and economic development plans. The resulting unregulated bunker-fuel and jet fuel emissions are physically transported via the mid-latitude jet stream into the Strait of Juan de Fuca and local airsheds, a transboundary impact that Petitioners' own policies have helped amplify.

Petitioners cannot credibly claim irreparable harm from the rescission while pursuing land-use, international and federal grant policies that heighten dependence on the very global sources they now decry. This regulatory asymmetry of strict domestic compliance paired with facilitation of unregulated international emissions, is precisely the imbalance the 2009 Endangerment Finding created and the 2026 rescission corrects.

### III. The Procedural Objection Does Not Justify Delay

Petitioners' complaint about "new methodology" is a merits issue, not grounds for postponing the entire briefing schedule. The Court can address notice-and-comment concerns once the administrative record is before it. Delaying proceedings would only prolong uncertainty without resolving the underlying legal questions.

### IV. Conclusion

The motion to defer should be denied. The case should proceed promptly to setting a merits briefing schedule. Amicus / Proposed Intervenor's localized perspective on the self-inflicted nature of the claimed harm and the resulting regulatory asymmetry provides a distinct viewpoint that supports efficient resolution on the merits.

Respectfully Submitted this 17th day of April 2026.

/s/ John Worthington
John Worthington
303 S. 5TH Ave. G-53
Sequim WA. 98382

4

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), I hereby certify that this brief complies with the type-volume limitation because it contains 412 words excluding the parts exempted by Fed. R. App. P. 32(a)(7)(B)(iii) and Cir. R. 32(a)(1). I further certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typeface style requirements of Fed. R. App. P. 32(a)(6) because the brief was prepared in 14-point Times New Roman font using Microsoft Word.

Dated: April 17, 2026,

Respectfully submitted,

/s/ John Worthington
John Worthington
303 S. 5TH Ave. G-53
Sequim WA. 98382

## CERTIFICATE OF SERVICE

I certify that on March 17, 2026, I caused a copy of the foregoing to be filed and served by e-mail to counsel of record. Participants in the case who are registered CM/ECF users will also be served by the CM/ECF system.

Respectfully submitted, this 17th day of April 2026.

Respectfully submitted,

/s/ John Worthington
John Worthington
303 S. 5TH Ave. G-53
Sequim WA. 98382

JOHN WORTHINGTON
303 S. 5TH AVE G-53
SEQUIM WA. 9838)



SEATTLE WA

20 APR 2025 PM 4

FREEDOM
FOREVER/USA

U.S. COURT OF APPEALS
FOR THE DC CIRCUIT
333 CONSTITUTION AVE NW 5205
WASHINGTON, DC 20001

200132866 C003