# UNITED STATES COURT OF APPEALS
## DISTRICT OF COLUMBIA CIRCUIT

**333 Constitution Avenue, NW**
**Washington, DC 20001-2866**
**Phone: 202-216-7000 | Facsimile: 202-219-8530**

## DOCKETING STATEMENT
*Administrative Agency Review Proceedings (To be completed by appellant/petitioner)*

1. CASE NO. 26-1083          2. DATE DOCKETED: 04-08-2026

3. CASE NAME (lead parties only) Alaska Institute for Justice  v.  U.S. Environmental Protection Agency

4. TYPE OF CASE: ☒ Review ☐ Appeal ☐ Enforcement ☐ Complaint ☐ Tax Court

5. IS THIS CASE REQUIRED BY STATUTE TO BE EXPEDITED? ○ Yes ◉ No
   If YES, cite statute _____

6. CASE INFORMATION:
   a. Identify agency whose order is to be reviewed: U.S. Environmental Protection Agency
   b. Give agency docket or order number(s): EPA-HQ-OAR-2025-0194, rule pub'd at 91 Fed. Reg. 7686
   c. Give date(s) of order(s) 02/18/2026

   d. Has a request for rehearing or reconsideration been filed at the agency? ◉ Yes ○ No
      If so, when was it filled? See attached   By whom? See attached

      Has the agency acted? ○ Yes ◉ No   If so, when? _____

   e. Identify the basis of appellant's/petitioner's claim of standing. <u>See</u> D.C. Cir. Rule 15(c)(2):
      See attached.
      _____

   f. Are any other cases involving the same underlying agency order pending in this Court or any other?
      ◉ Yes ○ No     If YES, identify case name(s), docket number(s), and court(s)
      See attached.

   g. Are any other caess, to counsel's knowledge, pending before the agency, this Court, another Circuit
      Court, or the Supreme Court which involve *substantially the same issues* as the instant case presents?

      ○ Yes ◉ No     If YES, give case name(s) and number(s) of these cases and identify court/agency:
      _____

   h. Have the parties attempted to resolve the issues in this case through arbitration, mediation, or any other
      alternative for dispute resolution? ○ Yes ◉ No   If YES, provide program name and participation dates.
      _____
      _____

Signature /s/ Hana V. Vizcarra          Date 05/13/2026
Name of Party (Print) Alaska Institute for Justice, et al.
Name of Counsel for Appellant/Petitioner (Print) Hana V. Vizcarra
Address 1250 I Street NW, 4th Floor, Washington, D.C. 20005
E-Mail hvizcarra@earthjustice.org     Phone ( 202 ) 667-4500     Fax ( ___ ) _____-_____

### ATTACH A CERTIFICATE OF SERVICE

**Note:** If counsel for any other party believes that the information submitted is inaccurate or incomplete, counsel may so advise the Clerk within 7 calendar days by letter, with copies to all other parties, specifically referring to the challenged statement. An original and three copies of such letter should be submitted.

USCA Form 41
August 2009 (REVISED)

# IN THE UNITED STATES COURT OF APPEALS FOR
## THE DISTRICT OF COLUMBIA CIRCUIT

_____

)

ALASKA INSTITUTE FOR JUSTICE,   )
et al.,   )

)

      Petitioners,   )

)

      v.   )     Case No. 26-1083 and

)       consolidated cases

UNITED STATES ENVIRONMENTAL   )
PROTECTION AGENCY and LEE   )
ZELDIN, Administrator, U.S.   )
Environmental Protection Agency,   )

)

      Respondents.   )

_____)

## ATTACHMENT TO DOCKETING STATEMENT

Petitioners in Case No. 26-1083 include this attachment in response to

questions 6(d), 6(e), and 6(f) of the Docketing Statement.

**Response to Question 6(d), has a request for rehearing or**

**reconsideration been filed at the agency?** Yes.

The following dates and parties filed reconsideration at the agency:

April 1, 2026: Commonwealths of Massachusetts and Virginia; Josh Shapiro, in his

official capacity as Governor of the Commonwealth of Pennsylvania; and the

States of Arizona, California, Colorado, Connecticut, Delaware, Hawaiʻi, Illinois,

Maine, Maryland, Michigan, Minnesota, Nevada, New Jersey, New Mexico, New York, North Carolina, Oregon, Rhode Island, Vermont, Washington, Wisconsin; the District of Columbia; the Cities of Boston, Massachusetts; Chicago, Illinois; Cleveland, Ohio; Los Angeles, California; New York, New York; and Oakland, California; the Counties of Harris, Texas; Martin Luther King, Jr., Washington; and Santa Clara, California; and the Cities and Counties of Denver, Colorado, and San Francisco, California.

April 14, 2026: Zero Emission Transportation Association.

April 15, 2026: Environmental Defense Fund, Natural Resources Defense Council, Union of Concerned Scientists, Earthjustice, Sierra Club, Clean Air Task Force, Environmental Law & Policy Center, Conservation Law Foundation, Public Citizen, Physicians for Social Responsibility, Clean Wisconsin, Clean Air Council, American Public Health Association, American Lung Association, Center for Biological Diversity, and Alliance of Nurses for Healthy Environments.

April 16, 2026: Service Employees International Union.

**Response to Question 6(e), identify the basis of petitioner's claim of standing:**

Petitioners seek review of the U.S. Environmental Protection Agency ("EPA")'s final rule entitled "Rescission of the Greenhouse Gas Endangerment Finding and Motor Vehicle Greenhouse Gas Emission Standards Under the Clean

Air Act," and published in the Federal Register at 91 Fed. Reg. 7686 (Feb. 18, 2026) (the "Repeal Rule"). Petitioners include non-governmental organizations whose core organizational missions include the protection of public health and the environment, including by reducing the emission of climate-altering pollutants, and who have standing on behalf of their members to challenge the Repeal Rule. Petitioners also include federally-recognized Tribes experiencing significant harms due to increased GHG emissions.

Tribal Petitioners' and non-governmental Petitioners' members are suffering a cognizable injury caused by the Repeal Rule, because that rule repeals all federal limits on the emission of greenhouse gases from motor vehicles in the United States and purports to bar EPA from imposing any such limits in the future. As Petitioners will each demonstrate through declarations and/or other evidence to be submitted in this case, they or their members are presently experiencing particularized physical, financial, and other harm caused by greenhouse-gas pollution. For example, among other harms, member declarants have experienced and face growing threats of property damage, increased insurance premiums, loss of access to subsistence foods, and threats to their livelihood and physical health from wildfires, drought, extreme heat, pests, coastal flooding, erosion, loss of permafrost, storms, and other severe weather events and associated harms attributable to greenhouse gas pollution. The Repeal Rule's abandonment of

greenhouse gas emissions standards for vehicles will increase emissions of greenhouse gas pollution, exacerbating adverse impacts on the climate and the environment and increasing health hazards to Petitioners or their members.

In addition, the Repeal Rule will also cause increased emissions of other pollutants, harming Petitioners or their members' health and worsening air quality. Eliminating greenhouse-gas emissions standards for vehicles will also reduce the availability of lower-polluting, cheaper-to-operate motor vehicles, harming Petitioners or their members by restricting their access to such vehicles. EPA's failure to follow procedural requirements in reaching a decision that adversely affects Petitioners or their members' concrete interests further supports their standing to challenge the Repeal Rule.

For the reasons stated, non-governmental Petitioners' members would have standing in their own right to challenge the Repeal Rule. Moreover, non-governmental Petitioners' members' interests are germane to Petitioners' organizational purposes. And neither the claims that Petitioners assert, nor the requested relief requires the participation of individual members in the litigation. Non-governmental Petitioners therefore have associational standing to challenge the Repeal Rule on their members' behalf. The Tribal Petitioners have standing to challenge the Repeal Rule on their own behalf.

**Response to Question 6(f), are any other cases involving the same underlying agency order pending in this Court or any other?**

The following docketed cases challenge the same underlying agency rule: *American Public Health Association, et al. v. EPA, et al.*, D.C. Cir. No. 26-1037; *Elena Venner, et al., v. EPA, et al.*, D.C. Cir. No. 26-1038; *Zero Emission Transportation Association, Inc., v. EPA, et al.*, D.C. Cir. No. 26-1039; *Metropolitan Congregations United for St. Louis, et al., v. EPA, et al.*, D.C. Cir. No. 26-1043; *Service Employees International Union v. EPA, et al.*, D.C. Cir. No 26-1051; *Commonwealth of Massachusetts, et al., v. EPA, et al.*, D.C. Cir. No. 26-1061; and *Bay Area Air Quality Management District v. EPA, et al.*, D.C. Cir. No. 26-1090.

DATED:  May 13, 2026

Respectfully submitted,

<u>*/s/ Hana V. Vizcarra*</u>
Hana V. Vizcarra
Marvin C. Brown IV
Amanda Lineberry
Kevin Breiner
Earthjustice
1250 I Street NW, 4th Floor
Washington, D.C. 20005
(202) 667-4500
hvizcarra@earthjustice.org
mcbrown@earthjustice.org
alineberry@earthjustice.org
kbreiner@earthjustice.org

*Counsel for Petitioners Alaska Institute for Justice, Chesapeake Bay Foundation, Chinik*

*Eskimo Community, Native Village of
Kwinhagak, Native Village of Nunapitchuk,
NOFA-NY, WE ACT, West Virginia
Highlands Conservancy, and Wyoming
Outdoor Council*

*/s/ Brian H. Lynk*
Brian H. Lynk
Callie M. Sharp
Environmental Law & Policy Center
740 15th Street NW, Suite 700
Washington, D.C. 20005
(240) 461-4241
blynk@elpc.org
csharp@elpc.org

*Counsel for Petitioners Hoosier
Environmental Council, Illinois
Environmental Council, Iowa Environmental
Council, Minnesota Environmental
Partnership, and Ohio Environmental Council*

*/s/ Erin Doran*
Erin Doran*
Tarah Heinzen
Food & Water Watch
1616 P Street NW, Suite 300
Washington, D.C. 20036
(202) 683-2500
edoran@fwwatch.org
theinzen@fwwatch.org

*Counsel for Petitioner Food & Water Watch*

*Not admitted to the D.C. Bar; practice
limited to federal courts and agencies.

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Docketing Statement has been served by email sent May 13, 2026, through this Court's CM/ECF system, on all parties registered for service through that system.

Respectfully submitted,

*/s/ Hana V. Vizcarra*
Hana V. Vizcarra