**IN THE UNITED STATES COURT OF APPEALS FOR
THE DISTRICT OF COLUMBIA CIRCUIT**

_____

|  |  |  |
|---|---|---|
| | ) | |
| ALASKA INSTITUTE FOR JUSTICE, et al., | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | Case No. 26-1083 and |
| | ) | consolidated cases |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and LEE ZELDIN, Administrator, U.S. Environmental Protection Agency, | ) ) ) ) ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

**NON-BINDING STATEMENT OF ISSUES**

Pursuant to the Court's Order of April 13, 2026, Petitioners in Case No. 26-1082 (collectively, "Alaska Institute for Justice") submits the following non-binding statement of issues to be raised in this proceeding concerning the U.S. Environmental Protection Agency ("EPA")'s final rule entitled "Rescission of the Greenhouse Gas Endangerment Finding and Motor Vehicle Greenhouse Gas Emission Standards Under the Clean Air Act," 91 Fed. Reg. 7686 (Feb. 18, 2026) (the "Repeal Rule").

1. Whether the Repeal Rule is arbitrary, capricious, and/or contrary to law because it is foreclosed by binding Supreme Court precedent.

2. Whether the Repeal Rule is arbitrary, capricious, and/or contrary to law because it repeals a final rule, "Endangerment and Cause or Contribute Findings for Greenhouse Gases Under Section 202(a) of the Clean Air Act," published at 74 Fed. Reg. 66,496 (Dec. 15, 2009) (the "2009 Endangerment Finding"), and all final rules establishing federal emissions standards for greenhouse gases from U.S. motor vehicles (collectively, "vehicle standards") based on an interpretation of Section 202(a)(1) of the Clean Air Act, 42 U.S.C. § 7521(a)(1), that is inconsistent with best reading of the statute.

3. Whether the Repeal Rule's conclusion that the 2009 Endangerment Finding erred in "severing" certain findings and in considering the full scope of "pollution" to which greenhouse gas emissions from new domestic vehicles "contribute," is arbitrary, capricious, and/or contrary to law, and whether the Repeal Rule erred in any event because it failed to establish that greenhouse gas emissions cannot be regulated under EPA's new, preferred construction of the required findings.

4. Whether the Repeal Rule is arbitrary, capricious, and/or contrary to law because it deems the major questions doctrine applicable to EPA's settled authority to regulate greenhouse gases, and because it fails to recognize that "clear

Congressional authorization" to regulate required by that doctrine is present in any event.

5. Whether the Repeal Rule's conclusion that it lacks authority to regulate pollutants where EPA believes regulation would be "futile" is arbitrary, capricious, and/or contrary to law.

6. Whether the Repeal Rule's conclusions that any federal regulation of greenhouse gas emissions from motor vehicles would have "de minimis" impacts on global climate change and that such regulation would be "futile" are arbitrary, capricious, and/or otherwise unsupported, where that conclusion is contrary to the record and where EPA has failed entirely to consider important aspects of the problem.

7. Whether the Repeal Rule's conclusion that maintaining vehicle standards would be "unreasonable" is arbitrary, capricious, and/or otherwise unsupported, and not a valid statutory basis for declining to regulate in any event.

8. Whether the Repeal Rule violates Clean Air Act Section 307, 42 U.S.C. §7607, and/or principles of administrative law because the final rule failed to follow required administrative procedures and is not the logical outgrowth of the proposed rule.

9. Whether the Repeal Rule is arbitrary, capricious, and/or contrary to law because its scientific judgments are unsupported, contradict the record and the

Agency's past findings, fail to take proper account of the views of the National Academy of Sciences, and are the product of unlawful conduct.

10. Whether the Repeal Rule is pretextual or the product of unlawful prejudgment.

11. Whether the Repeal Rule is arbitrary, capricious, and/or contrary to law because it fails to adequately consider reliance interests.

12. Whether the Repeal Rule is arbitrary, capricious, and/or contrary to law because it fails to adequately or reasonably explain the bases for EPA's decision, including the ways the Repeal Rule departs from long-standing agency practice, and because it fails to adequately or reasonably respond to material public comments.

DATED: May 13, 2026  Respectfully submitted,

/s/ Hana V. Vizcarra
Hana V. Vizcarra
Marvin C. Brown IV
Amanda Lineberry
Kevin Breiner
Earthjustice
1250 I Street NW, 4th Floor
Washington, D.C. 20005
(202) 667-4500
hvizcarra@earthjustice.org
mcbrown@earthjustice.org
alineberry@earthjustice.org
kbreiner@earthjustice.org

*Counsel for Petitioners Alaska Institute for Justice, Chesapeake Bay Foundation, Chinik Eskimo Community, Native Village of Kwinhagak, Native Village of Nunapitchuk, NOFA-NY, WE ACT, West Virginia Highlands Conservancy, and Wyoming Outdoor Council*

/s/ Brian H. Lynk
Brian H. Lynk
Callie M. Sharp
Environmental Law & Policy Center
740 15th Street NW, Suite 700
Washington, D.C. 20005
(240) 461-4241
blynk@elpc.org
csharp@elpc.org

*Counsel for Petitioners Hoosier Environmental Council, Illinois Environmental Council, Iowa Environmental Council, Minnesota Environmental Partnership, and Ohio Environmental Council*

*/s/ Erin Doran*
Erin Doran\*
Tarah Heinzen
Food & Water Watch
1616 P Street NW, Suite 300
Washington, D.C. 20036
(202) 683-2500
edoran@fwwatch.org
theinzen@fwwatch.org

*Counsel for Petitioner Food & Water Watch*

\*Not admitted to the D.C. Bar; practice
limited to federal courts and agencies.

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Statement has been served by email sent

May 13, 2026, through this Court's CM/ECF system, on all parties registered for

service through that system.

Respectfully submitted,

*/s/ Hana V. Vizcarra*
Hana V. Vizcarra