# IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| ELENA VENNER, *et al.*,<br>    *Petitioners*,<br><br>    v.<br><br>UNITED STATES<br>ENVIRONMENTAL PROTECTION<br>AGENCY, *et al.*,<br>    *Respondents*. | Case No. 26-1038<br>Lead Case No. 26-1037<br>(and consolidated cases) |

**PETITIONERS' MOTION TO EXCEED LENGTH LIMIT FOR MOTION**

Pursuant to Federal Rule of Appellate Procedure 27 and Circuit Rule 27(g), Petitioners respectfully move this Court to exceed the word limitation by 2,000 words for their forthcoming motion to stay pending review. State Intervenor Respondents and Petitioners in Case Nos. 26-1037, 26-1043, 26-1083, 26-1039, 26-1061, 26-1090 and 26-1051 take no position on this motion. Respondents EPA, et. al, and Intervenor Respondents Western States Trucking Association and Construction Industries Air Quality Coalition oppose this motion. Intervenor Respondents American Free Enterprise Chamber of Commerce, American Petroleum Institute, CO2 Coalition, the Corn Grower Associations, Domestic Energy Producers Alliance, NACCO Natural Resources Corporation, National

Federation of Independent Business, and Truck and Engine Manufacturers Association oppose the enlargement, but would ask that if the Court grants the enlargement, a proportional enlargement be granted to all Respondents.

Good cause and compelling reasons support this motion due to the unique nature of Petitioners' constitutional claims and the complex consequences that arise from the challenged rule at issue. This case concerns Petitioners' Petition for Review of the U.S. Environmental Protection Agency's ("EPA") Final Rule: "Rescission of the Greenhouse Gas Endangerment Finding and Motor Vehicle Greenhouse Gas Emission Standards Under the Clean Air Act," 91 Fed. Reg. 7686 (Feb. 18, 2026). ECF # 2159916. The Final Rule repealed every single vehicle greenhouse gas emission standard in the United States that had been on the books since 2012, repudiated any authority for EPA to regulate greenhouse gases under Section 202 of the Clean Air Act, and repealed EPA's 2009 Endangerment Finding, which unequivocally found that greenhouse gases from motor vehicles endanger public health and welfare. 91 Fed. Reg. at 7688. The consequences of the Final Rule are vast and irreparable, as the Final Rule is already changing the direction of domestic vehicle markets and drastically increasing local and domestic greenhouse gas emissions. These effects of the Final Rule will be locked in over the coming months. Explaining the sweeping, devastating, and locked in effects of the Final Rule on the public and Petitioners, as required for demonstrating the necessity of a stay of the

Final Rule pending review, will take more space than allotted by Federal Rule of Appellate Procedure 27(d)(2)(A).

Petitioners are 18 youth whose lives, health, safety, religious exercise, economic well-being, property, and liberties will be directly and irretrievably harmed by EPA's Final Rule. ECF #2165170 at 2. Youth Petitioners challenge EPA's rule under the First, Fifth, and Tenth Amendments to the United States Constitution, as well as under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb-1. ECF # 2159916. Explaining how the Final Rule threatens Petitioners' rights to life, liberty, and religious exercise as required to prove likelihood of success on the merits for a motion to stay will require more space than allotted by Federal Rule of Appellate Procedure 27(d)(2)(A). Not only do these distinct constitutional claims require space to explain, but additional space is also needed because different Petitioners are affected in different ways. For example, several Petitioners' religious practices will be substantially burdened by the Final Rule, but they will be burdened in different ways because Petitioners practice different religions. Likewise, different liberty interests are implicated for different Petitioners. For some Petitioners, state-law-derived Fifth Amendment liberty interests are being violated, while for others, liberty interests of bodily integrity and personal security are being violated. These variations in Petitioners' constitutional claims require additional space to explain.

For the foregoing reasons, Petitioners respectfully request that this Court grant Petitioners leave to exceed the length limit in Federal Rule of Appellate Procedure 27(d)(2)(A) by 2,000 words in their forthcoming motion to stay.

Respectfully submitted,

*/s/ Haley Nicholson*
Haley Nicholson (D.C. Cir. Bar 65084)
Daniel C. Snyder (D.C. Cir. Bar 66846)
PUBLIC JUSTICE
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 797-8600
hnicholson@publicjustice.net
dsnyder@publicjustice.net

Julia A. Olson (D.C. Cir. Bar 54969)
Andrea Rodgers (D.C. Cir. Bar 66983)
Brianna Rosier Kabwika
Nathan Bellinger
Laura Mebert
OUR CHILDREN'S TRUST
1216 Lincoln Street
Eugene, OR 97401
(415) 786-4825
julia@ourchildrenstrust.org
andrea@ourchildrenstrust.org
brianna_k@ourchildrenstrust.org
nate@ourchildrenstrust.org
laura_m@ourchildrenstrust.org

*Counsel for Petitioners*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 32(g), I certify that this filing complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 597 words, excluding the parts exempted by Fed. R. App. P. 32(f).

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. 32(a)(6) because this document has been prepared in a monospaced typeface using Microsoft Word with 14-point Times New Roman font.

*/s/ Haley Nicholson*
Haley Nicholson (D.C. Cir. Bar 65084)
PUBLIC JUSTICE
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 797-8600
hnicholson@publicjustice.net

*Counsel for Petitioners*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the D.C. Circuit by using the appellate CM/ECF system on May 14, 2026. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Haley Nicholson*
Haley Nicholson (D.C. Cir. Bar 65084)
PUBLIC JUSTICE
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 797-8600
hnicholson@publicjustice.net

*Counsel for Petitioners*