<u>ORAL ARGUMENT NOT YET SCHEDULED</u>

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| AMERICAN PUBLIC HEALTH ASSOCIATION, *et al.*,<br><br>    Petitioners,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and LEE ZELDIN, Administrator, U.S. Environmental Protection Agency,<br><br>    Respondents. | No. 26-1037 (and consolidated cases) |

## MOTION FOR 30-DAY ABEYANCE FOR EPA TO ACT ON PENDING RECONSIDERATION PETITIONS BEFORE MERITS BRIEFING

## INTRODUCTION

In the final rule at issue, the U.S. Environmental Protection Agency ("EPA") rescinded the 2009 finding that U.S. motor vehicle emissions contribute to greenhouse gas pollution that endangers public health and welfare. 91 Fed. Reg. 7686 (Feb. 18, 2026) ("Rescission"); *see* 74 Fed. Reg. 66,496 (Dec. 15, 2009) ("2009 Endangerment Finding"). EPA also repealed every motor vehicle greenhouse gas emission standard the Agency has promulgated since that finding. 91 Fed. Reg. at 7688.

As one purported justification, EPA asserted that regulating vehicle greenhouse gas emissions would be "futile." But EPA changed the analysis underpinning that futility rationale between proposal and the final rule. At proposal, EPA rested on a draft report from the so-called Climate Working Group, a cherry-picked group of climate skeptics that has since been disbanded and that a federal district court found had violated federal transparency laws. In the final rule, EPA purported to eschew reliance on that report, inserting a new analysis, built on previously undisclosed methodologies, data, assumptions, and inputs.

1

Several of the undersigned Petitioners promptly filed administrative reconsideration petitions with EPA. In addition to noting blatant errors in EPA's new futility analysis, those petitions raised a straightforward procedural objection: EPA introduced this new methodology, data, and assumptions critical to its rulemaking in the final rule, violating the Clean Air Act's requirement that EPA disclose a summary of such material at proposal and allow for public comment. 42 U.S.C. § 7607(d)(3). Because objections addressing the details of EPA's novel methodology, data, and assumptions were "impracticable" to raise during the comment period and are of central relevance to the outcome of the rule, EPA must convene a reconsideration proceeding. *Id.* § 7607(d)(7)(B). Notwithstanding that statutory mandate, EPA has failed to act on the petitions, which have now been pending for as long as 120 days.

Despite leaving those reconsideration petitions unresolved, EPA is proceeding as though it has already determined that the petitions' critiques of the futility analysis lack merit. In its opposition to Youth Petitioners' stay motion, EPA unreservedly relied on the new futility analysis both to contest Article III standing and to rebut the stay

request on the merits. EPA's unqualified reliance on the futility analysis before this Court raises the specter that EPA may invoke that analysis to contest Petitioners' standing and defend the lawfulness of the Rescission while arguing that any challenge to the analysis is not yet exhausted.[1] In other words, EPA may seek to use the pendency of the reconsideration petitions to insulate its rule from judicial review—precluding Petitioners from raising legal challenges central to the rule's validity—even though the Agency's stay filing shows it does not intend to seriously entertain those petitions.

Given EPA's apparent rejection of the reconsideration petitions' objections, the undersigned Petitioners request that, if EPA has not resolved the petitions for reconsideration by the time procedural motions are resolved, the Court enter a 30-day abeyance of this case to permit EPA to take action on the reconsideration petitions. A short

---

[1] While EPA may press exhaustion, the undersigned Petitioners do not concede that any objections were not exhausted or that exhaustion through reconsideration is necessary to raise any of the issues discussed in the administrative reconsideration petitions. *See, e.g.*, Attorneys General of Massachusetts, et al., Comments on Rescission of the Greenhouse Gas Endangerment Finding, at 201 (Sep. 22, 2025), EPA-HQ-OAR-2025-0194-13587 (anticipating objections to new evidence replacing the Climate Working Group's draft report).

abeyance would promote judicial economy and not prejudice any party. If EPA denies reconsideration (as it appears prepared to do), any challenge to that reconsideration decision can be consolidated with this action, avoiding piecemeal review. *See* 42 U.S.C. § 7607(b)(1); *Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 387 (D.C. Cir. 2012). If EPA is still contemplating whether to grant reconsideration, notwithstanding its unqualified reliance on the futility analysis, EPA should inform the Court how much more time it needs.

Petitioners in Case Nos. 26-1043 and 26-1083 consent to this motion. Petitioner in Case No. 26-1038 does not oppose the motion. Respondents oppose the motion and plan to file a response. State Intervenor-Respondents and Intervenor-Respondents CO2 Coalition, National Federation of Independent Business, American Free Enterprise Chamber of Commerce, Corn Growers Associations, NACCO Natural Resources Corporation, Truck and Engine Manufacturers Association, American Petroleum Institute, Domestic Energy Producers Alliance, American Fuel and Petrochemical Manufacturers, and Energy Marketers of America oppose the motion. Intervenor-Respondents Western States Trucking Association, Construction Industry Air

Quality Coalition, Merit Oil Company, and Liberty Packing Company do not consent to the motion.

## BACKGROUND

### I.    Rescission of the 2009 Endangerment Finding

EPA proposed to rescind the 2009 Endangerment Finding and resulting vehicle greenhouse gas emission standards in August 2025. *See* 90 Fed. Reg. 36,288 (Aug. 1, 2025) ("Proposal"). At the time of Proposal, EPA asserted that regulating U.S. motor vehicle greenhouse gas emissions to zero "would not measurably impact" atmospheric greenhouse gas concentrations or "global warming trends," and would therefore be "futile." *Id.* at 36,311–12. In support of that assertion, EPA relied heavily on a draft report prepared by the secretly convened Climate Working Group. *Id.*

The Climate Working Group quickly disbanded. It was immediately challenged in federal court, and the Group was dissolved within months.[2] The United States District Court for the District of Massachusetts determined that the Climate Working Group had

---

[2] Decl. of Jeff Novak, Ex. 1 at 1, *Env't Def. Fund v. Wright,* No. 1:25-cv-12249 (D. Mass. Sep. 4, 2025), ECF No. 44-1.

violated multiple transparency, impartiality, and open-record requirements under the Federal Advisory Committee Act. *Env't Def. Fund v. Wright*, No. 1:25-cv-12249-WGY, 2026 WL 251626, at *1 (D. Mass. Jan. 30, 2026).

Despite the Climate Working Group's dissolution, EPA continued to assert in the final Rescission that regulation of greenhouse gas emissions would be "futile." 91 Fed. Reg. at 7702. But it now lacked citation for that conclusion: While the Proposal had relied on the draft report to support that futility claim, the Rescission now purported to disclaim all reliance on it. *Id.* at 7691 n.8. To fill the gap, EPA swapped in entirely new modeling of U.S. vehicle emissions, global temperature change, and sea level rise, using previously undisclosed assumptions and inputs. But EPA did not repropose that aspect of the rule. It instead introduced that analysis for the first time in the final rule, without any public notice or comment. *Id.* at 7729–32.

## II.    Petitions for Administrative Reconsideration

In April 2026, several of the undersigned Petitioners filed administrative reconsideration petitions requesting that EPA provide notice and comment on its new futility methodology, inputs, and

6

assumptions. *See* Ex. A (Apr. 1, 2026, petition of State and Local Governments); Ex. B (Apr. 14, 2026, petition of Zero Emission Transportation Association); Ex. C (Apr. 16, 2026, petition of Service Employees International Union); Ex. D (Apr. 16, 2026, petition of Public Health and Environmental Petitioners). Under the Clean Air Act, EPA is required to act on these reconsideration petitions. The statute mandates that EPA "*shall* convene a proceeding for reconsideration of the rule" if a party identifies an objection that could not have been raised during the comment period, and the objection is of "central relevance to the outcome of the rule." 42 U.S.C. § 7607(d)(7)(B) (emphasis added).

Here, the reconsideration petitions all objected to the same error: EPA's introduction of a new futility analysis after the close of the comment period. Petitioners also identified how that procedural error shielded from public scrutiny numerous methodological errors and omissions, any of which rendered EPA's new futility analysis unreliable. That error, Petitioners explained, goes to the very legality of the Rescission because the futility analysis represents EPA's rationale for the futility finding.

7

To give EPA sufficient time to resolve the administrative reconsideration petitions before merits briefing, several of the undersigned Petitioners requested that this Court defer calling for merits briefing proposals. *See* ECF Nos. 2169080 at 2, 2169572 at 2. On April 22, 2026, the Court did so, directing that such order would be entered after procedural and dispositive motions were resolved. ECF No. 2169939 at 2. Because procedural motions remain pending, *see* ECF Nos. 2174286, 2174285, this Court has not yet entered an order directing the parties to file briefing proposals.

## III.   EPA's Continued Reliance on the New Futility Analysis

Today, EPA still has not acted on the pending administrative reconsideration petitions.[3] Nevertheless, EPA and Private Respondent-Intervenors are already relying on the new futility analysis in their defense of the Rescission. Indeed, in their oppositions to Youth

---

[3] In light of EPA's inaction, on June 12, 2026, several of the under-signed Petitioners gave notice under 42 U.S.C. § 7604 and 40 C.F.R. part 54 of their intent to sue Administrator Zeldin and EPA in the U.S. District Court for the District of Columbia to compel agency action on the petitions for reconsideration. *See* Ex. E (excludes exhibits, which are attached as Ex. A–D); 42 U.S.C. § 7604(a) (requiring that a notice of intent to sue for unreasonable delay be filed "180 days before commencing such action").

Petitioners' motion to stay the Rescission, EPA and Private Respondent-Intervenors invoked the new futility analysis, asserting that EPA had "show[n], through modeling, that elimination of greenhouse-gas emissions from all U.S. motor vehicles would have negligible effect on global temperatures and sea levels." ECF No. 2181103 at 3 (citing 91 Fed. Reg. at 7730); *see* ECF No. 2181086 at 9 (similar).

In addition, EPA and Private Respondent-Intervenors relied on the new analysis to argue that Youth Petitioners lack Article III standing. According to EPA, because the Rescission has "only negligible impact on global temperatures and sea levels," it did not cause Youth Petitioners' harms, and its vacatur would not redress them. ECF No. 2181103 at 9; *see id.* at 10 (repeating claim of negligible climate impacts in disputing redressability, without citation). Meanwhile, Private Respondent-Intervenors claimed Youth Petitioners' alleged harms were speculative in light of EPA's "modeling" that the Rescission "will not discernibly contribute to the downstream consequences that Youth Petitioners allege." ECF No. 2181086 at 12.

EPA additionally deployed its new futility analysis to rebut Youth

9

Petitioners' claims on the merits, asserting that their substantive claims failed given the Agency's conclusion that the repealed standards would not have "any meaningful impact on public health and welfare." ECF No. 2181103 at 18; *see also id.* at 23 (repeating claim of negligible climate impacts in disputing public interest, without citation).

## ARGUMENT

This Court has inherent power to manage its docket, including by deferring judicial review of a final rule pending the agency's decision on a petition for reconsideration. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see Lead Indus. Ass'n v. EPA*, 647 F.2d 1184, 1186–87 (D.C. Cir. 1980) (per curiam). In exercising that power, the Court must "weigh competing interests and maintain an even balance" between judicial economy and any hardship to the parties. *Landis*, 299 U.S. at 254–55.

This Court has often granted abeyances or otherwise deferred briefing on Clean Air Act challenges while EPA completes reconsideration proceedings, even in cases where the Agency has not yet agreed to convene reconsideration proceedings and has opposed the requested deferral. *See* ECF No. 2169080 at 12 (collecting examples); *see also, e.g.*, Order, *Air Alliance Houston v. EPA*, No. 19-1260 (D.C. Cir.

10

May 15, 2020), ECF No. 1843071. Indeed, the Court did so just last week: In the challenge to EPA's rule regulating NO$_X$ emissions from stationary combustion turbines, the Court entered a six-month abeyance to allow EPA to act on a pending reconsideration petition. *See* Order, *Sierra Club v. EPA*, No. 26-1055 (D.C. Cir. July 20, 2026), ECF No. 2184077. This Court should similarly hold this case in abeyance so that EPA may memorialize and release its decision on the pending petitions.

## I.    A 30-Day Abeyance Would Promote Judicial Economy and Cause No Prejudice to Any Party.

An abeyance is warranted here because the "new information" in the reconsideration petitions "raises substantial questions about the validity of the Agency's analysis." *Lead Indus. Ass'n*, 647 F.2d at 1187. The reconsideration petitions raise a serious error—that EPA failed to disclose at proposal its new futility analysis, including the new methodology, data, and assumptions, in plain contravention of the Clean Air Act. 42 U.S.C. § 7607(d)(3). Among other things, section 7607(d)(3) requires that the notice of proposed rulemaking contain a "statement of basis and purpose" which includes a summary of EPA's "methodology" and "data" underlying the proposal so that the public can

11

comment on it. *Id.* EPA cannot claim the futility analysis is ancillary to the Court's review: The Rescission relies upon it, and EPA has now asserted it as a sufficient basis to deny Youth Petitioners judicial review.

Because the objections raised in the petitions are of central relevance to the Rescission, and because it was impracticable to raise them during the public comment period, EPA is required to convene a reconsideration proceeding. *See* 42 U.S.C. § 7607(d)(7)(B). If EPA grants reconsideration as it must, an abeyance would give EPA an opportunity to address its clear procedural error, which would bear on the proper course of this litigation. Reconsideration could potentially narrow the issues for this Court's review and avoid EPA's improper reliance on disputed analysis at the merits stage.

But if EPA disagrees with Petitioners and denies reconsideration (as it appears poised to do given its unqualified reliance on the new futility analysis in opposing the stay motion), the requested abeyance would allow any petitions for review challenging that decision to be joined with this action, *see* 42 U.S.C. § 7607(b), "avoiding inefficient and unnecessary 'piecemeal review,'" *Am. Petroleum Inst.*, 683 F.3d at 387

(quoting *Pub. Citizen Health Research Grp. v. FDA*, 740 F.2d 21, 30–31 (D.C. Cir. 1984)).

A 30-day abeyance is sufficient time for EPA to act, given that the reconsideration petitions have now been pending for as long as 120 days. *See* Ex. A–D. With an additional 30 days, EPA will have had at least 150 days to resolve the reconsideration petitions, which is as long as it took for the Agency to finalize the Rescission *in its entirety* after the close of public comment. 91 Fed. Reg. at 7686, 7693 (149 days from close of comment period to publication of the Rescission in the Federal Register). What's more, EPA has previously resolved reconsideration petitions in a similar amount of time. *See, e.g.*, 90 Fed. Reg. 3702 (Jan. 15, 2025) (acting on reconsideration petitions in 5.5 months); 85 Fed. Reg. 67,665 (Oct. 26, 2020) (acting on reconsideration petition in 5 months); 79 Fed. Reg. 18,248 (Apr. 1, 2014) (acting on reconsideration petition in just over 5 months); 78 Fed. Reg. 23,497 (Apr. 19, 2013) (acting on reconsideration petition in 4 months). To the extent EPA nevertheless insists it needs additional time, it should inform the Court of the time it requires.

The requested abeyance also would not prejudice any party. To

the extent EPA is concerned about any delay in merits briefing, the Agency has the means to avoid it. As several Petitioners have previously noted, EPA has "complete control" over how quickly it decides the reconsideration petitions. ECF No. 2169080 at 19. In any event, the benefits of an abeyance far outweigh any prejudice to EPA or any other party. For the reasons discussed above, granting this request will serve the interests of both the Court and the parties in resolving all challenges to the Rescission comprehensively and promptly in a single proceeding.

## II.    An Abeyance Is Especially Warranted Given EPA's Continued and Unqualified Reliance on the New Futility Analysis.

An abeyance is particularly appropriate here because EPA has affirmatively invoked the futility analysis and presented it to this Court as determinative of substantive legal questions, notwithstanding the Agency's inaction on the reconsideration petitions that impugn that analysis. In their oppositions to Youth Petitioners' stay motion, EPA and Private Respondent-Intervenors repeatedly cited the new futility analysis in rejecting Youth Petitioners' standing and claims on the merits. *See supra* at 8–10. The Agency's repeated invocation suggests it

will continue to rely on the new analysis in merits briefing before this Court and assert it is substantively sound, while simultaneously refusing to act on the pending reconsideration petitions. Indeed, EPA's position is that the analysis can be reasonably invoked as fact, in challenges to standing, to foreclose judicial review entirely.

It would be inefficient and inequitable for EPA to rely on the futility rationale in this litigation without first acting on the reconsideration petitions. In particular, if the reconsideration petitions remain pending when briefing commences, EPA will predictably argue that 42 U.S.C. § 7607(d)(7)(B) bars the Court from reaching issues raised in the petitions. *See, e.g.*, *Mexichem Specialty Resins, Inc. v. EPA*, 787 F.3d 544, 553 (D.C. Cir. 2015). In other words, EPA could, through its own delay, attempt to insulate the new futility analysis from review in this action. Invocation of section 7607(d)(7)(B) in this fashion would be patently inequitable and raise serious due process concerns given the brazenness of the violation, the centrality of the futility analysis to the Rescission, and the Agency's reliance on the analysis to try to keep litigants out of court and to defend the rule.

Given this risk, if EPA does not promptly resolve the

reconsideration petitions before procedural motions are addressed, this Court should grant a short abeyance to allow EPA to do so. Motions to govern should be due only after that period lapses, allowing Petitioners to determine the scope of merits briefing and to seek further relief as appropriate.

## CONCLUSION

For the foregoing reasons, the undersigned Petitioners respectfully request that, if EPA has not resolved the petitions for reconsideration by the time procedural motions are resolved, the Court enter a 30-day abeyance of this case to permit EPA to take action on the reconsideration petitions. Motions to govern should be due after a reasonable interval following that abeyance period.

Dated: July 29, 2026

Respectfully Submitted,

*/s/ Meghan E. Greenfield*
MEGHAN E. GREENFIELD
ELIZABETH B. DEUTSCH
ELIZABETH H. STARR
MAURA E. SMYLES
Jenner & Block LLP
1099 New York Ave., NW, Suite 900
Washington, DC 20001
(202) 639-6000
mgreenfield@jenner.com
edeutsch@jenner.com
estarr@jenner.com
msmyles@jenner.com

    *Counsel for Petitioner Zero Emission*
    *Transportation Association*

**COMMONWEALTH OF**
  **MASSACHUSETTS**
ANDREA JOY CAMPBELL
ATTORNEY GENERAL

*/s/ Hannah Perls*
TURNER H. SMITH
Deputy Bureau Chief
JULIA JONAS-DAY
Assistant Attorney General
LUCA GRECO
HANNAH PERLS
Special Assistant Attorneys General
Energy and Environment Bureau
Office of the Massachusetts Attorney
  General
One Ashburton Place, 18th Fl.
Boston, MA 02108
(617) 963-2782
Hannah.Perls@mass.gov

    *Additional counsel for State and Local*
    *Government Petitioners in Case Nos.*
    *26-1061 & 26-1090 are listed below*

*/s/ Tsuki Hoshijima*
TSUKI HOSHIJIMA
ELENA S. GOLDSTEIN
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
thoshijima@democracyforward.org

*Counsel for Petitioner Service*
  *Employees International Union*

17

/s/ *Chloe H. Kolman*
CHLOE H. KOLMAN
MEGAN M. HERZOG
SEAN H. DONAHUE
KERI R. DAVIDSON
Donahue, Goldberg, Herzog &
  Davidson
1008 Pennsylvania Ave., SE
Washington, D.C.  20003
(202) 372-5270 (Kolman)
chloe@donahuegoldberg.com
megan@donahuegoldberg.com
sean@donahuegoldberg.com
keri@donahuegoldberg.com


VICKIE L. PATTON
PETER ZALZAL
ALICE HENDERSON
STEPHANIE JONES
RYLAND SHENGZHI LI
Environmental Defense Fund
2060 Broadway St., Ste. 300
Boulder, Colorado 80302
(303) 447-7214
vpatton@edf.org
pzalzal@edf.org
ahenderson@edf.org
sjones@edf.org
ryli@edf.org


*Counsel for Petitioner Environmental
  Defense Fund*

/s/ *Rachel Heron*
RACHEL HERON
JOSEPH BRAU
DAVID DONIGER
JULIA FORGIE
MEREDITH HANKINS
ATID KIMELMAN
GAVIN MCCABE
GLENDA VALDEZ
ABIRAMI VIJAYAN
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, D.C. 20005
(202) 836-9329 (Heron)
rheron@nrdc.org
jbrau@nrdc.org
ddoniger@nrdc.org
jforgie@nrdc.org
mhankins@nrdc.org
akimelman@nrdc.org
gmccabe@nrdc.org
gvaldez@nrdc.org
avijayan@nrdc.org


*Counsel for Petitioner Natural
  Resources Defense Council*


*Additional counsel for Petitioners in Case No. 26-1037 are listed below*

18

**STATE OF CALIFORNIA**
ROB BONTA
ATTORNEY GENERAL


*/s/ Theodore McCombs*
NATALIE COLLINS
MADISON LANE
THEODORE MCCOMBS
CAITLAN MCLOON
Deputy Attorneys General
600 W. Broadway, Ste. 1800
San Diego, CA 92101
(619) 738-9000
Natalie.Collins@doj.ca.gov
Madison.Lane@doj.ca.gov
Theodore.McCombs@doj.ca.gov
Caitlan.McLoon@doj.ca.gov

**STATE OF NEW YORK**
LETITIA JAMES
ATTORNEY GENERAL


*/s/ Morgan A. Costello*
MORGAN A. COSTELLO
Deputy Bureau Chief
YUEH-RU CHU
Chief, Affirmative Litigation Section
ASHLEY M. GREGOR
NATHAN B. SHULOCK
Assistant Attorneys General
Environmental Protection Bureau
ANTHONY R. RADUAZO
Assistant Solicitor General
NYS Office of the Attorney General
The Capitol
Albany, NY 12224
(518) 776-2392
Morgan.Costello@ag.ny.gov
Yueh-ru.Chu@ag.ny.gov
Ashley.Gregor@ag.ny.gov
Nathan.Shulock@ag.ny.gov
Anthony.Raduazo@ag.ny.gov

**STATE OF CONNECTICUT**
WILLIAM TONG
ATTORNEY GENERAL

*/s/ Matthew I. Levine*
MATTHEW I. LEVINE
Deputy Associate Attorney General
SCOTT N. KOSCHWITZ
WILLIAM E. DORNBOS
Assistant Attorneys General
JESSICA GIBREE
Special Assistant Attorney General
Office of the Attorney General
165 Capitol Avenue
Hartford, CT 06106
(860) 808-5250
Matthew.Levine@ct.gov
Scott.Koschwitz@ct.gov
William.Dornbos@ct.gov
Jessica.Gibree@ct.gov

**STATE OF ARIZONA**
KRISTIN K. MAYES
ATTORNEY GENERAL

*/s/ Kirsten Engel*
KIRSTEN ENGEL
Special Attorney General
MARY M. CURTIN
Senior Litigation Counsel
Arizona Attorney General's Office
2005 N. Central Avenue
Phoenix, AZ 85004
(602) 542-3333
Kirsten.Engel@azag.gov
Mary.Curtin@azag.gov

**STATE OF COLORADO**
PHILIP J. WEISER
ATTORNEY GENERAL

*/s/ Carrie Noteboom*
CARRIE NOTEBOOM
Assistant Deputy Attorney General
PHALEN KOHLRUSS-REUMAN
Assistant Attorney General
Colorado Department of Law
1300 Broadway, 10th Fl.
Denver, CO 80203
(720) 508-6285
Carrie.Noteboom@coag.gov
Phalen.Kohlruss@coag.gov

**STATE OF DELAWARE**
KATHLEEN JENNINGS
ATTORNEY GENERAL

*/s/ Vanessa L. Kassab*
IAN LISTON
Director of Impact Litigation
RALPH K. DURSTEIN III
VANESSA L. KASSAB
Deputy Attorneys General
Department of Justice
State Office Building
820 North French Street
Wilmington, DE 19801
(302) 683-8899
Vanessa.Kassab@delaware.gov

20

**STATE OF HAWAI'I**
ANNE E. LOPEZ
ATTORNEY GENERAL

*/s/ Lyle T. Leonard*
LYLE T. LEONARD
Deputy Attorney General
Department of the Attorney General
465 S. King Street, #200
Honolulu, HI 96813
(808) 587-3052
Lyle.T.Leonard@hawaii.gov

**STATE OF ILLINOIS**
KWAME RAOUL
ATTORNEY GENERAL

*/s/ Jason E. James*
JASON E. JAMES
Assistant Attorney General
MATTHEW J. DUNN
Chief Environmental Enforcement/
  Asbestos Litigation Division
JOANNA BRINKMAN
Complex Litigation Counsel
Illinois Attorney General's Office
201 W. Pointe Drive, Ste. 7
Belleville, IL 62226
(217) 843-0322
Jason.James@ilag.gov
Matthew.Dunn@ilag.gov
Joanna.Brinkman@ilag.gov

**STATE OF MAINE**
AARON M. FREY
ATTORNEY GENERAL

*/s/ Emma Akrawi*
EMMA AKRAWI
Assistant Attorney General
Natural Resources Division
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333
(207) 626-8800
Emma.Akrawi@maine.gov

**STATE OF MARYLAND**
ANTHONY G. BROWN
ATTORNEY GENERAL

*/s/ Steven J. Goldstein*
STEVEN J. GOLDSTEIN
Assistant Attorney General
Office of the Attorney General of
  Maryland
200 Saint Paul Place, 20th Fl.
Baltimore, MD 21202
(410) 576-6414
SGoldstein@oag.state.md.us

21

**STATE OF MICHIGAN**
DANA NESSEL
ATTORNEY GENERAL

*/s/ Hadley E. Tuthill*
HADLEY E. TUTHILL
NEIL GIOVANATTI
Assistant Attorneys General
Michigan Department of Attorney
  General
525 W. Ottawa Street
Lansing, MI 48909
(517) 335-7664
TuthillH@michigan.gov
GiovanattiN@michigan.gov

**STATE OF MINNESOTA**
KEITH ELLISON
ATTORNEY GENERAL

*/s/ Catherine Rios-Keating*
PETER N. SURDO
CATHERINE RIOS-KEATING
Special Assistant Attorneys General
Minnesota Attorney General's Office
445 Minnesota Street
Town Square Tower Ste. 600
Saint Paul, MN 55101
(651) 300-7302
Peter.Surdo@ag.state.mn.us
Catherine.Rios-
Keating@ag.state.mn.us

**STATE OF NEVADA**
AARON D. FORD
ATTORNEY GENERAL

*/s/ K. Brunetti Ireland*
K. BRUNETTI IRELAND
Chief of Special Litigation
Office of the Nevada Attorney
  General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
KIreland@ag.nv.gov

**STATE OF NEW JERSEY**
JENNIFER DAVENPORT
ATTORNEY GENERAL

*/s/ Lisa J. Morelli*
LISA J. MORELLI
Deputy Attorney General
Division of Law
New Jersey Attorney General's Office
25 Market Street
Trenton, NJ 08625
(609) 900-0782
Lisa.Morelli@law.njoag.gov

22

**STATE OF NEW MEXICO**
RAÚL TORREZ
ATTORNEY GENERAL

*/s/ Esther Jamison*
ESTHER JAMISON
WILLIAM GRANTHAM
SPENSER LOTZ
Assistant Attorneys General
New Mexico Department of Justice
408 Galisteo Street
Santa Fe, NM 87501
(505) 627-3474
EJamison@nmdoj.gov
WGrantham@nmdoj.gov
SLotz@nmdoj.gov

**STATE OF OREGON**
DAN RAYFIELD
ATTORNEY GENERAL

*/s/ Paul Garrahan*
PAUL GARRAHAN
Attorney-in-Charge, Natural Resources
  Section
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4540
Paul.Garrahan@doj.oregon.gov

**STATE OF NORTH CAROLINA**
JEFF JACKSON
ATTORNEY GENERAL

*/s/ Asher P. Spiller*
ASHER P. SPILLER
Senior Deputy Attorney General
RACHEL POSEY
Special Deputy Attorney General
North Carolina Department of Justice
P.O. Box 629
Raleigh, NC 27602
(919) 716-6600
ASpiller@ncdoj.gov
RPosey@ncdoj.gov

**GOVERNOR OF THE**
  **COMMONWEALTH OF**
  **PENNSYLVANIA**
JOSH SHAPIRO

JENNIFER SELBER
GENERAL COUNSEL

*/s/ Robert A. Reiley*
ROBERT A. REILEY
Deputy Chief Counsel
The Pennsylvania Governor's Office
  of General Counsel
Office of Chief Counsel, Department
  of Environmental Protection
RCSOB, 400 Market Street, 9th Fl.
Harrisburg, PA 17105-8464
(717) 787-0478
RReiley@pa.gov

**STATE OF RHODE ISLAND**
PETER F. NERONHA
ATTORNEY GENERAL

/s/ *Nicholas M. Vaz*
NICHOLAS M. VAZ
Assistant Attorney General
Environment and Energy Unit Chief
Rhode Island Office of the Attorney
  General
150 South Main Street
Providence, RI 02903
(401) 274-4400
nvaz@riag.ri.gov

**STATE OF VERMONT**
CHARITY R. CLARK
ATTORNEY GENERAL

/s/ *Hannah Yindra*
HANNAH YINDRA
SAM STRATTON
Assistant Attorneys General
Office of the Attorney General
109 State Street
Montpelier, VT 05609
(802) 828-3186
Hannah.Yindra@vermont.gov
Sam.Stratton@vermont.gov

**COMMONWEALTH OF
  VIRGINIA**
JAY JONES
ATTORNEY GENERAL

/s/ *Tillman J. Breckenridge*
TILLMAN J. BRECKENRIDGE
Solicitor General
202 N. 9th Street
Office of the Attorney General of
  Virginia
Richmond, VA 23219
(804) 786-2071
SolicitorGeneral@oag.state.va.us

**STATE OF WASHINGTON**
NICHOLAS W. BROWN
ATTORNEY GENERAL

/s/ *Christopher H. Reitz*
CHRISTOPHER H. REITZ
ALEXANDRIA K. DOOLITTLE
SARAH M. REYNEVELD
Assistant Attorneys General
Office of the Washington Attorney
  General
P.O. Box 40117
Olympia, WA 98504-0117
(360) 586-6769
Chris.Reitz@atg.wa.gov
Alex.Doolittle@atg.wa.gov
Sarah.Reyneveld@atg.wa.gov

24

**STATE OF WISCONSIN**
JOSHUA L. KAUL
ATTORNEY GENERAL

*/s/ Gabe Johnson-Karp*
GABE JOHNSON-KARP
Assistant Attorney General
Wisconsin Department of Justice
17 West Main Street
Post Office Box 7857
Madison, WI 53707-7857
(608) 267-8904
Gabe.Johnson-Karp@wisdoj.gov

**DISTRICT OF COLUMBIA**
BRIAN L. SCHWALB
ATTORNEY GENERAL

*/s/ Caroline Van Zile*
CAROLINE VAN ZILE
Solicitor General
Office of the Attorney General for the
  District of Columbia
400 6th Street, NW, Ste. 8100
Washington, D.C. 20001
(202) 727-3400
Caroline.Vanzile@dc.gov

**UNITED STATES VIRGIN
  ISLANDS**
GORDON C. RHEA
ATTORNEY GENERAL

*/s/ Gordon C. Rhea*
Virgin Islands Department of Justice
Office of the Attorney General
3438 Kronprindsens Gade
GERS Complex, 2nd Fl.
St. Thomas, VI 00802-5749
(340) 774-5666

**CITY OF ALBUQUERQUE, NEW
  MEXICO**
LAUREN KEEFE
CITY ATTORNEY

*/s/ Devon P. King*
DEVON P. KING
Deputy City Attorney
One Civic Plaza NW
PO Box 2248
Albuquerque, NM 87103
(720) 933-6720
LKeefe@cabq.gov
DKing@cabq.gov

25

**BAY AREA AIR QUALITY
  MANAGEMENT DISTRICT**
ALEXANDER G. CROCKETT
GENERAL COUNSEL

*/s/ Jamie Jefferson*
CARRIE SCHILLING
Senior Assistant Counsel
JAMIE JEFFERSON
Assistant Counsel
375 Beale Street, Suite 600
San Francisco, CA 94105
JJefferson@baaqmd.gov
ACrockett@baaqmd.gov
CSchilling@baaqmd.gov

*Counsel for Petitioner Bay Area Air
  Quality Management District*


**CITY OF BOSTON,
  MASSACHUSETTS**
MICHAEL FIRESTONE
CORPORATION COUNSEL

*/s/ Megan Corrigan*
MEGAN CORRIGAN
Assistant Corporation Counsel
City of Boston Law Department
SAMUEL B. DINNING
Senior Assistant Corporation Counsel
One City Hall Plaza, Room 615
Boston, MA 02201
(617) 635-4034
Megan.Corrigan@boston.gov
Samuel.Dinning@boston.gov


**CITY OF CHICAGO, ILLINOIS**
MARY B. RICHARDSON-LOWRY
CORPORATION COUNSEL

*/s/ Myriam Zreczny Kasper*
MYRIAM ZRECZNY KASPER
Deputy Corporation Counsel
GABRIELLE SIGEL
Assistant Corporation Counsel
  Supervisor
BRADLEY R. RYBA
Assistant Corporation Counsel
City of Chicago Department of Law
2 North LaSalle Street, Ste. 580
Chicago, IL 60602
(312) 744-3564
Myriam.Kasper@cityofchicago.org
Gabrielle.Sigel@cityofchicago.org
Bradley.Ryba@cityofchicago.org


**CITY OF CLEVELAND, OHIO**
MARK GRIFFIN
DIRECTOR OF LAW

*/s/ Shirley A. Tomasello*
SHIRLEY A. TOMASELLO
Assistant Director of Law
City of Cleveland Department of Law
601 Lakeside Avenue, Room 106
Cleveland, OH 44114-1077
(216) 664-3776
MGriffin@clevelandohio.gov
STomasello@clevelandohio.gov

26

**CITY OF COLUMBUS, OHIO**
ZACH KLEIN
CITY ATTORNEY

*/s/ Richard N. Coglianese*
RICHARD N. COGLIANESE
Assistant City Attorney
City of Columbus Department of Law
77 N. Front Street, 4th Fl.
Columbus, OH 43215
(614) 645-0818
RNCoglianese@columbus.gov

**CITY AND COUNTY OF**
  **DENVER, COLORADO**
MIKO ANDO BROWN
CITY ATTORNEY

*/s/ Kristin Brainerd*
KRISTIN BRAINERD
Assistant City Attorney
Denver City Attorney's Office
201 W. Colfax Avenue, Dept. 1207
Denver, CO 80202
(720) 913-8050
Kristin.Brainerd@denvergov.org

**HARRIS COUNTY, TEXAS**
JONATHAN G.C. FOMBONNE
COUNTY ATTORNEY

*/s/ Sarah Utley*
JONATHAN G.C. FOMBONNE
County Attorney
SARAH JANE UTLEY
Managing Counsel
Affirmative and Environmental
  Divisions
Harris County Attorney's Office
1010 Lamar, 11th Fl.
Houston, TX 77002
(832) 596-9786
Sarah.Utley@harriscountytx.gov

**CITY OF LOS ANGELES,**
  **CALIFORNIA**
HYDEE FELDSTEIN SOTO
CITY ATTORNEY

*/s/ Jessica B. Brown*
JESSICA B. BROWN
Assistant City Attorney
201 N. Figueroa St., 13th Floor
Los Angeles, CA 90012
(213) 978-1864
Jessica.Brown@lacity.org

27

**MARTIN LUTHER KING, JR., COUNTY, WASHINGTON**
LEESA MANION
PROSECUTING ATTORNEY

/s/ *Christopher Sanders*
CHRISTOPHER SANDERS
General Counsel & Chief Legal
  Advisor to King County Executive
  Girmay Zahilay
ERIN KING-CLANCY
Senior Deputy Prosecuting Attorney
Office of King County Prosecuting
  Attorney Leesa Manion
401 5th Avenue, Ste. 800
Seattle, WA 98104
(206) 477-9483
ChrSanders@kingcounty.gov
EClancy@kingcounty.gov

**CITY AND COUNTY OF SAN FRANCISCO, CALIFORNIA**
DAVID CHIU
CITY ATTORNEY

/s/ *Robb Kapla*
ROBB KAPLA
SOPHIA L. CAI
Deputy City Attorneys
City Hall, Room 234
1 Dr. Conrad B. Goodlett Place
San Francisco, CA 94102
(415) 554-4647
Robb.Kapla@sfcityatty.org
Sophia.Cai@sfcityatty.org

**CITY OF NEW YORK, NEW YORK**
STEVEN BANKS
CORPORATION COUNSEL

/s/ *Alice R. Baker*
ALICE R. BAKER
Senior Counsel
LEIA SEEREERAM
Assistant Corporation Counsel
TESS DERNBACH
Senior Counsel
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-2314
LSeereer@law.nyc.gov
TDernbac@law.nyc.gov
AlBaker@law.nyc.gov

**SANTA CLARA COUNTY, CALIFORNIA**
TONY LOPRESTI
COUNTY COUNSEL

/s/ *Cristina Stella*
CRISTINA STELLA
Deputy County Counsel
KAVITA NARAYAN
Chief Assistant County Counsel
MEREDITH A. JOHNSON
Lead Deputy County Counsel
Office of the County Counsel
County of Santa Clara
70 West Hedding Street, East Wing,
  9th Fl.
San José, CA 95110
(408) 299-5900
Cristina.Stella@cco.sccgov.org

28

JASON RYLANDER
DAVID PETTIT
LAUREN PARKER
Center for Biological Diversity
1411 K Street NW, Suite 1300
Washington, D.C.  20005
(510) 844-7100 (Pettit)
dpettit@biologicaldiversity.org

*Counsel for Petitioner Center
for Biological Diversity*

JAMES CROWLEY
Conservation Law Foundation
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI  02908
(401) 228-1905
jcrowley@clf.org

*Counsel for Petitioner
Conservation Law Foundation*

VERONICA SALTZMAN
FRANCIS W. STURGES, JR.
SHAUN A. GOHO
Clean Air Task Force
114 State Street, 6th Floor
Boston, MA  02109
(617) 624-0234
vsaltzman@catf.us

*Counsel for Petitioners American
Public Health Association, Alliance of
Nurses for Healthy Environments,
American Lung Association, and Clean
Wisconsin*

HANA V. VIZCARRA
MARVIN C. BROWN IV
Earthjustice
1250 I Street NW, 4th Floor
Washington, D.C.  20005
(202) 667-4500
hvizcarra@earthjustice.org
mcbrown@earthjustice.org

*Counsel for Petitioners Center for
Community Action and Environmental
Justice, Clean Air Council, Friends of
the Earth, Physicians for Social
Responsibility, Rio Grande
International Study Center, and Union
of Concerned Scientists*

29

BRIAN H. LYNK
Environmental Law & Policy
  Center
740 15th Street NW, Suite 700
Washington, D.C.  20005
(240) 461-4241
blynk@elpc.org

*Counsel for Petitioner*
*Environmental Law & Policy Center*


ADINA H. ROSENBAUM
ALLISON M. ZIEVE
Public Citizen Litigation Group
1600 20th Street NW
Washington, D.C.  20009
(202) 588-1000
arosenbaum@citizen.org

*Counsel for Petitioner Public Citizen*


ANDRES RESTREPO
JOSHUA BERMAN
Sierra Club
50 F Street NW, Eighth Floor
Washington, D.C.  20001
(856) 240-0964 (Restrepo)
andres.restrepo@sierraclub.org
josh.berman@sierraclub.org

VERA PARDEE
726 Euclid Avenue
Berkeley, CA  94708
(858) 717-1448
pardeelaw@gmail.com

*Counsel for Petitioner Sierra Club*

30

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Appellate Procedure 27(d) and D.C. Circuit Rule 27(a)(2), I hereby certify that the foregoing complies with all applicable format and length requirements, and contains 2,972 words as calculated by Microsoft Word, exclusive of the caption, signature block, and certificates of counsel.

*/s/ Hannah Perls*

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Appellate Procedure 25(c), I hereby certify that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which automatically sends a notification to the attorneys of record in this matter, who are registered with the Court's CM/ECF system.

*/s/ Hannah Perls*