ORAL ARGUMENT NOT YET SCHEDULED

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| AMERICAN PUBLIC HEALTH ASSOCIATION, *et al.*,<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and LEE ZELDIN, Administrator, U.S. Environmental Protection Agency,<br><br>Respondents. | No. 26-1037 (and consolidated cases) |

**REPLY IN SUPPORT OF PETITIONERS' MOTION FOR 30-DAY ABEYANCE FOR EPA TO ACT ON PENDING RECONSIDERATION PETITIONS BEFORE MERITS BRIEFING**

## INTRODUCTION

In April, undersigned Petitioners—spanning state and local governments, nonprofit groups, and the electric vehicle industry—asked EPA to reconsider its new futility analysis that appeared for the first time in the final rule, violating the Clean Air Act's requirement that EPA disclose such material at proposal and allow for public comment. Far from asking the Agency simply to "consider[] additional information," ECF No. 2187551 at 16 (EPA Opp.), those petitions objected to EPA's complete reinvention of its futility analysis, which has deprived Petitioners of a fair process and this Court of a suitable record.

More than 120 days later, EPA *still* has not acted on those reconsideration petitions. Nothing in EPA's response suggests the Agency plans to do anything other than deny them; it has not told this Court that it is reviewing the petitions or identified any questions presented by the petitions that require investigation. Nor does EPA say it needs more than 30 additional days to resolve them. Indeed, Intervenor-Respondent States declare that the petitions are "doomed" to be denied. ECF No. 2187532 at 4 (Intervenor States' Opp.).

By sitting on those reconsideration petitions, EPA appears to be trying to insulate its rule from full judicial review. Notably, EPA refuses to say whether it will invoke the exhaustion requirement in 42 U.S.C. § 7607(d)(7)(B) to argue that the Court cannot hear the issues raised in those petitions. EPA's opposition thus confirms the risk that EPA will rely on the new futility analysis to challenge standing and defend the Rescission on the merits, while arguing that Petitioners' challenges to the same analysis are unreviewable in this case.

This Court should not countenance EPA's sleight of hand. A time-limited abeyance would allow EPA to memorialize its apparent decision to deny the petitions, permitting any challenge to that denial to be joined with this proceeding. Proceeding that way also would not prejudice any party and would mitigate the regulatory uncertainty of which EPA complains.

Respondents' reasons for opposing the requested abeyance are makeweight. Petitioners' motion is timely: parties routinely seek, and this Court grants, abeyances after the procedural-motions deadline. And nothing in the Clean Air Act prevents this Court from holding the case in abeyance.

Therefore, if EPA still has not resolved the reconsideration petitions by the time procedural motions are decided, the Court should enter a 30-day abeyance of this case to permit EPA to do so. That path is the surest way to deliver the regulatory certainty EPA claims to want. *Cf. Standing Rock Sioux Tribe v. U.S. Army Corps of Eng'rs*, 985 F.3d 1032, 1052 (D.C. Cir. 2021) ("[A]n agency that bypassed required notice and comment rulemaking obviously could not ordinarily keep in place a regulation while it completed that fundamental procedural prerequisite."). It also promotes judicial economy by avoiding piecemeal review.

## ARGUMENT

### I. Petitioners' Motion Is Timely.

The Court is well within its authority to order abeyance at this juncture, before a briefing schedule has even been set. Petitioners' motion responds to developments postdating the May 20 deadline for procedural motions—namely, EPA's reliance on the new futility analysis in its stay opposition filed June 29, and EPA's continued silence on the reconsideration petitions, now pending for more than 120 days. ECF No. 2185720 at 8–10 (Mot.). EPA's brazen choices threaten

the orderly and fair litigation of this case in ways that were not clear in the spring.

This filing is not "belated." *Contra* EPA Opp. 9. The government routinely seeks abeyances after the initial window for procedural motions, and this Court routinely grants them. *E.g.*, *NRDC v. DOE*, No. 25-1194 (D.C. Cir. May 21, 2026), ECF No. 2174574; *West Virginia v. EPA*, No. 24-1120 (D.C. Cir.), ECF Nos. 2099080 (Feb. 5, 2025), 2101484 (Feb. 19, 2025); *West Virginia v. EPA*, No. 24-1009 (D.C. Cir.), ECF Nos. 2099553 (Feb. 7, 2025), 2105640 (Mar. 13, 2025); *North Dakota v. EPA*, No. 24-1119 (D.C. Cir.), ECF Nos. 2100678 (Feb. 13, 2025), 2101701 (Feb. 20, 2025); *Oklahoma v. EPA*, No. 24-1125 (D.C. Cir.), ECF Nos. 2104221 (Mar. 6, 2025), 2105114 (Mar. 11, 2025).[1]

Nor does the timing of Petitioners' motion or an ensuing abeyance prejudice any party. *Contra* EPA Opp. 11. No briefing schedule has been set, and other procedural motions remain pending. *See* ECF Nos. 2174286 (Record Mot.), 2174285 (Stay Mot.). Regardless of the outcome

[1] Petitioners have not forfeited any argument that their abeyance motion is timely. *Contra* EPA Opp. 9. A party "may, in a reply brief, respond to arguments raised for the first time in the [opposing party's] brief." *United States v. Powers*, 885 F.3d 728, 732 (D.C. Cir. 2018) (cleaned up).

on the pending record motion, EPA must recertify the record with a document it concedes was improperly omitted, which takes additional time. *See* Record Mot. 10. Against that backdrop, the requested 30-day abeyance should not cause much (if any) delay.

Moreover, the requested abeyance would promote regulatory certainty, by ensuring that all legal arguments regarding the Rescission can be fully and fairly litigated together. EPA's preferred course, by contrast, would all but guarantee the "cloud of uncertainty" that the Agency insists it wants to prevent. EPA Opp. 2. Absent an abeyance, the Rescission would likely require at least two rounds of seriatim litigation—one for the final rule and one for the disposition of reconsideration petitions—delaying final judicial resolution, potentially for years.[2]

Last, EPA's repeated charge of a "strategy" of delay is wrong. EPA Opp. 1, 2, 6. A 30-day abeyance could not delay resolution past "an administration change," as the Intervenor-Respondent States baselessly

[2] Equally far afield is Respondents' suggestion that an abeyance conflicts with the Clean Air Act provision allowing a rule to remain in effect during the pendency of reconsideration. *See* EPA Opp. 12–13; Intervenor States' Opp. 10–11. An abeyance would have no effect on the finality or effectiveness of the rule.

assert. Intervenor States' Opp. 12. And EPA's citations to recent abeyance requests by several Petitioners and environmental groups, *see* EPA Opp. 6, only underscore why abeyance is necessary. As here, in both *Sierra Club v. EPA* and *Air Alliance Houston v. EPA*, *see id.*, EPA issued final rules without first undertaking full notice and comment. *See* 42 U.S.C. § 7607(d)(7)(B). Abeyance requests in those cases have sought to ensure EPA's actions in their entirety are subject to efficient, fair, and timely judicial review of all relevant issues. This Court agreed, ordering longer abeyances in both cases, including just last week. *See* *Sierra Club v. EPA*, No. 26-1055 (D.C. Cir. July 20, 2026), ECF No. 2184077; *Air All. Hous. v. EPA*, No. 26-1070 (D.C. Cir. Aug. 13, 2026), ECF No. 2188182.[3] Meritorious recent abeyance motions in analogous circumstances do not evince "gamesmanship," EPA Opp. 1; they suggest that this motion too should be granted.

[3] The abeyance motion remains pending in the other cited case. *See* *Env't Def. Fund v. Zeldin*, No. 26-1152 (D.C. Cir. July 15, 2026), ECF No. 2183426.

## II. Nothing in the Clean Air Act Displaces the Court's Inherent Authority to Manage Its Docket.

Respondents belabor the fact that the Clean Air Act permits reconsideration petitions and judicial proceedings to proceed in parallel. *See* EPA Opp. 11–15; Intervenor States' Opp. 9–13. All agree that the Act allows for such parallel review, but it does not *require* it. As EPA concedes, courts "retain discretion to postpone consideration of a challenged rule pending EPA's reconsideration proceedings." EPA Opp. 14; *see McQuiggin v. Perkins*, 569 U.S. 383, 397 (2013) (courts should "not construe a statute to displace courts' traditional equitable authority absent the clearest command" (quotation marks omitted)). The Act is careful to protect the courts' "discretion to stay consideration of the appeal pending recon[s]i[d]eration by EPA." S. Rep. No. 101-228, at 3755 (1989).

Even without accounting for fairness concerns, the efficiency considerations animating the Clean Air Act's review scheme favor abeyance here. As EPA notes, the amendment allowing reconsideration petitions and judicial review to proceed in parallel was "designed to ensure prompt judicial review" of EPA rulemakings. *Id.* As this Court observed, "there is evidence in the statute of a strong congressional

desire that the procedure for establishing air quality standards be completed expeditiously and with considerable finality." *Lead Indus. Ass'n, Inc. v. EPA*, 647 F.2d 1184, 1186 (D.C. Cir. 1980) (per curiam). That objective would be frustrated, not furthered, by parallel proceedings here, which could delay final resolution for years. *See supra* at 5.

Respondents also ignore that 42 U.S.C. § 7607(d)(7)(B)'s presumption of timely resolution exists against the backdrop of section 7607's other provisions. Those include the expectation—and obligation—that EPA subject its proposal, including a summary of EPA's "methodology" and "data," to public notice and comment, 42 U.S.C. § 7607(d)(3), (5), and compile a complete administrative record, *id.* § 7607(d)(7)(A). EPA disregarded both requirements here. *See* Mot. 6; Record Mot. 1–2. Whatever Congress's preference for expeditious review, it surely does not license EPA to flout basic statutory obligations and then insist that litigation careen forward on an incomplete record, with legal and factual errors buried in reconsideration.

EPA is also incorrect that a reconsideration petition gives EPA the "choice" between defending a rule on the existing record or a supplemented record. EPA Opp. 17. Section 7607(d)(7)(B) imposes a mandatory obligation: the Agency "*shall*" reconsider a rule if the party seeking reconsideration could not raise their objection during the comment period and their objection is of central relevance to the rulemaking. 42 U.S.C. § 7607(d)(7)(B) (emphasis added).

At bottom, EPA's arguments reduce to a desire to unilaterally control the scope of the record, the ordering of this Court's docket, and the timing of judicial review. *See* EPA Opp. 15–17. By EPA's telling, it alone should choose what comprises the record, what issues can be briefed, and whether multiple rounds of merits briefing will be required to resolve the parties' dispute over the Rescission. The Clean Air Act does not give EPA such authority. Indeed, the Court often grants abeyance motions even where the Agency has not yet convened reconsideration proceedings and opposes abeyance. Mot. 10–11 (citing examples). It should do the same here.

### III. A Time-Limited Abeyance Promotes Judicial Economy and Does Not Prejudice Any Party.

A brief abeyance would promote judicial economy by ensuring that EPA's action can be presented and adjudicated in one timely proceeding, rather than risk piecemeal litigation. Mot. 12–14. It is well established that "the primary reason for holding a case in abeyance is to promote judicial economy." *Utah by & through Cox v. EPA*, No. 23-1157, 2025 WL 1354371, at *2 (D.C. Cir. May 2, 2025) (per curiam); *see also Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 386–87 (D.C. Cir. 2012). Yet EPA's opposition is silent on the subject.

This Court regularly grants abeyance to achieve the judicial economy Petitioners here seek to promote. *See* Mot. 10–11; *contra* EPA Opp. 19–20. As EPA barely acknowledges, this Court has recently granted much longer abeyances to allow EPA to act on pending reconsideration petitions. Mot. 11; *supra* at 6.[4]

---

[4] EPA's attempts to distinguish earlier abeyances fall flat. First, the Agency says industry intervenors here oppose abeyance, EPA Opp. 21, but industry intervenors hold no privileged position in dictating a briefing schedule. Second, EPA observes that another party here filed a stay motion, EPA Opp. 20, but such a submission has no bearing on whether a 30-day abeyance is appropriate in light of pending reconsideration petitions.

For their part, Intervenor-Respondent States claim that the reconsideration petitions are no impediment to efficient judicial review, but the writing is on the wall. In the States' telling, the "futility analysis" is "but one of many independent bases for the rescission," so other bases would not "be affected" by any reconsideration decision. Intervenor States' Opp. 19; *cf.* EPA Opp. 4. But EPA's actions reveal the opposite. In the Rescission itself, EPA cited the results of the futility analysis to support each of the purportedly independent bases for the Rescission. *See* 91 Fed. Reg. 7686, 7693, 7694 n.27, 7710–11, 7716–17, 7724 (Feb. 18, 2026). What's more, in briefing before this Court, EPA has already repeatedly relied on the futility analysis to challenge standing and to defend the lawfulness of the Rescission in full. *See* Mot. 8–10.[5] The futility analysis EPA attempts to bury in an indefinite reconsideration process is plainly central to EPA's defense of the Rescission and this Court's review.

---

[5] The fact that Youth Petitioners did not challenge the futility analysis in their stay motion (EPA Opp. 10) does not entitle EPA to rely on the futility analysis as reliable before that conclusion is subject to proper administrative process. Indeed, EPA's continued reliance on the futility analysis shows the fundamental unfairness of proceeding to merits briefing while the reconsideration petitions challenging that analysis remain in limbo.

An abeyance is also necessary to avoid prejudice to Petitioners. In its opposition, EPA conspicuously refuses to say whether it will invoke 42 U.S.C. § 7607(d)(7)(B) in an effort to bar Petitioners from advancing arguments that challenge the futility analysis—arguments also raised in the reconsideration petitions. EPA's silence is telling. It suggests the Agency may defer resolution of the reconsideration petitions so that it can seek to deprive Petitioners of legal arguments supporting vacatur of the Rescission.

In addition to being prejudicial, any attempt by EPA to insulate its work from judicial review would also complicate these proceedings. Neither this Court nor any other has considered the due process implications of invoking section 7607(d)(7)(B) to thwart a challenge by, among others, regulated parties. Proceeding as EPA prefers could thus force the Court to answer unnecessary, and complex, constitutional issues. *See Utah by & through Cox*, 2025 WL 1354371, at *3 (granting an abeyance to "avoid the unnecessary expenditure of judicial resources in a matter of immense complexity").

As for supposed prejudice to members of industry (EPA Opp. 2; Intervenor States' Opp. 6), *zero* industry members authored an

opposition to the abeyance. Instead, *many* industry members seek an abeyance. The Zero Emission Transportation Association (ZETA), which represents the electric vehicle industry, is among the undersigned Petitioners. ZETA's members have suffered significant economic harm as a result of the Rescission. ZETA's members join this request for an abeyance to avoid the protracted regulatory uncertainty that would result if this litigation were to proceed piecemeal.

In any event, any harm suffered by the automotive industry flows from the Rescission and EPA's inaction on the reconsideration petitions, not from a short abeyance. If EPA wants to avoid regulatory uncertainty and to ensure that briefing in this matter proceeds without delay, it can simply resolve the reconsideration petitions. The petitions have already been pending for many months. *See* Mot. Exs. A–D. EPA has previously resolved reconsideration petitions in less time. Mot. 13. The Agency does not even dispute that it can decide the petitions (whether to deny or grant) by the end of the 30-day abeyance Petitioners seek. And, as the Intervenor-Respondent States recognize, EPA has apparently already determined the petitions should be denied. *See* Intervenor States' Opp. 4 (referring to the petitions as "doomed");

*id.* 21 ("[T]here's no real prospect that the petitions will succeed before EPA."). All that is left is for EPA to memorialize its decision.

## CONCLUSION

For the foregoing reasons and those set forth in Petitioners' motion, the undersigned Petitioners respectfully request that, if EPA still has not acted on the petitions for reconsideration by the time procedural motions are resolved, the Court enter a 30-day abeyance to allow the Agency to do so.

Dated: August 17, 2026

Respectfully Submitted,

/s/ Meghan E. Greenfield
MEGHAN E. GREENFIELD
ELIZABETH B. DEUTSCH
ELIZABETH H. STARR
MAURA E. SMYLES
Jenner & Block LLP
1099 New York Ave. NW #900
Washington, DC 20001
(202) 639-6000
mgreenfield@jenner.com
edeutsch@jenner.com
estarr@jenner.com
msmyles@jenner.com

*Counsel for Petitioner Zero Emission Transportation Association*

/s/ Tsuki Hoshijima
TSUKI HOSHIJIMA
ELENA S. GOLDSTEIN
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
thoshijima@democracyforward.org

*Counsel for Petitioner Service Employees International Union*

**COMMONWEALTH OF MASSACHUSETTS**
ANDREA JOY CAMPBELL
ATTORNEY GENERAL

/s/ Hannah Perls
TURNER H. SMITH
Deputy Bureau Chief
JULIA JONAS-DAY
Assistant Attorney General
HANNAH PERLS
Special Assistant Attorney General
Energy and Environment Bureau
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Fl.
Boston, MA 02108
(617) 963-2782
Hannah.Perls@mass.gov

*Additional counsel for State and Local Government Petitioners in Case Nos. 26-1061 & 26-1090 are listed below*

/s/ *Chloe H. Kolman*
CHLOE H. KOLMAN
MEGAN M. HERZOG
SEAN H. DONAHUE
KERI R. DAVIDSON
Donahue, Goldberg, Herzog & Davidson
1008 Pennsylvania Ave., SE
Washington, D.C. 20003
(202) 372-5270 (Kolman)
chloe@donahuegoldberg.com
megan@donahuegoldberg.com
sean@donahuegoldberg.com
keri@donahuegoldberg.com

VICKIE L. PATTON
PETER ZALZAL
ALICE HENDERSON
STEPHANIE JONES
RYLAND SHENGZHI LI
Environmental Defense Fund
2060 Broadway St., Ste. 300
Boulder, Colorado 80302
(303) 447-7214
vpatton@edf.org
pzalzal@edf.org
ahenderson@edf.org
sjones@edf.org
ryli@edf.org

*Counsel for Petitioner Environmental Defense Fund*

/s/ *Rachel Heron*
RACHEL HERON
JOSEPH BRAU
DAVID DONIGER
JULIA FORGIE
MEREDITH HANKINS
ATID KIMELMAN
GAVIN MCCABE
GLENDA VALDEZ
ABIRAMI VIJAYAN
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, D.C. 20005
(202) 836-9329 (Heron)
rheron@nrdc.org
jbrau@nrdc.org
ddoniger@nrdc.org
jforgie@nrdc.org
mhankins@nrdc.org
akimelman@nrdc.org
gmccabe@nrdc.org
gvaldez@nrdc.org
avijayan@nrdc.org

*Counsel for Petitioner Natural Resources Defense Council*

*Additional counsel for Petitioners in Case No. 26-1037 are listed below*

**STATE OF CALIFORNIA**
ROB BONTA
ATTORNEY GENERAL

*/s/ Theodore McCombs*
NATALIE COLLINS
MADISON LANE
THEODORE MCCOMBS
CAITLAN MCLOON
Deputy Attorneys General
600 W. Broadway, Ste. 1800
San Diego, CA 92101
(619) 738-9000
Natalie.Collins@doj.ca.gov
Micaela.Harms@doj.ca.gov
Madison.Lane@doj.ca.gov
Theodore.McCombs@doj.ca.gov
Caitlan.McLoon@doj.ca.gov

**STATE OF NEW YORK**
LETITIA JAMES
ATTORNEY GENERAL

*/s/ Morgan A. Costello*
MORGAN A. COSTELLO
Deputy Bureau Chief
YUEH-RU CHU
Chief, Affirmative Litigation Section
ASHLEY M. GREGOR
NATHAN B. SHULOCK
Assistant Attorneys General Environmental Protection Bureau
ANTHONY R. RADUAZO
Assistant Solicitor General
NYS Office of the Attorney General
The Capitol
Albany, NY 12224
(518) 776-2392
Morgan.Costello@ag.ny.gov
Yueh-ru.Chu@ag.ny.gov
Ashley.Gregor@ag.ny.gov
Nathan.Shulock@ag.ny.gov
Anthony.Raduazo@ag.ny.gov

**STATE OF CONNECTICUT**
WILLIAM TONG
ATTORNEY GENERAL

*/s/ Matthew I. Levine*
MATTHEW I. LEVINE
Deputy Associate Attorney General
SCOTT N. KOSCHWITZ
WILLIAM E. DORNBOS
Assistant Attorneys General
JESSICA GIBREE
Special Assistant Attorney General
Office of the Attorney General
165 Capitol Avenue
Hartford, CT 06106
(860) 808-5250
Matthew.Levine@ct.gov
Scott.Koschwitz@ct.gov
William.Dornbos@ct.gov
Jessica.Gibree@ct.gov

**STATE OF ARIZONA**
KRISTIN K. MAYES
ATTORNEY GENERAL

*/s/ Kirsten Engel*
KIRSTEN ENGEL
Special Attorney General
MARY M. CURTIN
Senior Litigation Counsel
Arizona Attorney General's Office
2005 N. Central Avenue
Phoenix, AZ 85004
(602) 542-3333
Kirsten.Engel@azag.gov
Mary.Curtin@azag.gov

**STATE OF COLORADO**
PHILIP J. WEISER
ATTORNEY GENERAL

*/s/ Carrie Noteboom*
CARRIE NOTEBOOM
Assistant Deputy Attorney General
PHALEN KOHLRUSS-REUMAN
Assistant Attorney General
Colorado Department of Law
1300 Broadway, 10th Fl.
Denver, CO 80203
(720) 508-6285
Carrie.Noteboom@coag.gov
Phalen.Kohlruss@coag.gov

**STATE OF DELAWARE**
KATHLEEN JENNINGS
ATTORNEY GENERAL

*/s/ Vanessa L. Kassab*
IAN LISTON
Director of Impact Litigation
RALPH K. DURSTEIN III
VANESSA L. KASSAB
Deputy Attorneys General
Department of Justice
State Office Building
820 North French Street
Wilmington, DE 19801
(302) 683-8899
Vanessa.Kassab@delaware.gov

**STATE OF HAWAIʻI**
ANNE E. LOPEZ
ATTORNEY GENERAL

*/s/ Lyle T. Leonard*
LYLE T. LEONARD
Deputy Attorney General
Department of the Attorney General
465 S. King Street, #200
Honolulu, HI 96813
(808) 587-3052
Lyle.T.Leonard@hawaii.gov

**STATE OF ILLINOIS**
KWAME RAOUL
ATTORNEY GENERAL

*/s/ Jason E. James*
JASON E. JAMES
Assistant Attorney General
MATTHEW J. DUNN
Chief Environmental Enforcement/Asbestos Litigation Division
JOANNA BRINKMAN
Complex Litigation Counsel
Illinois Attorney General's Office
201 W. Pointe Drive, Ste. 7
Belleville, IL 62226
(217) 843-0322
Jason.James@ilag.gov
Matthew.Dunn@ilag.gov
Joanna.Brinkman@ilag.gov

**STATE OF MAINE**
AARON M. FREY
ATTORNEY GENERAL

*/s/ Emma Akrawi*
EMMA AKRAWI
Assistant Attorney General
Natural Resources Division
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333
(207) 626-8800
Emma.Akrawi@maine.gov

**STATE OF MARYLAND**
ANTHONY G. BROWN
ATTORNEY GENERAL

*/s/ Steven J. Goldstein*
STEVEN J. GOLDSTEIN
Assistant Attorney General
Office of the Attorney General of Maryland
200 Saint Paul Place, 20th Fl.
Baltimore, MD 21202
(410) 576-6414
SGoldstein@oag.state.md.us

**STATE OF MICHIGAN**
DANA NESSEL
ATTORNEY GENERAL

*/s/ Hadley E. Tuthill*
HADLEY E. TUTHILL
NEIL GIOVANATTI
Assistant Attorneys General
Michigan Department of Attorney General
525 W. Ottawa Street
Lansing, MI 48909
(517) 335-7664
TuthillH@michigan.gov
GiovanattiN@michigan.gov

**STATE OF MINNESOTA**
KEITH ELLISON
ATTORNEY GENERAL

*/s/ Catherine Rios-Keating*
PETER N. SURDO
CATHERINE RIOS-KEATING
Special Assistant Attorneys General
Minnesota Attorney General's Office
445 Minnesota Street
Town Square Tower Ste. 600
Saint Paul, MN 55101
(651) 300-7302
Peter.Surdo@ag.state.mn.us
Catherine.Rios-Keating@ag.state.mn.us

**STATE OF NEVADA**
AARON D. FORD
ATTORNEY GENERAL

*/s/ K. Brunetti Ireland*
K. BRUNETTI IRELAND
Chief of Special Litigation
Office of the Nevada Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
KIreland@ag.nv.gov

**STATE OF NEW JERSEY**
JENNIFER DAVENPORT
ATTORNEY GENERAL

*/s/ Lisa J. Morelli*
LISA J. MORELLI
Deputy Attorney General
Division of Law
New Jersey Attorney General's Office
25 Market Street
Trenton, NJ 08625
(609) 900-0782
Lisa.Morelli@law.njoag.gov

**STATE OF NEW MEXICO**
RAÚL TORREZ
ATTORNEY GENERAL

*/s/ Esther Jamison*
ESTHER JAMISON
WILLIAM GRANTHAM
SPENSER LOTZ
Assistant Attorneys General
New Mexico Department of Justice
408 Galisteo Street
Santa Fe, NM 87501
(505) 627-3474
EJamison@nmdoj.gov
WGrantham@nmdoj.gov
SLotz@nmdoj.gov

**STATE OF OREGON**
DAN RAYFIELD
ATTORNEY GENERAL

*/s/ Paul Garrahan*
PAUL GARRAHAN
Attorney-in-Charge, Natural Resources Section
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4540
Paul.Garrahan@doj.oregon.gov

**STATE OF NORTH CAROLINA**
JEFF JACKSON
ATTORNEY GENERAL

*/s/ Asher P. Spiller*
ASHER P. SPILLER
Senior Deputy Attorney General
RACHEL POSEY
Special Deputy Attorney General
North Carolina Department of Justice
P.O. Box 629
Raleigh, NC 27602
(919) 716-6600
ASpiller@ncdoj.gov
RPosey@ncdoj.gov

**GOVERNOR OF THE COMMONWEALTH OF PENNSYLVANIA**
JOSH SHAPIRO

JENNIFER SELBER
GENERAL COUNSEL

*/s/ Robert A. Reiley*
ROBERT A. REILEY
Deputy Chief Counsel
The Pennsylvania Governor's Office of General Counsel
Office of Chief Counsel, Department of Environmental Protection
RCSOB, 400 Market St., 9th Fl.
Harrisburg, PA 17105-8464
(717) 787-0478
RReiley@pa.gov

**STATE OF RHODE ISLAND**
PETER F. NERONHA
ATTORNEY GENERAL

/s/ *Nicholas M. Vaz*
NICHOLAS M. VAZ
Assistant Attorney General
Environment and Energy Unit Chief
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400
nvaz@riag.ri.gov

**STATE OF VERMONT**
CHARITY R. CLARK
ATTORNEY GENERAL

*/s/ Hannah Yindra*
HANNAH YINDRA
SAM STRATTON
Assistant Attorneys General
Office of the Attorney General
109 State Street
Montpelier, VT 05609
(802) 828-3186
Hannah.Yindra@vermont.gov
Sam.Stratton@vermont.gov

**COMMONWEALTH OF VIRGINIA**
JAY JONES
ATTORNEY GENERAL

*/s/ Tillman J. Breckenridge*
TILLMAN J. BRECKENRIDGE
Solicitor General
202 N. 9th Street
Office of the Attorney General of Virginia
Richmond, VA 23219
(804) 786-2071
SolicitorGeneral@oag.state.va.us

**STATE OF WASHINGTON**
NICHOLAS W. BROWN
ATTORNEY GENERAL

*/s/ Christopher H. Reitz*
CHRISTOPHER H. REITZ
ALEXANDRIA K. DOOLITTLE
SARAH M. REYNEVELD
Assistant Attorneys General
Office of the Washington Attorney General
P.O. Box 40117
Olympia, WA 98504-0117
(360) 586-6769
Chris.Reitz@atg.wa.gov
Alex.Doolittle@atg.wa.gov
Sarah.Reyneveld@atg.wa.gov

**STATE OF WISCONSIN**
JOSHUA L. KAUL
ATTORNEY GENERAL

*/s/ Gabe Johnson-Karp*
GABE JOHNSON-KARP
Assistant Attorney General
Wisconsin Department of Justice
17 West Main Street
Post Office Box 7857
Madison, WI 53707-7857
(608) 267-8904
Gabe.Johnson-Karp@wisdoj.gov

**DISTRICT OF COLUMBIA**
BRIAN L. SCHWALB
ATTORNEY GENERAL

*/s/ Caroline Van Zile*
CAROLINE VAN ZILE
Solicitor General
Office of the Attorney General for the District of Columbia
400 6th Street, NW, Ste. 8100
Washington, D.C. 20001
(202) 727-3400
Caroline.Vanzile@dc.gov

**UNITED STATES VIRGIN ISLANDS**
GORDON C. RHEA
ATTORNEY GENERAL

*/s/ Gordon C. Rhea*
Virgin Islands Department of Justice
Office of the Attorney General
3438 Kronprindsens Gade
GERS Complex, 2nd Fl.
St. Thomas, VI 00802-5749
(340) 774-5666

**CITY OF ALBUQUERQUE, NEW MEXICO**
LAUREN KEEFE
CITY ATTORNEY

*/s/ Devon P. King*
DEVON P. KING
Deputy City Attorney
One Civic Plaza NW
PO Box 2248
Albuquerque, NM 87103
(720) 933-6720
LKeefe@cabq.gov
DKing@cabq.gov

**BAY AREA AIR QUALITY MANAGEMENT DISTRICT**
ALEXANDER G. CROCKETT
GENERAL COUNSEL

*/s/ Jamie Jefferson*
CARRIE SCHILLING
Senior Assistant Counsel
JAMIE JEFFERSON
Assistant Counsel
375 Beale Street, Suite 600
San Francisco, CA 94105
JJefferson@baaqmd.gov
ACrockett@baaqmd.gov
CSchilling@baaqmd.gov

*Counsel for Petitioner Bay Area Air Quality Management District*

**CITY OF BOSTON, MASSACHUSETTS**
MICHAEL FIRESTONE
CORPORATION COUNSEL

*/s/ Megan Corrigan*
MEGAN CORRIGAN
Assistant Corporation Counsel
City of Boston Law Department
SAMUEL B. DINNING
Senior Assistant Corporation Counsel
One City Hall Plaza, Room 615
Boston, MA 02201
(617) 635-4034
Megan.Corrigan@boston.gov
Samuel.Dinning@boston.gov

**CITY OF CHICAGO, ILLINOIS**
MARY B. RICHARDSON-LOWRY
CORPORATION COUNSEL

*/s/ Myriam Zreczny Kasper*
MYRIAM ZRECZNY KASPER
Deputy Corporation Counsel
GABRIELLE SIGEL
Assistant Corporation Counsel Supervisor
BRADLEY R. RYBA
Assistant Corporation Counsel
City of Chicago Department of Law
2 North LaSalle Street, Ste. 580
Chicago, IL 60602
(312) 744-3564
Myriam.Kasper@cityofchicago.org
Gabrielle.Sigel@cityofchicago.org
Bradley.Ryba@cityofchicago.org

**CITY OF CLEVELAND, OHIO**
MARK GRIFFIN
DIRECTOR OF LAW

*/s/ Shirley A. Tomasello*
SHIRLEY A. TOMASELLO
Assistant Director of Law
City of Cleveland Department of Law
601 Lakeside Avenue, Room 106
Cleveland, OH 44114-1077
(216) 664-3776
MGriffin@clevelandohio.gov
STomasello@clevelandohio.gov

**CITY OF COLUMBUS, OHIO**
ZACH KLEIN
CITY ATTORNEY

*/s/ Richard N. Coglianese*
RICHARD N. COGLIANESE
Assistant City Attorney
City of Columbus Department of Law
77 N. Front Street, 4th Fl.
Columbus, OH 43215
(614) 645-0818
RNCoglianese@columbus.gov

**CITY AND COUNTY OF DENVER, COLORADO**
MIKO ANDO BROWN
CITY ATTORNEY

*/s/ Kristin Brainerd*
KRISTIN BRAINERD
Assistant City Attorney
Denver City Attorney's Office
201 W. Colfax Avenue, Dept. 1207
Denver, CO 80202
(720) 913-8050
Kristin.Brainerd@denvergov.org

**HARRIS COUNTY, TEXAS**
JONATHAN G.C. FOMBONNE
COUNTY ATTORNEY

*/s/ Sarah Utley*
JONATHAN G.C. FOMBONNE
County Attorney
SARAH JANE UTLEY
Managing Counsel
Affirmative and Environmental Divisions
Harris County Attorney's Office
1010 Lamar, 11th Fl.
Houston, TX 77002
(832) 596-9786
Sarah.Utley@harriscountytx.gov

**CITY OF LOS ANGELES, CALIFORNIA**
HYDEE FELDSTEIN SOTO
CITY ATTORNEY

*/s/ Jessica B. Brown*
JESSICA B. BROWN
Assistant City Attorney
201 N. Figueroa St., 13th Floor
Los Angeles, CA 90012
(213) 978-1864
Jessica.Brown@lacity.org

**MARTIN LUTHER KING, JR., COUNTY, WASHINGTON**
LEESA MANION
PROSECUTING ATTORNEY

*/s/ Christopher Sanders*
CHRISTOPHER SANDERS
General Counsel & Chief Legal Advisor to King County Executive Girmay Zahilay
ERIN KING-CLANCY
Senior Deputy Prosecuting Attorney
Office of King County Prosecuting Attorney Leesa Manion
401 5th Avenue, Ste. 800
Seattle, WA 98104
(206) 477-9483
ChrSanders@kingcounty.gov
EClancy@kingcounty.gov

**CITY OF NEW YORK, NEW YORK**
STEVEN BANKS
CORPORATION COUNSEL

*/s/ Alice R. Baker*
ALICE R. BAKER
Senior Counsel
LEIA SEEREERAM
Assistant Corporation Counsel
TESS DERNBACH
Senior Counsel
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-2314
LSeereer@law.nyc.gov
TDernbac@law.nyc.gov
AlBaker@law.nyc.gov

**CITY AND COUNTY OF SAN FRANCISCO, CALIFORNIA**
DAVID CHIU
CITY ATTORNEY

*/s/ Robb Kapla*
ROBB KAPLA
SOPHIA L. CAI
Deputy City Attorneys
City Hall, Room 234
1 Dr. Conrad B. Goodlett Place
San Francisco, CA 94102
(415) 554-4647
Robb.Kapla@sfcityatty.org
Sophia.Cai@sfcityatty.org

**SANTA CLARA COUNTY, CALIFORNIA**
TONY LOPRESTI
COUNTY COUNSEL

/s/ *Cristina Stella*
CRISTINA STELLA
Deputy County Counsel
KAVITA NARAYAN
Chief Assistant County Counsel
MEREDITH A. JOHNSON
Lead Deputy County Counsel
Office of the County Counsel
County of Santa Clara
70 West Hedding Street, East Wing, 9th Fl.
San José, CA 95110
(408) 299-5900
Cristina.Stella@cco.sccgov.org

JASON RYLANDER
DAVID PETTIT
LAUREN PARKER
Center for Biological Diversity
1411 K Street NW, Suite 1300
Washington, D.C. 20005
(510) 844-7100 (Pettit)
dpettit@biologicaldiversity.org

*Counsel for Petitioner Center for Biological Diversity*

VERONICA SALTZMAN
FRANCIS W. STURGES, JR.
SHAUN A. GOHO
Clean Air Task Force
114 State Street, 6th Floor
Boston, MA 02109
(617) 624-0234
vsaltzman@catf.us

*Counsel for Petitioners American Public Health Association, Alliance of Nurses for Healthy Environments, American Lung Association, and Clean Wisconsin*

JAMES CROWLEY
Conservation Law Foundation
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
(401) 228-1905
jcrowley@clf.org

*Counsel for Petitioner Conservation Law Foundation*

HANA V. VIZCARRA
MARVIN C. BROWN IV
AMANDA LINEBERRY
Earthjustice
1250 I Street NW, 4th Floor
Washington, D.C. 20005
(202) 667-4500
hvizcarra@earthjustice.org
mcbrown@earthjustice.org
alineberry@earthjustice.org

*Counsel for Petitioners Center for Community Action and Environmental Justice, Clean Air Council, Friends of the Earth, Physicians for Social Responsibility, Rio Grande International Study Center, and Union of Concerned Scientists*

BRIAN H. LYNK
Environmental Law & Policy
Center
740 15th Street NW, Suite 700
Washington, D.C. 20005
(240) 461-4241
blynk@elpc.org

*Counsel for Petitioner Environmental Law & Policy Center*

ADINA H. ROSENBAUM
ALLISON M. ZIEVE
Public Citizen Litigation Group
1600 20th Street NW
Washington, D.C. 20009
(202) 588-1000
arosenbaum@citizen.org

*Counsel for Petitioner Public Citizen*

ANDRES RESTREPO
JOSHUA BERMAN
Sierra Club
50 F Street NW, Eighth Floor
Washington, D.C. 20001
(856) 240-0964 (Restrepo)
andres.restrepo@sierraclub.org
josh.berman@sierraclub.org

VERA PARDEE
726 Euclid Avenue
Berkeley, CA 94708
(858) 717-1448
pardeelaw@gmail.com

*Counsel for Petitioner Sierra Club*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Appellate Procedure 27(d) and D.C. Circuit Rule 27(a)(2), I hereby certify that the foregoing complies with all applicable format and length requirements, and contains 2,590 words as calculated by Microsoft Word, exclusive of the caption, signature block, and certificates of counsel.

*/s/ Hannah Perls*

## **CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Appellate Procedure 25(c), I hereby certify that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which automatically sends a notification to the attorneys of record in this matter, who are registered with the Court's CM/ECF system.

*/s/ Hannah Perls*