ORAL ARGUMENT NOT YET SCHEDULED

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| AMERICAN PUBLIC HEALTH ASSOCIATION, *et al.*,<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and LEE ZELDIN, Administrator, U.S. Environmental Protection Agency,<br><br>Respondents. | No. 26-1037 (and consolidated cases) |

**PETITIONERS' PROPOSED BRIEFING SCHEDULE AND FORMAT**

Eight consolidated petitions challenge the EPA action entitled, "Rescission of the Greenhouse Gas Endangerment Finding and Motor Vehicle Greenhouse Gas Emission Standards Under the Clean Air Act," 91 Fed. Reg. 7686 (Feb. 18, 2026) ("Rescission"). Petitioners are 39 state/local governments, 35 nonprofit organizations, one trade association, and 18 individuals. Respondents are EPA and the EPA Administrator. Respondent-Intervenors are 25 states and 19 private organizations and trade associations.

The challenged EPA action rescinds the agency's 2009 finding that motor vehicles' greenhouse gas emissions cause or contribute to climate-changing pollution that endangers public health and welfare, *see* 42 U.S.C. § 7521(a)(1), and on that basis, repeals eight sets of vehicle emission standards dating back to 2010. 91 Fed. Reg. at 7688. EPA does not dispute that greenhouse gases cause climate change; rather, EPA claims climate change is by law excluded from its mandate to regulate dangerous air pollution from motor vehicles. The Administration described this action as "the single largest deregulatory action in American history." 91 Fed. Reg. 65,073 (Oct. 13, 2026).

EPA finalized multiple rationales for the Rescission, which it asserts are independent. 91 Fed. Reg. at 7692. Across those rationales, EPA makes sweeping claims about: Congress's understanding of "air pollution" in the 1960s and 1970s; the physical or chemical mechanisms by which other air pollutants harm health or welfare; over fifty years of agency regulatory practice across pollutants; the causal chains between carbon dioxide emissions and extreme weather; and the changes in global temperatures and sea level attributable to U.S. vehicles, among other issues.

Petitioners seek vacatur to protect themselves and their residents, members, and businesses against the disastrous consequences of EPA's action. Petitioners also include young individuals who are harmed by current pollution and face an even more perilous future because of the Rescission. These individuals assert the

Rescission infringes their fundamental rights and violates the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq*. ("RFRA"). To facilitate a complete, efficient presentation, Petitioners propose the following schedule and format:

| **Filing** | **Date due** | **Words** |
|---|---|---|
| Government, Nonprofit, and Industry Petitioners' opening briefs on statutory and record arguments | February 2, 2027 | 39,000 words, shared between up to 3 briefs |
| Youth Petitioners' opening brief on constitutional/RFRA arguments | February 2, 2027 | 13,000 words, 1 brief |
| Amicus briefs in support of Petitioners | February 9, 2027 | 6,500 words each |
| Respondents' answering brief | May 3, 2027 | 52,000 words |
| Amicus briefs in support of Respondents | May 10, 2027 | 6,500 words each |
| Respondent-Intervenors' briefs on statutory and record arguments | May 10, 2027 | 27,300 words shared between up to 4 briefs |
| Respondent-Intervenors' briefs on constitutional/RFRA arguments | May 10, 2027 | 9,100 words, shared between up to 4 briefs |
| Government, Nonprofit, and Industry Petitioners' replies on statutory and record arguments | July 2, 2027 | 22,500 words shared between up to 3 briefs |
| Youth Petitioners' reply on constitutional/RFRA arguments | July 2, 2027 | 7,500 words, 1 brief |
| Deferred appendix | July 12, 2027 | n/a |
| Final briefs due | July 16, 2027 | See above |

The proposed briefing intervals reflect: time needed for over 90 petitioners to coordinate while avoiding duplicative briefing; time needed for the Government Petitioners to obtain necessary management approvals within state and local legal

departments; holidays; and the parties' desire for these petitions for review to be resolved without undue delay.

**Petitioners' rationale for separate briefs and word allocations**

This action consolidates two petitions from state and local governments, three petitions by different groups of public health and environmental nonprofit organizations, one petition by individual children and youth, one labor union petition, and one industry petition. To reduce duplication, Petitioners propose up to four briefs representing distinct interests: Government Petitioners, Nonprofit Petitioners, Industry Petitioners, and Youth Petitioners.

Government Petitioners (Nos. 26-1061 and 26-1090) are 23 States, the Governor of Pennsylvania, the District of Columbia, the U.S. Virgin Islands, twelve cities and counties, and a California air district. This Court ordinarily does not compel governmental parties to file joint briefs with other parties. D.C. Cir. R. 28(d)(4). That rule is further supported by States' particular "stake in protecting [their] quasi-sovereign interests" and sovereign interests from climate change and unique, governmental reliance interests in the repealed emission standards. *Massachusetts v. EPA*, 549 U.S. 497, 520 (2007).

Nonprofit Petitioners (Nos. 26-1037, 26-1043, 26-1051, and 26-1083) comprise 35 separate entities, including public health and environmental advocacy groups, religious organizations, Alaska Native villages, and a labor union. Though

they pursue diverse missions and are represented by different counsel, Nonprofit Petitioners' interests in this case overlap sufficiently to file a single brief. However, these parties' interests are distinct from those of other petitioners, which may affect the contours of their arguments on standing and the merits alike. For example, Nonprofit Petitioners will demonstrate standing primarily based on harm to their members, while Governmental and Industry Petitioners have particular sovereign and economic injuries. Nonprofit Petitioners—several of whom have expert scientists on staff—are alone in having presented technical rebuttals of the climate modeling on which the Rescission relies. Nonprofit Petitioners do not join in the constitutional and RFRA issues raised by the Youth Petitioners.

Industry Petitioners (No. 26-1039) are the Zero-Emission Transportation Association (ZETA), which is an association of companies across the electric-vehicle supply chain. ZETA members made substantial investments in reliance on EPA's greenhouse gas program and earned significant revenue from tradable compliance credits under the program. Because ZETA comprises directly affected market participants, it has a distinct perspective: for example, it will address how regulated industry relied on the greenhouse gas program and how EPA unlawfully failed to account for those reliance interests. ZETA will also establish standing on an economic-injury theory that is unique to it, and different from the other Petitioners.

Youth Petitioners (No. 26-1038) are 18 children and youth represented by the nonprofit organizations Our Children's Trust and Public Justice. Youth Petitioners raise legal and factual issues different from all other petitioners regarding the constitutionality of EPA's Rescission. Youth Petitioners assert that the Rescission violates their Fifth Amendment rights to life and liberty by exposing them to increased amounts of air pollution; the Rescission substantially burdens their religious exercise in violation of RFRA; and EPA ignored their fundamental constitutional and religious rights during the rulemaking process by failing to respond to their comments on these issues. All these claims rely on distinct facts, including the disproportionate harms to children and youth from greenhouse gas and other air pollution, which unconstitutionally jeopardize their lives and liberty.

Allowing four separate briefs from these four differently situated groups of petitioners is consistent with this Court's practice in past challenges to climate-pollution rules. *See, e.g.*, ECF #1299368, *Coal. for Resp. Reg. v. EPA*, No. 09-1322 (Mar. 22, 2011) (up to four petitioner-side briefs); ECF #1867064, *Compet. Enter. Inst. v. NHTSA*, No. 20-1145 (Oct. 19, 2020) (up to three briefs for coordinating petitioners, plus two briefs for parties with distinct issues); ECF #1826621, *Am. Lung Ass'n v. EPA*, No. 19-1140 (Jan. 31, 2020) (up to four briefs for coordinating petitioners, plus three briefs for parties with distinct issues).

The proposed word count, equivalent to four standard-length briefs, is also appropriate given the number and complexity of issues. Of the combined 52,000 words that Petitioners request, 39,000 words—equivalent to three standard-length briefs—will focus on the statutory and record issues, and 13,000 words (one standard-length brief) will go to the Youth Petitioners' unique constitutional issues.

In prior cases, petitioners have been afforded separate word counts where they raise distinct issues, such as the Biogenic $CO_2$ Coalition and Robinson Petitioners in *American Lung Ass'n v. EPA*. The same is appropriate here. Further, the proposed word count is also consistent with the Court's practice in similar cases. The total proposed word count is comparable to that ordered in *American Lung Ass'n v. EPA*, the challenges to EPA's 2019 repeal of power plant greenhouse gas standards (52,800 words), and in *Competitive Enterprise Inst. v. NHTSA*, the challenges to EPA's 2020 rollback of vehicle standards (57,600 words). The proposed word count for the statutory and record arguments (39,000 words) is comparable to that allocated to coordinating petitioners bringing statutory and record arguments in challenges to EPA greenhouse gas standards. *See* ECF #1595922, *West Virginia v. EPA*, No. 15-1363 (Jan. 28, 2016) (42,000 words); ECF #2069206, *West Virginia v. EPA*, No. 24-1120 (Aug. 9, 2024) (32,000 words). In those cases, unlike here, petitioner-intervenor briefs added another 10,000 and 9,100 words, respectively, to the petitioner-side briefing.

Petitioners propose word counts for reply briefs that are slightly more than 50% of the opening briefs to account for the asymmetry created by Respondent-Intervenors' significant word counts.

Below, the petitioners outline their specific word count justifications.

*Statutory and record arguments*

Government, Nonprofit, and Industry Petitioners will: (1) offer arguments based on the Clean Air Act and judicial interpretations of the statute; (2) respond to each of EPA's purportedly independent rationales and subrationales; and (3) address the unprecedented irregularities of the Rescission rulemaking.

First, Petitioners will argue that the Rescission is unlawful under 42 U.S.C. § 7521(a)(1) and controlling precedent interpreting that provision, including *Massachusetts v. EPA* and *Coalition for Responsible Regulation*, which specifically addressed EPA's authority to regulate vehicle greenhouse gas emissions. [Word allotment: **3,000 words**]

Second, Petitioners will address each of EPA's statutory and record-based rationales. EPA raises several purportedly "independent" arguments, and numerous sub-arguments, in support of the Rescission, and Petitioners will have to develop arguments against each—not only as to their legal contentions, but also as to their numerous unsupported factual contentions presented as "context" in support of the statute's best reading. *See* 91 Fed. Reg. at 7690-91. Those arguments are, briefly:

1. "*Air Pollution*." EPA argues section 7521(a)(1)'s regulatory trigger excludes "global climate change concerns" because the ordinary meaning of "air pollution" in the 1970s referred to pollution that threatens health and welfare through "local or regional exposure"; the causal chains linking greenhouse gas emissions to public harms are too attenuated and speculative; and regulating vehicles' greenhouse gas emissions produces only *de minimis* changes in global temperatures or sea-level rise. 91 Fed. Reg. at 7712-18. [Word allotment: **7,000 words**]

2. *Findings and Standards*. EPA argues that the 2009 endangerment finding was improperly issued as a standalone action without corresponding emission standards. 91 Fed. Reg. at 7718-19.

3. *Endangerment and Contribution*. EPA argues the 2009 endangerment finding improperly considered *endangerment*—whether greenhouse gas pollution endangers health and welfare—separate from *contribution*—whether vehicles' emissions "cause, or contribute" to such pollution. 91 Fed. Reg. at 7719-21. [Word allotment (for #2 and #3): **2,000 words**]

4. *Major questions doctrine*. EPA contends the major questions doctrine requires clear congressional authorization for an endangerment finding based on climate change, and the Clean Air Act does not provide such authorization. 91 Fed. Reg. at 7723-26. [Word allotment: **3,000 words**]

5. *Futility*. EPA modeled changes in global temperatures and sea-level rise from U.S. vehicles' greenhouse gas emissions, purporting to show that eliminating these emissions would be "futile." 91 Fed. Reg. at 7728-34. Petitioners intend to both challenge the legal premise that the Clean Air Act conditions an endangerment finding on the efficacy of consequent standards [**2,500 words**] and rebut EPA's futility analysis on the record as arbitrary and capricious **[4,500 words**].

Finally, Petitioners must address the other arbitrary and capricious aspects of the Rescission, which independently justify vacatur, including EPA's failure to consider reliance interests [**2,000 words**] and defects in the way EPA engaged with public participation [**3,000 words**]. In making the latter argument, Petitioners must also address outstanding administrative record issues: While Petitioners urged EPA to resolve those issues prior to merits briefing, EPA declined, and the Court deferred the record motion to the merits panel and directed Petitioners to include their arguments in the opening briefs. ECF #2196262.

Government, Nonprofit, and Industry Petitioners intend to share one Statement of the Case [**4,000 words**], but each will have to demonstrate standing [**5,000 words**]—which EPA appears poised to challenge, *see* ECF #2181103, at 4-12—and include Summaries of the Argument and other sections required by FRAP 28 [**3,000 words**]. *See* Fed. R. App. P. 28; D.C. Cir. R. 28(a)(7).

*Constitutional arguments*

The motions panel did not address the merits of Youth Petitioners' constitutional arguments in deciding the stay application; Youth Petitioners will need to brief those arguments in full. Youth Petitioners anticipate 1,000 words for a Statement of the Case, 2,000 words for standing, 5,000 words for constitutional rights, 4,000 words for RFRA, and 1,000 words for the Summary of the Argument and other sections required by FRAP 28.

**Petitioners' response to Respondents' proposed schedule and format**

Petitioners understand that Respondents propose opening briefs due in 65 days, with EPA's response due 60 days later, 27 days for Petitioners' replies, 2 days to compile the Joint Appendix, and 2 days to submit final briefs. These timeframes are not appropriate in a case of this size that has not been expedited. And Respondents' proposed 21,000 words for opening briefs and 10,500 words for replies is inadequate for this complex case involving more than 90 petitioners, including Youth Petitioners raising unique constitutional and RFRA claims.

EPA's proposed schedule is out of step with those typical for consolidated Clean Air Act challenges, in which diverse petitioners must coordinate non-duplicative briefing and secure approval across large coalitions. *See, e.g.*, ECF #1299368, *Coal. for Resp. Reg.*, No. 09-1322 (opening brief due 130 days after proposals submitted); ECF #1867064, *Comp. Enter. Inst.*, No. 20-1145 (122 days);

ECF #2073084, *Texas v. EPA*, No. 24-1054 (102 days). No party here moved for this case to be expedited, much less justified expedition. Moreover, EPA's rushed schedule would compress several important pieces of the briefing timeline:

*Opening briefs*: A January 8, 2027 deadline for Petitioners' briefs would in practice require Petitioners—in particular, the 39 state and local governments with multi-layered review and approval processes—to secure approvals between January 4-8, after winter holiday absences. Petitioners' functional briefing window would be the 49 days before December 24, not reflecting the additional time lost to Thanksgiving. That interval and the 60 days EPA reserves for its own brief (which comes entirely after the holidays) are not comparable.

*Reply brief.* The 27-day period EPA proposes for reply briefs is less than half of the opening brief interval. That period is insufficient to coordinate, review, and secure approvals of replies while avoiding duplication. EPA proposes that Respondent-Intervenors' brief be filed 7 days after EPA's brief, leaving Petitioners *20* days to respond to the full suite of arguments. Twenty days to address those briefs is less than Rule 31(a)(1)'s 21-day period for reply briefs in a mine-run case.

*Preparation of the Joint Appendix and Final Form briefs.* Two days for preparation of the deferred joint appendix and two more for final-form briefs is unworkable. Schedules in comparable cases afford a full two weeks or more for the same exercise. *E.g.*, ECF #1826621, *Am. Lung Ass'n v. EPA*, No. 19-1140 (14 days

for joint appendix, 7 days for final-form briefs). Even in *expedited* Clean Air Act cases, the Court has consistently given parties a week to complete these two steps. *E.g.*, ECF #2069206, *West Virginia v. EPA*, No. 24-1120. The Joint Appendix requires petitioners to coordinate with lead counsel for all parties; designate, compile, deduplicate, and format record excerpts; and produce and print the appendix, all while resolving disputes and providing pre-final drafts for review. Parties cannot begin preparing final briefs until the Joint Appendix is finalized.

EPA's proposed briefing format is inappropriate for "the single largest deregulatory action in American history." 91 Fed. Reg. at 65,073. The docket for the Rescission lists 571,676 comments; Petitioners alone filed thousands of pages of material. Divided between the four petitioner coalitions, EPA's proposed 21,000 words would leave each group 5,250 words—less than half of what Rule 32(a)(7) affords a *single* petitioner. From conferrals, Petitioners understand EPA's proposal is based on formats negotiated in *Kentucky v. EPA* (No. 24-1087) and *Texas v. EPA* (No. 22-1031), which are not analogous. Those cases concerned individual standard-setting rules; this case concerns the repeal of a multi-decade regulatory program encompassing eight such rules, including those at issue in *Kentucky* and *Texas*. The primary issue briefed in *Kentucky* and *Texas*—whether an alleged electric vehicle "mandate" violated the major questions doctrine—is but one *sub-argument* under one of the many rationales EPA advances here. As explained

above, *American Lung Ass'n v. EPA* (52,800 words total) and *Competitive Enterprise Inst. v. NHTSA* (57,600) are the closer comparators; yet the Rescission exceeds even those actions in scope.

* * *

For these reasons, Petitioners ask the Court to enter their proposed briefing format and schedule as set forth above.

Dated: November 4, 2026

Respectfully Submitted,

**COMMONWEALTH OF MASSACHUSETTS**
ANDREA JOY CAMPBELL
ATTORNEY GENERAL

*/s/ Turner H. Smith*
TURNER H. SMITH
Deputy Bureau Chief
JULIA JONAS-DAY
Assistant Attorney General
HANNAH PERLS
Special Assistant Attorney General
Energy and Environment Bureau
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Fl.
Boston, MA 02108
(617) 963-2782
Turner.Smith@mass.gov
Julia.Jonas-Day@mass.gov
Hannah.Perls@mass.gov

**STATE OF CALIFORNIA**
ROB BONTA
ATTORNEY GENERAL

*/s/ Theodore McCombs*
THEODORE MCCOMBS
CAITLAN MCLOON
Deputy Attorneys General
600 W. Broadway, Ste. 1800
San Diego, CA 92101
(619) 738-9000
Theodore.McCombs@doj.ca.gov
Caitlan.McLoon@doj.ca.gov

**STATE OF NEW YORK**
LETITIA JAMES
ATTORNEY GENERAL

*/s/ Morgan A. Costello*
MORGAN A. COSTELLO
Deputy Bureau Chief
YUEH-RU CHU
Chief, Affirmative Litigation Section
ASHLEY M. GREGOR
NATHAN B. SHULOCK
Assistant Attorneys General
Environmental Protection Bureau
ANTHONY R. RADUAZO
Assistant Solicitor General
NYS Office of the Attorney General
The Capitol
Albany, NY 12224
(518) 776-2392
Morgan.Costello@ag.ny.gov
Yueh-ru.Chu@ag.ny.gov
Ashley.Gregor@ag.ny.gov
Nathan.Shulock@ag.ny.gov
Anthony.Raduazo@ag.ny.gov

**STATE OF CONNECTICUT**
WILLIAM TONG
ATTORNEY GENERAL

*/s/ Matthew I. Levine*
MATTHEW I. LEVINE
Deputy Associate Attorney General
SCOTT N. KOSCHWITZ
WILLIAM E. DORNBOS
Assistant Attorneys General
JESSICA GIBREE
Special Assistant Attorney General
Office of the Attorney General
165 Capitol Avenue
Hartford, CT 06106
(860) 808-5250
Matthew.Levine@ct.gov
Scott.Koschwitz@ct.gov
William.Dornbos@ct.gov
Jessica.Gibree@ct.gov

*Additional counsel for Government Petitioners in Case Nos. 26-1061 & 26-1090 are listed below*

/s/ *Chloe H. Kolman*
CHLOE H. KOLMAN
MEGAN M. HERZOG
SEAN H. DONAHUE
KERI R. DAVIDSON
Donahue, Goldberg, Herzog & Davidson
1008 Pennsylvania Ave., SE
Washington, D.C. 20003
(202) 372-5270 (Kolman)
chloe@donahuegoldberg.com
megan@donahuegoldberg.com
sean@donahuegoldberg.com
keri@donahuegoldberg.com

VICKIE L. PATTON
PETER ZALZAL
ALICE HENDERSON
STEPHANIE JONES
RYLAND SHENGZHI LI
Environmental Defense Fund
2060 Broadway St., Ste. 300
Boulder, Colorado 80302
(303) 447-7214
vpatton@edf.org
pzalzal@edf.org
ahenderson@edf.org
sjones@edf.org
ryli@edf.org

*Counsel for Petitioner Environmental Defense Fund*

/s/ *Rachel Heron*
RACHEL HERON
DAVID DONIGER
JULIA FORGIE
MEREDITH HANKINS
ATID KIMELMAN
GAVIN MCCABE
GLENDA VALDEZ
ABIRAMI VIJAYAN
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, D.C. 20005
(202) 836-9329 (Heron)
rheron@nrdc.org
ddoniger@nrdc.org
jforgie@nrdc.org
mhankins@nrdc.org
akimelman@nrdc.org
gmccabe@nrdc.org
gvaldez@nrdc.org
avijayan@nrdc.org

*Counsel for Petitioner Natural Resources Defense Council*

*Additional counsel for Petitioners in Case Nos. 26-1037, 26-1043, and 26-1083 are listed below*

*<u>/s/ Meghan E. Greenfield</u>*
MEGHAN E. GREENFIELD
ELIZABETH B. DEUTSCH
ELIZABETH H. STARR
Jenner & Block LLP
1099 New York Ave., NW, Suite 900
Washington, DC 20001
(202) 639-6000
mgreenfield@jenner.com
edeutsch@jenner.com
estarr@jenner.com
msmyles@jenner.com

*Counsel for Petitioner Zero Emission Transportation Association in Case No. 26-1039*

*<u>/s/ Daniel C. Snyder</u>*
DANIEL C. SNYDER
HALEY NICHOLSON
Public Justice
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 797-8600
dsnyder@publicjustice.net
hnicholson@publicjustice.net

JULIA A. OLSON
ANDREA RODGERS
Our Children's Trust
1216 Lincoln Street
Eugene, OR 97401
(415) 786-4825
julia@ourchildrenstrust.org
andrea@ourchildrenstrust.org

*Counsel for Youth Petitioners in Case No. 26-1038*

*<u>/s/ Tsuki Hoshijima</u>*
TSUKI HOSHIJIMA
ELENA S. GOLDSTEIN
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
thoshijima@democracyforward.org

*Counsel for Petitioner Service Employees International Union in Case No. 26-1051*

**STATE OF ARIZONA**
KRISTIN K. MAYES
ATTORNEY GENERAL

*/s/ Kirsten Engel*
KIRSTEN ENGEL
Special Attorney General
MARY M. CURTIN
Senior Litigation Counsel
Arizona Attorney General's Office
2005 N. Central Avenue
Phoenix, AZ 85004
(602) 542-3333
Kirsten.Engel@azag.gov
Mary.Curtin@azag.gov

**STATE OF COLORADO**
PHILIP J. WEISER
ATTORNEY GENERAL

*/s/ Carrie Noteboom*
CARRIE NOTEBOOM
Assistant Deputy Attorney General
PHALEN KOHLRUSS-REUMAN
Assistant Attorney General
Colorado Department of Law
1300 Broadway, 10th Fl.
Denver, CO 80203
(720) 508-6285
Carrie.Noteboom@coag.gov
Phalen.Kohlruss@coag.gov

**STATE OF DELAWARE**
KATHLEEN JENNINGS
ATTORNEY GENERAL

*/s/ Vanessa L. Kassab*
IAN LISTON
Director of Impact Litigation
RALPH K. DURSTEIN III
VANESSA L. KASSAB
Deputy Attorneys General
Department of Justice
State Office Building
820 North French Street
Wilmington, DE 19801
(302) 683-8899
Vanessa.Kassab@delaware.gov

**STATE OF HAWAIʻI**
ANNE E. LOPEZ
ATTORNEY GENERAL

*/s/ Lyle T. Leonard*
LYLE T. LEONARD
Deputy Attorney General
Department of the Attorney General
465 S. King Street, #200
Honolulu, HI 96813
(808) 587-3052
Lyle.T.Leonard@hawaii.gov

**STATE OF ILLINOIS**
KWAME RAOUL
ATTORNEY GENERAL

*/s/ Jason E. James*
JASON E. JAMES
Assistant Attorney General
MATTHEW J. DUNN
Chief Environmental Enforcement/
Asbestos Litigation Division
JOANNA BRINKMAN
Complex Litigation Counsel
Illinois Attorney General's Office
201 W. Pointe Drive, Ste. 7
Belleville, IL 62226
(217) 843-0322
Jason.James@ilag.gov
Matthew.Dunn@ilag.gov
Joanna.Brinkman@ilag.gov

**STATE OF MAINE**
AARON M. FREY
ATTORNEY GENERAL

*/s/ Emma Akrawi*
EMMA AKRAWI
Assistant Attorney General
Natural Resources Division
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333
(207) 626-8800
Emma.Akrawi@maine.gov

**STATE OF MARYLAND**
ANTHONY G. BROWN
ATTORNEY GENERAL

*/s/ Steven J. Goldstein*
STEVEN J. GOLDSTEIN
Assistant Attorney General
Office of the Attorney General of
Maryland
200 Saint Paul Place, 20th Fl.
Baltimore, MD 21202
(410) 576-6414
SGoldstein@oag.state.md.us

**STATE OF MICHIGAN**
DANA NESSEL
ATTORNEY GENERAL

*/s/ Hadley E. Tuthill*
HADLEY E. TUTHILL
NEIL GIOVANATTI
Assistant Attorneys General
Michigan Department of Attorney
General
525 W. Ottawa Street
Lansing, MI 48909
(517) 335-7664
TuthillH@michigan.gov
GiovanattiN@michigan.gov

**STATE OF MINNESOTA**
KEITH ELLISON
ATTORNEY GENERAL

*/s/ Catherine Rios-Keating*
PETER N. SURDO
CATHERINE RIOS-KEATING
Special Assistant Attorneys General
Minnesota Attorney General's Office
445 Minnesota Street
Town Square Tower Ste. 600
Saint Paul, MN 55101
(651) 300-7302
Peter.Surdo@ag.state.mn.us
Catherine.Rios-Keating@ag.state.mn.us

**STATE OF NEVADA**
AARON D. FORD
ATTORNEY GENERAL

*/s/ K. Brunetti Ireland*
K. BRUNETTI IRELAND
Chief of Special Litigation
Office of the Nevada Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
KIreland@ag.nv.gov

**STATE OF NEW JERSEY**
JENNIFER DAVENPORT
ATTORNEY GENERAL

*/s/ Lisa J. Morelli*
LISA J. MORELLI
Deputy Attorney General
Division of Law
New Jersey Attorney General's Office
25 Market Street
Trenton, NJ 08625
(609) 900-0782
Lisa.Morelli@law.njoag.gov

**STATE OF NEW MEXICO**
RAÚL TORREZ
ATTORNEY GENERAL

*/s/ Esther Jamison*
ESTHER JAMISON
WILLIAM GRANTHAM
SPENSER LOTZ
Assistant Attorneys General
New Mexico Department of Justice
408 Galisteo Street
Santa Fe, NM 87501
(505) 627-3474
EJamison@nmdoj.gov
WGrantham@nmdoj.gov
SLotz@nmdoj.gov

**STATE OF NORTH CAROLINA**
JEFF JACKSON
ATTORNEY GENERAL

*/s/ Asher P. Spiller*
ASHER P. SPILLER
Senior Deputy Attorney General
RACHEL POSEY
Special Deputy Attorney General
North Carolina Department of Justice
P.O. Box 629
Raleigh, NC 27602
(919) 716-6600
ASpiller@ncdoj.gov
RPosey@ncdoj.gov

**STATE OF OREGON**
DAN RAYFIELD
ATTORNEY GENERAL

*/s/ Paul Garrahan*
PAUL GARRAHAN
Attorney-in-Charge, Natural Resources Section
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4540
Paul.Garrahan@doj.oregon.gov

**GOVERNOR OF THE COMMONWEALTH OF PENNSYLVANIA**
JOSH SHAPIRO

JENNIFER SELBER
GENERAL COUNSEL

*/s/ Robert A. Reiley*
ROBERT A. REILEY
Deputy Chief Counsel
The Pennsylvania Governor's Office of General Counsel
Office of Chief Counsel, Department of Environmental Protection
RCSOB, 400 Market Street, 9th Fl.
Harrisburg, PA 17105-8464
(717) 787-0478
RReiley@pa.gov

**STATE OF RHODE ISLAND**
PETER F. NERONHA
ATTORNEY GENERAL

*/s/ Nicholas M. Vaz*
NICHOLAS M. VAZ
Assistant Attorney General
Environment and Energy Unit Chief
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400
nvaz@riag.ri.gov

**STATE OF VERMONT**
CHARITY R. CLARK
ATTORNEY GENERAL

*/s/ Hannah Yindra*
HANNAH YINDRA
SAM STRATTON
Assistant Attorneys General
Office of the Attorney General
109 State Street
Montpelier, VT 05609
(802) 828-3186
Hannah.Yindra@vermont.gov
Sam.Stratton@vermont.gov

**COMMONWEALTH OF VIRGINIA**
JAY JONES
ATTORNEY GENERAL

*/s/ Tillman J. Breckenridge*
TILLMAN J. BRECKENRIDGE
Solicitor General
202 N. 9th Street
Office of the Attorney General of Virginia
Richmond, VA 23219
(804) 786-2071
SolicitorGeneral@oag.state.va.us

**STATE OF WASHINGTON**
NICHOLAS W. BROWN
ATTORNEY GENERAL

*/s/ Christopher H. Reitz*
CHRISTOPHER H. REITZ
ALEXANDRIA K. DOOLITTLE
SARAH M. REYNEVELD
Assistant Attorneys General
Office of the Washington Attorney General
P.O. Box 40117
Olympia, WA 98504-0117
(360) 586-6769
Chris.Reitz@atg.wa.gov
Alex.Doolittle@atg.wa.gov
Sarah.Reyneveld@atg.wa.gov

**STATE OF WISCONSIN**
JOSHUA L. KAUL
ATTORNEY GENERAL

*/s/ Gabe Johnson-Karp*
GABE JOHNSON-KARP
Assistant Attorney General
Wisconsin Department of Justice
17 West Main Street
Post Office Box 7857
Madison, WI 53707-7857
(608) 267-8904
Gabe.Johnson-Karp@wisdoj.gov

**DISTRICT OF COLUMBIA**
BRIAN L. SCHWALB
ATTORNEY GENERAL

*/s/ Caroline Van Zile*
CAROLINE VAN ZILE
Solicitor General
Office of the Attorney General for the District of Columbia
400 6th Street, NW, Ste. 8100
Washington, D.C. 20001
(202) 727-3400
Caroline.Vanzile@dc.gov

**UNITED STATES VIRGIN ISLANDS**
GORDON C. RHEA
ATTORNEY GENERAL

*/s/ Gordon C. Rhea*
Virgin Islands Department of Justice
Office of the Attorney General
3438 Kronprindsens Gade
GERS Complex, 2nd Fl.
St. Thomas, VI 00802-5749
(340) 774-5666

**CITY OF ALBUQUERQUE, NEW MEXICO**
LAUREN KEEFE
CITY ATTORNEY

*/s/ Devon P. King*
DEVON P. KING
Deputy City Attorney
One Civic Plaza NW
PO Box 2248
Albuquerque, NM 87103
(720) 933-6720
LKeefe@cabq.gov
DKing@cabq.gov

**BAY AREA AIR QUALITY MANAGEMENT DISTRICT**
ALEXANDER G. CROCKETT
GENERAL COUNCEL

*/s/ Jamie Jefferson*
CARRIE SCHILLING
Senior Assistant Counsel
JAMIE JEFFERSON
Assistant Counsel
375 Beale Street, Suite 600
San Francisco, CA 94105
JJefferson@baaqmd.gov
ACrockett@baaqmd.gov
CSchilling@baaqmd.gov

*Counsel for Petitioner Bay Area Air Quality Management District*

**CITY OF BOSTON, MASSACHUSETTS**
MICHAEL FIRESTONE
CORPORATION COUNSEL

*/s/ Megan Corrigan*
MEGAN CORRIGAN
Assistant Corporation Counsel
City of Boston Law Department
SAMUEL B. DINNING
Senior Assistant Corporation Counsel
One City Hall Plaza, Room 615
Boston, MA 02201
(617) 635-4034
Megan.Corrigan@boston.gov
Samuel.Dinning@boston.gov

**CITY OF CHICAGO, ILLINOIS**
MARY B. RICHARDSON-LOWRY
CORPORATION COUNSEL

*/s/ Myriam Zreczny Kasper*
MYRIAM ZRECZNY KASPER
Deputy Corporation Counsel
GABRIELLE SIGEL
Assistant Corporation Counsel Supervisor
BRADLEY R. RYBA
Assistant Corporation Counsel
City of Chicago Department of Law
2 North LaSalle Street, Ste. 580
Chicago, IL 60602
(312) 744-3564
Myriam.Kasper@cityofchicago.org
Gabrielle.Sigel@cityofchicago.org
Bradley.Ryba@cityofchicago.org

**CITY OF CLEVELAND, OHIO**
MARK GRIFFIN
DIRECTOR OF LAW

*/s/ Shirley A. Tomasello*
SHIRLEY A. TOMASELLO
Assistant Director of Law
City of Cleveland Department of Law
601 Lakeside Avenue, Room 106
Cleveland, OH 44114-1077
(216) 664-3776
MGriffin@clevelandohio.gov
STomasello@clevelandohio.gov

**CITY OF COLUMBUS, OHIO**
ZACH KLEIN
CITY ATTORNEY

*/s/ Richard N. Coglianese*
RICHARD N. COGLIANESE
Assistant City Attorney
City of Columbus Department of Law
77 N. Front Street, 4th Fl.
Columbus, OH 43215
(614) 645-0818
RNCoglianese@columbus.gov

**CITY AND COUNTY OF DENVER, COLORADO**
MIKO ANDO BROWN
CITY ATTORNEY

*/s/ Kristin Brainerd*
KRISTIN BRAINERD
Assistant City Attorney
Denver City Attorney's Office
201 W. Colfax Avenue, Dept. 1207
Denver, CO 80202
(720) 913-8050
Kristin.Brainerd@denvergov.org

**HARRIS COUNTY, TEXAS**
JONATHAN G.C. FOMBONNE
COUNTY ATTORNEY

*/s/ Sarah Utley*
JONATHAN G.C. FOMBONNE
County Attorney
SARAH JANE UTLEY
Managing Counsel
Affirmative and Environmental Divisions
Harris County Attorney's Office
1010 Lamar, 11th Fl.
Houston, TX 77002
(832) 596-9786
Sarah.Utley@harriscountytx.gov

**CITY OF LOS ANGELES, CALIFORNIA**
HYDEE FELDSTEIN SOTO
CITY ATTORNEY

*/s/ Jessica B. Brown*
JESSICA B. BROWN
Assistant City Attorney
201 N. Figueroa St., 13th Floor
Los Angeles, CA 90012
(213) 978-1864
Jessica.Brown@lacity.org

**MARTIN LUTHER KING, JR., COUNTY, WASHINGTON**
LEESA MANION
PROSECUTING ATTORNEY

*/s/ Christopher Sanders*
CHRISTOPHER SANDERS
General Counsel & Chief Legal Advisor to King County Executive Girmay Zahilay
ERIN KING-CLANCY
Senior Deputy Prosecuting Attorney
Office of King County Prosecuting Attorney Leesa Manion
401 5th Avenue, Ste. 800
Seattle, WA 98104
(206) 477-9483
ChrSanders@kingcounty.gov
EClancy@kingcounty.gov

**CITY OF NEW YORK, NEW YORK**
STEVEN BANKS
CORPORATION COUNSEL

/s/ *Alice R. Baker*
ALICE R. BAKER
Senior Counsel
LEIA SEEREERAM
Assistant Corporation Counsel
TESS DERNBACH
Senior Counsel
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-2314
LSeereer@law.nyc.gov
TDernbac@law.nyc.gov
AlBaker@law.nyc.gov

**SANTA CLARA COUNTY, CALIFORNIA**
TONY LOPRESTI
COUNTY COUNSEL

/s/ *Cristina Stella*
CRISTINA STELLA
Deputy County Counsel
KAVITA NARAYAN
Chief Assistant County Counsel
MEREDITH A. JOHNSON
Lead Deputy County Counsel
Office of the County Counsel
County of Santa Clara
70 West Hedding Street, East Wing, 9th Fl.
San José, CA 95110
(408) 299-5900
Cristina.Stella@cco.sccgov.org

**CITY AND COUNTY OF SAN FRANCISCO, CALIFORNIA**
DAVID CHIU
CITY ATTORNEY

/s/ *Robb Kapla*
ROBB KAPLA
Deputy City Attorney
Office of the City Attorney City Hall, Room 234
1 Dr. Carlton B. Goodlett Pl.,
San Francisco, CA 94102
(415) 554-4647
Robb.Kapla@sfcityatty.org

JASON RYLANDER
DAVID PETTIT
LAUREN PARKER
Center for Biological Diversity
1411 K Street NW, Suite 1300
Washington, D.C. 20005
(510) 844-7100 (Pettit)
dpettit@biologicaldiversity.org

*Counsel for Petitioner Center for Biological Diversity*

VERONICA SALTZMAN
FRANCIS W. STURGES, JR.
SHAUN A. GOHO
Clean Air Task Force
114 State Street, 6th Floor
Boston, MA 02109
(617) 624-0234
vsaltzman@catf.us

*Counsel for Petitioners American Public Health Association, Alliance of Nurses for Healthy Environments, American Lung Association, and Clean Wisconsin*

JAMES CROWLEY
Conservation Law Foundation
235 Promenade Street
Suite 560, Mailbox 28
Providence, RI 02908
(401) 228-1905
jcrowley@clf.org

*Counsel for Petitioner Conservation Law Foundation*

HANA V. VIZCARRA
MARVIN C. BROWN IV
AMANDA LINEBERRY
Earthjustice
1250 I Street NW, 4th Floor
Washington, D.C. 20005
(202) 667-4500
hvizcarra@earthjustice.org
mcbrown@earthjustice.org
alineberry@earthjustice.org

*Counsel for Petitioners Center for Community Action and Environmental Justice, Clean Air Council, Friends of the Earth, Physicians for Social Responsibility, Rio Grande International Study Center, Union of Concerned Scientists, Alaska Institute for Justice, Chesapeake Bay Foundation, Chinik Eskimo Community, Native Village of Kwinhagak, Native Village of Nunapitchuk, NOFA-NY, WE ACT, West Virginia Highlands Conservancy, and Wyoming Outdoor Council*

BRIAN H. LYNK
Environmental Law & Policy
Center
740 15th Street NW, Suite 700
Washington, D.C. 20005
(240) 461-4241
blynk@elpc.org

*Counsel for Petitioners Environmental Law & Policy Center, Hoosier Environmental Council, Illinois Environmental Council, Iowa Environmental Council, Minnesota Environmental Partnership, and Ohio Environmental Council*

ERIN DORAN*
TARAH HEINZEN
Food & Water Watch
1616 P Street NW, Suite 300
Washington, D.C. 20036
(202) 683-2500
edoran@fwwatch.org
theinzen@fwwatch.org

*Counsel for Petitioner Food & Water Watch*

* Not admitted to the D.C. Bar; practice limited to federal courts and agencies.

BRUCE A. MORRISON
Great Rivers Environmental Law Center
4625 Lindell Blvd, Suites 200 and 300
St. Louis, MO 63108
(314) 231-4181
bamorrison@greatriverslaw.org

*Counsel for Petitioners Metropolitan Congregations United for St. Louis and Missouri Coalition for the Environment*

ADINA H. ROSENBAUM
ALLISON M. ZIEVE
Public Citizen Litigation Group
1600 20th Street NW
Washington, D.C. 20009
(202) 588-1000
arosenbaum@citizen.org

*Counsel for Petitioner Public Citizen*

ANDRES RESTREPO
JOSHUA BERMAN
Sierra Club
50 F Street NW, Eighth Floor
Washington, D.C. 20001
(856) 240-0964 (Restrepo)
andres.restrepo@sierraclub.org
josh.berman@sierraclub.org

VERA PARDEE
726 Euclid Avenue
Berkeley, CA 94708
(858) 717-1448
pardeelaw@gmail.com

*Counsel for Petitioner Sierra Club*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1), I certify that:

1. This document complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because, excluding parts of the document exempted by Fed. R. App. P. 32(f), the brief contains 2,755 words and thus does not exceed the 5,200 word limit.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(b) because the brief has been prepared in proportionally spaced typeface using Microsoft Word word-processing system in Times New Roman that is at least 14 points.

Dated: November 4, 2026

*/s/ Theodore A. McCombs*
THEODORE A. MCCOMBS

**CERTIFICATE OF SERVICE**

I hereby certify that on this November 4, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the D.C. Circuit using the appellate CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

Dated: November 4, 2026

*/s/ Theodore A. McCombs*
Theodore A. McCombs