ORAL ARGUMENT NOT YET SCHEDULED

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| American Public Health Association, et al.,<br><br>Petitioners,<br><br>v.<br><br>U.S. Environmental Protection Agency and Lee M. Zeldin, Administrator, U.S. Environmental Protection Agency,<br><br>Respondents. | Case No. 26-1037 and consolidated cases |

**EPA's and Respondent-Intervenors'**
**Proposed Briefing Schedule and Format**

EPA and Respondent-Intervenors submit their proposed briefing schedule and format. *See* Order (Oct. 5, 2026). The parties conferred over their proposals, but could not agree, and Petitioners are filing their own proposal.

EPA and Respondent-Intervenors propose:

| Filing | Deadline | Word limit |
|---|---|---|
| Petitioners' opening briefs | January 8, 2027 | 21,000 words, shared between all briefs[1] |
| Briefs from any amici supporting Petitioners | January 15, 2027 | 6,500 words |
| EPA's response brief | March 9, 2027 | 21,000 words |
| Briefs from any amici supporting EPA | March 16, 2027 | 6,500 words |
| Respondent-Intervenors' briefs | March 16, 2027 | 14,700 words, shared between up to 3 briefs |
| Replies | April 5, 2027 | 10,500 words, shared between all briefs |
| Joint appendix | April 7, 2027 | N/A |
| Final briefs | April 9, 2027 | See above |

EPA and Respondent-Intervenors also request that the Court schedule oral argument during the spring 2027 term.

**EPA's justification for its proposal**

*Briefing schedule*

Under review is a Clean Air Act rule that (1) rescinds EPA's 2009 endangerment and contribution findings for greenhouse-gas emissions from new motor vehicles and engines, and (2) repeals associated standards for these emissions. 91 Fed. Reg. 7686 (Feb. 18, 2026); *see* 42 U.S.C. § 7521(a).

---

[1] So long as the total word limits hold, EPA and Respondent-Intervenors take no position on the number of opening briefs or replies.

All agree that this is an important rule with vast implications.[2] Prompt resolution of the dispute—and the legal certainty it brings—would thus benefit everyone, from EPA to automakers to the public at large. To that end, EPA proposes a schedule that would give all parties enough time for briefing and that would allow oral argument in the spring 2027 term.

This dispute boils down to four sets of issues: (1) statutory authority; (2) technical issues; (3) procedural issues; and (4) constitutional issues.[3] Petitioners have already developed and even briefed these issues: They developed their statutory-authority arguments in their rulemaking comments and briefed the technical issues in their petitions for administrative reconsideration. Abeyance Mot. Exs. A-D (July 29, 2026). They combed through the record and briefed the procedural issues in their motion to complete the administrative record (May 20, 2026). *See* Order (Oct. 5, 2026) (referring record motion to merits panel). And the Venner Petitioners briefed the constitutional issues in their stay motion (May 20, 2026). So Petitioners do not need that much more time to combine, refine, and edit their existing briefing, and to coordinate their approval processes.

---

[2] *E.g.*, https://earthjustice.org/press/2026/earthjustice-endangerment-finding-statement; https://oag.ca.gov/news/press-releases/california-attorney-general-rob-bonta-denounces-epa%E2%80%99s-rescission-greenhouse-0.

[3] *See* Statements of Issues (Mar. 20, 2026; Mar. 23, 2026; Mar. 25, 2026; Mar. 27, 2026; Apr. 13, 2026; Apr. 16, 2026; May 13, 2026; May 18, 2026).

EPA's proposal allows ample time for these tasks: It has opening briefs due in early January 2027, two months from now. Petitioners have known since at least February 18, 2026, when the rule was finalized, that they will need to draft those briefs. Many of them filed suit that day and trumpeted their readiness to litigate. *See, e.g.*, NRDC press release (Feb. 18, 2026) ("we're prepared to take this fight to court").[4] EPA's proposal in effect gives Petitioners, represented by an army of lawyers, almost a year to draft their opening briefs. It is not a big ask.

At the same time, the proposal gives EPA 60 days for its brief. Here, that time would allow the brief to undergo the necessary review and approval at the Justice Department and EPA. EPA's proposal also gives Petitioners four weeks to reply to EPA's brief (and three weeks to reply to Respondent-Intervenors' briefs). That interval, about half of the time for opening briefs, is in line with Federal Rule of Appellate Procedure 31(a).

By contrast, Petitioners' proposal would delay judicial resolution. Because that proposal allows briefing to go on until mid-July, the earliest that the Court can even hear argument is September 2027—over a year and a half after the first petition was filed. That plan would prolong Petitioners' pattern of delay: After their initial rush to sue EPA, they have tried to slow-walk each step of the

[4] *Available at* https://www.nrdc.org/press-releases/nrdc-coalition-sue-endangerment-rollback-climate-protections. *See also supra* n. 2.

litigation, including dragging out motions practice by moving for abeyance two months after the procedural-motions deadline. *See* EPA's Opp. to Abeyance Mot. 6-7 (Aug. 10, 2026) (detailing Petitioners' delay tactics). This Court rightly denied the abeyance motion and ordered briefing proposals. Order (Oct. 5, 2026). It should reject Petitioners' schedule and adopt EPA's.

*Briefing format*

EPA proposes a total of 21,000 words for the opening briefs and 21,000 words for its response brief.[5]

The proposal recognizes that this case is not a run-of-the-mill dispute and thus warrants more than the usual 13,000 words. *See* Fed. R. App. P. 32(a)(7). But the dispute is not so complex—there are at most four sets of issues—as to warrant the book-length briefing that Petitioners urge: Their proposal, which gives 52,000 words to opening briefs, would allow over 170,000 words for the parties' briefs—or some 750 pages.

In litigation, counsel most effectively advocate for their clients by "winnowing out weaker arguments" and focusing on "at most…a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). That is because "the strongest

---

[5] The proposed limits for intervenor briefs and replies are calculated using the same ratios (70 percent and 50 percent of the word limit for the principal briefs) as those used by local and federal rules. *See* D.C. Cir. R. 32(e)(2)(B); Fed. R. App. P. 32(a)(7)(B)(ii).

briefs seldom contain the greatest number of arguments but rather exemplify restraint by selecting and developing the arguments most likely to prevail." *Scale AI, Inc. v. United States*, 182 Fed. Cl. 524, 529 (Fed. Cl. 2026) (citing cases); *see Jones*, 463 U.S. at 752 ("Most cases present only one, two, or three significant questions. Usually, if you cannot win on a few major points, the others are not likely to help" (internal ellipses omitted)).

It is thus counsel's job to choose their issues judiciously and edit their writing ruthlessly—not to make everyone slog through 750 pages of briefs. For example, having lost on their stay motion, the Venner Petitioners might rethink whether religious freedom and substantive due process are likely to win this Clean Air Act case for them. Order (Oct. 5, 2026). Other Petitioners, having had a few more months to craft and fine-tune their statutory and technical arguments, might ask whether it is still worth their while (or the Court's) to supplement the record with sundry documents like an earlier version of the Response to Comments.

The last three challenges to vehicle greenhouse-gas rules raised the same sort of issues at the heart of this dispute: statutory authority and technical analyses.[6] In all those cases, this Court ordered the same word limit as what EPA proposes here, even in the face of a joint request for more words:

---

[6] *See, e.g.*, Initial Br. for Private Petitioners 4-5 (Sept. 6, 2024) and Initial Br. for State Petitioners 3 (Sept. 6, 2024), *Kentucky v. EPA*, No. 24-1087.

- 21,000 words total for opening briefs (and rejecting parties' joint request for 26,000 words). Order, *Kentucky v. EPA*, No. 24-1087 (July 17, 2024); *see* Joint Proposed Br. Schedule & Format (July 3, 2024).
- 21,000 words total for opening briefs. Order, *Nebraska v. EPA*, No. 24-1129 (Sept. 3, 2024).
- 21,000 words total for opening briefs. Order, *Texas v. EPA*, No. 22-1031 (Sept. 22, 2022).

Nor should each set of Petitioners—all aligned with each other—get its own full-length brief. This Court looks on repetitious submissions with "extreme disfavor" and, when appropriate, will order aligned parties to file a joint brief capped at 13,000 words. *E.g.*, Order (Oct. 5, 2026). Even when petitioners are not aligned—even when industry and environmental groups challenge the same rule from opposite ends—the Court regularly says no to full-length briefs:

- 22,000 words total for up to three opening briefs (and rejecting requests for 26,000 words and another petitioner's request for a full-length brief). Order, *Heating, Air Conditioning & Refrigeration Distribs. Int'l v. EPA*, No. 26-1168 (Sept. 15, 2026).[7]
- 20,000 words total for two opening briefs (and rejecting parties' request for 26,000 words). Order, *Ironbound Community Corp. v. EPA*, No. 26-1113 (Oct. 13, 2026); *see* Joint Proposal for Br. Format & Schedule (Aug. 10, 2026).
- 22,000 words total for up to two opening briefs (and rejecting petitioners' request for 26,000 words). Order, *Cal. Communities Against Toxics v. EPA*,

[7] *See* Mot. to Expedite Consideration of Petitions for Review (Aug. 18, 2026); Alta Petitioners' Opp. to AHRI Petitioners' Mot. to Expedite (Aug. 24, 2026); NRDC and State and Local Gov't Petitioners' Joint Opp. to Mot. to Expedite (Aug. 28, 2026).

No. 24-1178 (Sept. 4, 2024); *see* Joint Mot. to Set Br. Format & Schedule (Aug. 16, 2024).

- 18,200 words total for two opening briefs (and rejecting parties' request for 26,000 words). Order, *Am. Petroleum Inst. v. U.S. Dep't of Interior*, No. 24-1023 (May 24, 2024); *see* Joint Proposed Br. Format & Schedule (May 13, 2024).

At the very least, Petitioners should not get more words per brief than the non-aligned parties in these examples.

To be sure, this Court has allowed opening briefs closer to the word count that Petitioners propose. But those cases, which tend to be older, are the exceptions. And unlike here, they involved non-aligned petitioners or more complex issues. For example, in *Competitive Enterprise Institute v. NHTSA*, No. 20-1145, this Court allowed non-aligned parties 57,600 words in a challenge to a joint rule by two agencies establishing two sets of vehicle regulations under two different statutes. 85 Fed. Reg. 24174 (Apr. 30, 2020). Those words, moreover, had to be split among five briefs. Order (Oct. 19, 2020). As another example, in *American Lung Association v. EPA*, No. 19-1140, a challenge to an EPA power-plant rule, the Court gave four sets of non-aligned petitioners 52,800 words, to be shared among seven briefs—or about 7,500 words per brief. Order (Jan. 31, 2020).[8]

[8] *See also* Order, *West Virginia v. EPA*, No. 24-1120 (Aug. 9, 2024) (allowing 32,000 words for three briefs in challenge to a bundled rulemaking raising complex technical issues about two types of emission controls for power plants, their

These examples, in short, fall far afield from the facts here. If anything, they confirm the unreasonableness of Petitioners' request for four full-length briefs, totaling 52,000 words, for aligned parties.

The Court should reject Petitioners' attempt to burden it with every argument that occurs to them. It should instead promote disciplined and effective briefing by adopting EPA's proposal. If the Court were to allow more words, it should preserve the overall time, structure, and relative ratio of word count reflected in EPA's proposal.

**Respondent-Intervenors' justification for their proposal**

Respondent-Intervenors join EPA's justification and proposal in full. To begin, this dispute should be resolved promptly. Development timelines for automakers stretch over years, requiring changes to start now. Meanwhile, Petitioners have told the Court that the rule endangers public health and urged the Court to act quickly. And the States and other parties have lived in a continuous state of uncertainty as the various iterations of these rules have been caught in a legal limbo.

---

associated emission standards, and their application across several kinds of sources); 89 Fed. Reg. 39798 (May 9, 2024); Order, *West Virginia v. EPA*, No. 15-1363 (Jan. 28, 2016) (allowing 42,000 words for two briefs in challenge to EPA's Clean Power Plan, which raised complex technical issues about methodology for setting power-plant standards, the standards themselves, and their implementation); 80 Fed. Reg. 64662 (Oct. 23, 2015).

Respondent-Intervenors also respectfully request that the Court's word limit for Respondent-Intervenor briefs be in proportion to the words ordinarily allocated under D.C. Circuit Rule 32(e)(2) so that Respondent-Intervenors have a fair and full opportunity to respond to the arguments raised by Petitioners. For example, if the Court allows Petitioners 52,000 words for opening briefs in total, Respondent-Intervenors respectfully request that the Court allow 36,400 words (70%) total for Respondent-Intervenor briefs.

Respondent-Intervenors also respectfully request that the Court allow the filing of no more than three Respondent-Intervenor briefs. Respondent-Intervenors consist of sovereign states, an association of truck manufacturers, an association of truck owners and operators, associations of fuel producers and/or fuel marketers, a petroleum products distributing company, a mining and natural resource company, general business associations, an association of construction contractors, a tomato processing company, and non-profits. D.C. Circuit Rule 28(d)(4) already anticipates that the States would file a separate brief. And given the private coalition's diversity and the different stakeholder interests involved, Respondent-Intervenors anticipate that differences in legal strategy may require the filing of three separate briefs. Because every brief would draw from a single word limit, the division would add nothing to the Court's reading. Accordingly, although Respondent-Intervenors will endeavor to reduce the number of briefs, Respondent-

Intervenors respectfully request that the Court allow up to three Respondent-Intervenor briefs

* * *

The Court should adopt EPA's and Respondent-Intervenors' proposal.

Submitted on November 4, 2026

Adam R.F. Gustafson
*Principal Deputy Assistant Attorney General*

Robert N. Stander
*Deputy Assistant Attorney General*

*/s/ Sue Chen*
Sue Chen
Daniel J. Martin
U.S. Department of Justice
Energy & Natural Resources Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530
(202) 717-7067 (Stander)
(202) 598-5334 (Chen)
(202) 598-1869 (Martin)
robert.stander@usdoj.gov
sue.chen@usdoj.gov
daniel.martin3@usdoj.gov

*Counsel for EPA*

RUSSELL COLEMAN
ATTORNEY GENERAL

/s/ Matthew F. Kuhn
Matthew F. Kuhn
*Solicitor General*
Office of the Kentucky

JOHN B. MCCUSKEY
ATTORNEY GENERAL

/s/ Michael R. Williams
Michael R. Williams
*Solicitor General*
Caleb B. David

Attorney General
700 Capital Avenue
Suite 118
Frankfort, KY 40601
(502) 696-5300
Matt.Kuhn@ky.gov

*Counsel for Commonwealth of Kentucky*

*Deputy Solicitor General*
Mattie F. Shuler
*Assistant Solicitor General*
West Virginia Attorney
General's Office
1900 Kanawha Blvd. E
Bldg. 1 Rm. 26E
Charleston, WV 25305
(304) 558-2021
Michael.R.Williams@wvago.gov
Caleb.B.David@wvago.gov

*Counsel for State of West Virginia*

STEVE MARSHALL
ATTORNEY GENERAL OF ALABAMA

/s/ A. Barrett Bowdre
A. Barrett Bowdre
*Solicitor General*

State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36130
(334) 242-7300
Barrett.Bowdre@AlabamaAG.gov

*Counsel for State of Alabama*

CORI MILLS
ACTING ATTORNEY GENERAL
OF ALASKA

/s/ Jenna M. Lorence
Jenna M. Lorence
*Solicitor General*

State of Alaska
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501
(907) 269-5100
jenna.lorence@alaska.gov

*Counsel for State of Alaska*

TIM GRIFFIN
ATTORNEY GENERAL OF ARKANSAS

/s/ Noah P. Watson
Noah P. Watson
*Deputy Solicitor General*

Office of the Arkansas Attorney
General
101 West Capitol Avenue
Little Rock, Arkansas 72201
(501) 682-2700
noah.watson@arkansasag.gov

*Counsel for State of Arkansas*

JAMES UTHMEIER
ATTORNEY GENERAL OF FLORIDA

/s/ David Dewhirst
David Dewhirst
*Solicitor General*

State of Florida
Office of the Attorney General
PL-01, The Capitol
Tallahassee, FL 32399-1050
(850) 414-3300
david.dewhirst@myfloridalegal.com

*Counsel for State of Florida*

CHRISTOPHER M. CARR
ATTORNEY GENERAL OF GEORGIA

/s/ John Henry Thompson
John Henry Thompson
*Solicitor General*

Georgia Department of Law
40 Capitol Square, SW
Atlanta, Georgia 30334
(404) 458-3373
jhthompson@law.ga.gov

*Counsel for State of Georgia*

RAÚL R. LABRADOR
ATTORNEY GENERAL OF IDAHO

/s/ Michael A. Zarian
Michael A. Zarian
*Solicitor General*

Office of the Idaho Attorney General
700 W. Jefferson St., Suite 210,
Boise, Idaho 83720
(208) 334-2400
michael.zarian@ag.idaho.gov

*Counsel for State of Idaho*

THEODORE E. ROKITA
ATTORNEY GENERAL OF INDIANA

/s/ James A. Barta
James A. Barta
*Solicitor General*

Office of the Indiana Attorney General
IGC South, Fifth Floor
302 W. Washington Street
Indianapolis, IN 46204
(317) 232-0709
James.Barta@atg.in.gov

*Counsel for State of Indiana*

BRENNA BIRD
ATTORNEY GENERAL OF IOWA

/s/ Eric H. Wessan
Eric H. Wessan
*Solicitor General*

1305 E. Walnut Street
Des Moines, Iowa 50319
(515) 823-9117
(515) 281-4209 (fax)
eric.wessan@ag.iowa.gov

*Counsel for State of Iowa*

KRIS W. KOBACH
ATTORNEY GENERAL OF KANSAS

/s/ Dwight R. Carswell
Dwight R. Carswell
*Deputy Solicitor General*

Office of the Kansas
Attorney General
120 SW 10th Ave., 2nd Floor
Topeka, KS 66612
(785) 268-8410
dwight.carswell@ag.ks.gov

*Counsel for State of Kansas*

LIZ MURRILL
ATTORNEY GENERAL OF LOUISIANA

/s/ J. Benjamin Aguiñaga
J. Benjamin Aguiñaga
*Solicitor General*

Louisiana Department of Justice
1885 N. Third Street
Baton Rouge, LA 70804
(225) 326-6766
AguinagaB@ag.louisiana.gov

*Counsel for State of Louisiana*

CATHERINE HANAWAY
ATTORNEY GENERAL OF MISSOURI

/s/ Louis J. Capozzi III
Louis J. Capozzi III, #77756 (MO)
*Solicitor General*
William James Seidleck, #77794 (MO)
*Principal Deputy Solicitor General*

Office of the Attorney General
Old Post Office Building
815 Olive Street, Suite 200
St. Louis, MO 63101
(573) 645-9662
Louis.Capozzi@ago.mo.gov
William.Seidleck@ago.mo.gov

*Counsel for State of Missouri*

LYNN FITCH
ATTORNEY GENERAL OF MISSISSIPPI

/s/ Justin L. Matheny
Justin L. Matheny
*Deputy Solicitor General*

Mississippi Attorney General's Office
P.O. Box 220
Jackson, MS 39205-0220
(601) 359-3680
justin.matheny@ago.ms.gov

*Counsel for State of Mississippi*

AUSTIN KNUDSEN
ATTORNEY GENERAL OF MONTANA

/s/ Christian B. Corrigan
Christian B. Corrigan
*Solicitor General*

Montana Department
Of Justice
215 N Sanders
Helena, MT 59602
(406) 444-2026
christian.corrigan@mt.gov

*Counsel for State of Montana*

MICHAEL T. HILGERS
ATTORNEY GENERAL OF NEBRASKA

/s/ Zachary B. Pohlman
Zachary B. Pohlman
*Deputy Solicitor General*

Nebraska Department of Justice
2115 State Capitol
Lincoln, Nebraska 68509
(402) 471-2683
(402) 471-3297 (fax)
zachary.pohlman@nebraska.gov

*Counsel for State of Nebraska*

DREW H. WRIGLEY
ATTORNEY GENERAL OF
NORTH DAKOTA

/s/ Philip Axt
Philip Axt
*Solicitor General*

North Dakota Attorney General's
Office
600 E. Boulevard Ave., Dept. 125
Bismarck, ND 58505
(701) 328-2210
pjaxt@nd.gov

*Counsel for State of North Dakota*

D. ANDREW WILSON
ATTORNEY GENERAL OF OHIO

/s/ Mathura J. Sridharan
Mathura J. Sridharan
*Solicitor General*
John F. Kerkhoff
*Deputy Solicitor General*

30 East Broad Street, 17th Floor
Columbus, Ohio 43215
(614) 466-8980
Mathura.Sridharan@OhioAGO.gov

*Counsel for State of Ohio*

GENTNER F. DRUMMOND
ATTORNEY GENERAL OF OKLAHOMA

/s/ Garry M. Gaskins II
Garry M. Gaskins II
*Solicitor General*

Oklahoma Office of the Attorney General
313 NE Twenty-First St.
Oklahoma City, OK 73105
(405) 521-3921
Garry.Gaskins@oag.ok.gov

*Counsel for State of Oklahoma*

ALAN WILSON
ATTORNEY GENERAL OF SOUTH CAROLINA

/s/ J. Emory Smith, Jr.
J. Emory Smith, Jr.
*General Counsel*

Office of the Attorney General
PO Box 11549
Columbia, South Carolina 29211
(803) 734-3642
(803) 734-3677 (fax)
esmith@scag.gov

*Counsel for State of South Carolina*

MARTY J. JACKLEY
ATTORNEY GENERAL OF SOUTH DAKOTA

/s/ Emily Greco
Emily Greco
*Assistant Attorney General*

South Dakota Office of the Attorney General
1302 East SD Highway 1889, Suite 1
Pierre, SD 57501-8501
(605) 773-3215
emily.greco@state.sd.us

*Counsel for State of South Dakota*

JONATHAN SKRMETTI
ATTORNEY GENERAL AND REPORTER OF TENNESSEE

/s/ Madeline Clark
Madeline Clark
*Solicitor General*

Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202
(615) 532-6026
madeline.clark@ag.tn.gov

*Counsel for State of Tennessee*

KEN PAXTON
ATTORNEY GENERAL OF TEXAS

Brent Webster
*First Assistant Attorney General*
Ralph Molina
*Deputy First Assistant Attorney General*
Austin Kinghorn
*Deputy Attorney General for Civil Litigation*
Kellie Billings-Ray
*Chief, Environmental Protection Division*

/s/ Wesley S. Williams
Wesley S. Williams
*Assistant Attorney General*
Texas Bar No. 24108009

Office of the Attorney General
Environmental Protection Division
P.O. Box 12548 (MC-066)
Austin, Texas 78711-2548
(512) 463-2012
(512) 320-0911 (fax)
Wesley.Williams@oag.texas.gov

*Counsel for State of Texas*

DEREK BROWN
ATTORNEY GENERAL OF UTAH

/s/ Stanford Purser
Stanford Purser
*Solicitor General*

Office of the Utah Attorney General
160 E. 300 S., 5th floor
Salt Lake City, Utah 84111
801-366-0533
spurser@agutah.gov

*Counsel for State of Utah*

KEITH G. KAUTZ
ATTORNEY GENERAL OF WYOMING

/s/ D. David DeWald
D. David DeWald
*Deputy Attorney General*

Office of the Attorney General of Wyoming
109 State Capitol
Cheyenne, WY 82002
(307) 777-7895
david.dewald@wyo.gov

*Counsel for State of Wyoming*

*/s/ Daniel J. Feith*
Daniel J. Feith
Justin A. Savage
Kathleen Mueller
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, D.C. 20005
Tel.: (202) 736-8000
Facsimile: (202) 736-8711
dfeith@sidley.com
jsavage@sidley.com
kmueller@sidley.com

*Counsel for American Fuel and Petrochemical Manufacturers and Energy Marketers of America*

*/s/ Paul D. Clement*
Paul D. Clement
Danielle Sassoon
Nicholas A. Aquart
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
Tel.: (202) 742-8900
paul.clement@clementmurphy.com

*Counsel for American Petroleum Institute*

*/s/ James R. Conde*
Michael Buschbacher
James R. Conde
Laura B. Ruppalt
BOYDEN GRAY PLLC
800 Connecticut Avenue, NW
Suite 900
Washington, D.C. 20006
Tel.: (202) 955-0620
mbuschbacher@boydengray.com
jconde@boydengray.com
lruppalt@boydengray.com

*Counsel for American Free Enterprise Chamber of Commerce, National Federation of Independent Business, Inc., and the Illinois, Iowa, Kentucky, Missouri, North Dakota, and Tennessee Corn Growers Associations*

*/s/ Brinton Lucas*
Brinton Lucas
JONES DAY
51 Louisiana Avenue, NW
Washington, D.C. 20001
Tel.: (202) 879-3686
blucas@jonesday.com

S. Matthew Krsacok
JONES DAY
150 West Jefferson
Suite 2100
Detroit, MI 48226
Tel.: (313) 230-7923
mkrsacok@jonesday.com

/s/ Andrew M. Grossman
Andrew M. Grossman
Mark W. DeLaquil
BAKER & HOSTETLER LLP
1717 K St., N.W.
Suite 800
Washington, D.C. 20036
Tel.: (202) 861-1697
agrossman@bakerlaw.com

*Counsel for $CO_2$ Coalition*

/s/ Theodore Hadzi-Antich
Robert Henneke
rhenneke@texaspolicy.com
Chance Weldon
cweldon@texaspolicy.com
Theodore Hadzi-Antich
tha@texaspolicy.com
Laura Elizabeth King Latimer
lblatimer@texaspolicy.com
TEXAS PUBLIC POLICY FOUNDATION
901 Congress Avenue
Austin, Texas 78701
Tel.: (512) 472-2700

*Counsel for Construction Industry Air Quality Coalition, Inc.; Liberty Packing Company, LLC; Nuckles Oil Company, Inc. dba Merit Oil Company; and Western States Trucking Association, Inc.*

Jeffery D. Ubersax
KUSHNER & HAMED CO., LPA
6105 Parkland Boulevard
Suite 140
Mayfield Heights, OH 44121
Tel.: (216) 696-6700
jdubersax@kushnerhamed.com

*Counsel for NACCO Natural Resources Corporation*

/s/ William L. Wehrum
William L. Wehrum, Jr.
ENVIRONMENTAL LAW, LLC
1629 K Street, NW
Suite 300
Washington, D.C. 20006
Tel.: (302) 300-0388

/s/ Timothy A. French
Timothy A. French
CHICAGO LAW PARTNERS, LLC
333 West Wacker Drive
Suite 810
Chicago, IL 60606
Tel.: (312) 929-1954
tfrench@clpchicago.com

*Counsel for Truck and Engine Manufacturers Association*

*<u>/s/ Frank D. Garrison</u>*
Frank D. Garrison
fgarrison@pacificlegal.org
Tyler S. Fry
tfry@pacificlegal.org
PACIFIC LEGAL FOUNDATION
3100 Clarendon Boulevard,
Suite 1000
Arlington, VA 22201
Tel.: (202) 888-6881

*<u>/s/ Ondray T. Harris</u>*
Ondray T. Harris
ondray.harris@cei.org
Soriya R. Chhe
soriya.chhe@cei.org
Marin Murdock
marin.murdock@cei.org
COMPETITIVE ENTERPRISE
INSTITUTE
1310 L Street NW,
7th FL
Washington, D.C. 20005
Tel.: (202) 331-1010

*Counsel for Domestic Energy Producers Alliance*

**Certificates of Compliance and Service**

I certify that this filing complies with Fed. R. App. P. 27(d)(1)(E) because it uses 14-point Times New Roman, a proportionally spaced font.

I also certify that this filing complies with Fed. R. App. P. 27(d)(2)(A), because by Microsoft Word's count, it has 2,141 words, excluding the parts exempted under Fed. R. App. P. 32(f).

Finally, I certify that on November 4, 2026, I filed the foregoing with the Court's CMS/ECF system, which will notify each party.

*/s/ Sue Chen*